# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

GEORGE E. JACOBS, IV,

                   Plaintiff,

     v.

W. J. SULLIVAN, et al.,

                 Defendants.

_____/

CASE NO. 1:05-cv-01625-LJO-SMS PC

ORDER STAYING ACTION AS TO DEFENDANT CROTTY PURSUANT TO 11 U.S.C. § 362(a)

(ECF No. 56)

ORDER DENYING PLAINTIFF'S MOTION TO PRESERVE EVIDENCE

(ECF No. 55)

## I.    Procedural History

Plaintiff George E. Jacobs, IV, is a state prisoner proceeding pro se and in forma pauperis, in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the third amended complaint, filed May 5, 2010, against Defendants Watson, Chan, McGregor, Blankenship, Crotty, Granillo, Nelson, Carrasco, Johnson, Jobb, Adams, and Alexander for a violation of the Eighth Amendment.  On May 9, 2011, Plaintiff filed a motion to preserve evidence.  (ECF No. 55.) On June 15, 2011, a request was filed to stay the action as to Defendant Crotty pursuant to 11 U.S.C. § 362(a).  (ECF No. 56.)

## II.    Motion to Preserve Evidence

Plaintiff has filed a motion seeking a court order prohibiting Defendants from destroying videotapes and photographs pertaining to the incident of excessive force set forth in the complaint and requesting sanctions of $25,000 for each videotape that is lost or destroyed.

"Litigants owe an uncompromising duty to preserve what they know or reasonably should

1

know will be relevant evidence in a pending lawsuit, or one in the offing . . . ." JUDGE WILLIAM W. SCHWARZER ET AL., FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 11:125 (2004) (internal quotations and citations omitted); see also Leon v. Sys. Corp., 464 F.3d 951, 959 (9th Cir. 2006). This obligation, backed by the court's power to impose sanctions for the destruction of such evidence, Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991), is sufficient in most cases to secure the preservation of relevant evidence.

Before the court orders additional measures to preserve evidence, there must be some showing that there is a reason to be concerned that potentially relevant evidence will not be preserved and that the opposing party may be harmed as a result. Jardin v. Datallegro, Inc., No. 08-cv-1462-IEG-RBB, 2008 WL 4104473, *1 (S.D.Cal. Sept. 3, 2008). Given the duty to preserve evidence and the absence of any showing by Plaintiff that there is reason for the Court to be concerned about the destruction of any evidence, Plaintiff's motion shall be denied. The Court declines to presume that Defendants will destroy evidence and Plaintiff has provided no evidence that the videotapes or photographs are in danger of being destroyed.

**III.  Motion to Stay Proceeding**

Defendant Crotty filed a bankruptcy petition on May 2, 2011. Pursuant to Section 362(a) all actions against a defendant who has filed a bankruptcy petition are automatically stayed once the petition is filed. Sternberg v. Johnston, 559 F.3d 937, 943 (9th Cir. 2010). Therefore, this action has been stayed pending resolution of Defendant's bankruptcy proceedings.

**IV.  Order**

Accordingly, it is HEREBY ORDERED that:

1.    This action is stayed as to Defendant Crotty pursuant to 11 U.S.C. § 362(a); and

2.    Plaintiff's motion to preserve evidence, filed May 9, 2011, is DENIED.

IT IS SO ORDERED.

**Dated:   June 22, 2011**                     **/s/ Sandra M. Snyder**
                                  UNITED STATES MAGISTRATE JUDGE