# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS, IV,<br><br>            Plaintiff,<br><br>    v.<br><br>W. J. SULLIVAN, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:05-cv-01625-LJO-SMS PC<br><br>ORDER ADDRESSING PLAINTIFF'S OPPOSITION TO NOTICE OF STAY<br><br>(ECF No. 59) |

Plaintiff George E. Jacobs, IV, is a state prisoner proceeding pro se and in forma pauperis, in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the third amended complaint, filed May 5, 2010, against Defendants Watson, Chan, McGregor, Blankenship, Crotty, Granillo, Nelson, Carrasco, Johnson, Jobb, Adams, and Alexander for a violation of the Eighth Amendment. On June 15, 2011, a notice of stay of proceedings was filed by Defendant Crotty. (ECF No. 56.) An order issued on June 23, 2011, informing the parties this action had been stayed, as to Defendant Crotty, pursuant to 11 U.S.C. § 362(a). On June 30, 2011, Plaintiff filed an opposition to the notice.

Plaintiff argues that pursuant to Federal Rule of Civil Procedure 62(b), the court can only stay the final judgment in this action and it is outside the Court's jurisdiction to stay this action based on the bankruptcy court proceedings. Plaintiff requests that the stay be denied.

The scope of 11 U.S.C. § 362(a)(2) is broad and the automatic stay applies to almost every type of formal or informal action against the party filing a bankruptcy petition. In re Plumberex

1

1  Specialty Products, Inc., 311 B.R. 551, 556 n.8 (Bankr.C.D.Cal. 2004).  Plaintiff is partially correct
2  that this court lacks jurisdiction because once Defendant Crotty filed his bankruptcy petition this
3  action was automatically stayed pursuant to Section 362(a).  Sternberg v. Johnston, 559 F.3d 937,
4  943 (9th Cir. 2010); In re American West Airlines, 148 B.R. 920, 922 (Bankr.D.Ariz. 1993).  This
5  court cannot deny the stay.  While a party may be granted relief from the stay for cause, 11 U.S.C.
6  § 362(d)(1), the decision to grant relief is within the broad discretion of the bankruptcy court, In re
7  Plumberex, 311 B.R. at 558.

9  IT IS SO ORDERED.
10 **Dated:   July 1, 2011**                                  /s/ Sandra M. Snyder
                                                                     UNITED STATES MAGISTRATE JUDGE

2