# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS IV, | 1:05-cv-01625-LJO-GSA-PC |
| Plaintiff, | ORDER GRANTING MOTION FOR RECONSIDERATION AND RESOLVING DEFENDANTS' MOTION FOR A NEW SCHEDULING ORDER |
| v. | (Docs. 77, 82.) |
| W. J. SULLIVAN, et al., | |
| Defendants. | ORDER EXTENDING DEADLINES FOR ALL PARTIES TO THIS ACTION: |
| | New Discovery Cut-Off Date:     03-05-2012 |
| / | New Dispositive Motion Deadline:  06-29-2012 |

## I.    BACKGROUND

Plaintiff George E. Jacobs IV ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action now proceeds on the Third Amended Complaint filed by Plaintiff on May 5, 2010. (Doc. 29.) The Court issued a scheduling order on March 15, 2011, establishing a deadline of November 15, 2011 for the parties to complete discovery, including motions to compel, and a deadline of January 23, 2012 for the parties to file pretrial dispositive motions. (Doc. 44.) On October 3, 2011, Plaintiff filed a motion for extension of the discovery deadline, and the motion was denied by the Court on October 25, 2011. (Docs. 72, 74.) On November 14, 2011, Plaintiff filed a motion for reconsideration of the October 25, 2011 order. (Doc. 77.) On December 1, 2011, Defendants filed an opposition to

1 Plaintiff's motion for reconsideration. (Doc. 79.) On December 16, 2011, Plaintiff filed a reply to
2 the opposition. (Doc. 81.) On January 18, 2012, Defendants filed a motion for a new scheduling
3 order. (Doc. 82.)

4     Plaintiff's motion for reconsideration is now before the Court.

5 **II.    MOTION FOR RECONSIDERATION**

6     Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies
7 relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice
8 and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d
9 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must
10 demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks
11 and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff
12 to show "what new or different facts or circumstances are claimed to exist which did not exist or
13 were not shown upon such prior motion, or what other grounds exist for the motion."

14     "A motion for reconsideration should not be granted, absent highly unusual circumstances,
15 unless the district court is presented with newly discovered evidence, committed clear error, or if
16 there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma
17 GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted,
18 and "[a] party seeking reconsideration must show more than a disagreement with the Court's
19 decision, and recapitulation . . . " of that which was already considered by the Court in rendering its
20 decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

21     Plaintiff moves the Court for reconsideration of the Court's order of October 25, 2011, which
22 denied Plaintiff's motion for extension of the discovery deadline in this action. Plaintiff asserts that
23 in deciding the motion, the Court failed to consider Plaintiff's reply to Defendants' opposition, which
24 he submitted to the Court on October 16, 2011. Plaintiff contends that the Court incorrectly stated
25 in its order that Plaintiff failed to file a reply. Plaintiff has submitted a copy of the reply as evidence.
26 (Motion, Doc. 77, Exh. A.)

27     In opposition, Defendants argue that the Court did not err in denying Plaintiff's motion to
28 extend discovery, because even if Plaintiff's reply had been before the Court, no good cause exists

to grant the extension. Defendants argue that Plaintiff's argument that he was unable to access the law library to complete discovery is unpersuasive. Defendants maintain that Plaintiff has presented no evidence that the library was closed or that Plaintiff did not have access to library materials or resources. Defendants also argue that Plaintiff has not stated what discovery is in dispute, how the disputed discovery is relevant and pertinent to this claims, how he will be prejudiced if not permitted to file discovery motions, or what additional discovery Plaintiff seeks to propound.

Plaintiff replies that he does not intend to file more discovery requests, but only seeks to file a motion to compel for non-responses by Defendants. Plaintiff contends that he could not file the motion to compel earlier because he was awaiting responses by Defendant. Plaintiff also reiterates his argument that he did not have adequate access to the law library to participate in discovery. Plaintiff presents evidence that the law librarian was out sick most days from the end of August until the beginning of November 2011. (Reply, Doc. 81, Exh. A.)

Good cause exists for reconsideration of the Court's order. There is no evidence on the court's record that the Court received or filed the reply Plaintiff claims he submitted on October 11, 2011. However, the record shows that even with due diligence, Plaintiff could not have completed discovery, including motions to compel, before the expiration of the November 15, 2011 discovery deadline. On November 2, 2011, Defendants filed a motion for a thirty-day extension of time to respond to Plaintiff's discovery requests, which was granted by the Court November 10, 2011. (Docs. 75, 76.) On November 29, 2011, Defendants filed a motion for an additional twenty-one day extension of time to respond to Plaintiff's discovery, which was granted by the Court on December 1, 2011. (Docs. 78, 80.) Thus, the Court permitted Defendants to complete their discovery responses *after* the discovery deadline. Because of Defendants' extensions of time, it was impossible for Plaintiff to submit a timely motion to compel concerning Defendants' responses.

In light of these facts, the Court shall grant Plaintiff's motion for reconsideration. The Court now finds that Plaintiff's motion for extension of the discovery deadline, filed on October 3, 2011, should be granted, for the limited purpose of allowing Plaintiff to file a motion to compel. The deadline for the parties to file pretrial dispositive motions shall also be extended, resolving Defendants' motion for a new scheduling order.

III. **CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on November 14, 2011, is GRANTED;
2. Plaintiff's motion to extend the discovery deadline for this action, filed on October 3, 2011, is GRANTED;
3. The discovery deadline for this action, formerly November 15, 2011, is extended to **March 5, 2012,** for the limited purpose of allowing Plaintiff to file a motion to compel, as discussed in this order;
4. The deadline for serving and filing pre-trial dispositive motions, formerly January 23, 2012, is extended to **June 29, 2012,** for all parties to this action; and
5. This order resolves Defendants' motion for a new scheduling order, filed on January 18, 2012.

IT IS SO ORDERED.

Dated:   **January 23, 2012**              /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE