IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS IV, | 1:05-cv-01625-LJO-GSA (PC) |
| Plaintiff, | ORDER GRANTING EXTENSION OF DEADLINE FOR ALL PARTIES TO FILE DISPOSITIVE MOTIONS (Doc. 103.) |
| vs. | |
| W. J. SULLIVAN, et al., | New Dispositive Motions Deadline: 09-29-2012 |
| Defendants. | |

**I.      BACKGROUND**

Plaintiff George E. Jacobs IV ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action now proceeds on the Third Amended Complaint filed by Plaintiff on May 5, 2010. (Doc. 29.) The Court issued a scheduling order on January 23, 2012, establishing a deadline of March 3, 2012 for the parties to complete discovery, including motions to compel, and a deadline of June 29, 2012 for the parties to file pretrial dispositive motions. (Doc. 83.) On June 25, 2012, Defendants filed a motion to vacate the dispositive motions deadline, or in the alternative, to extend the dispositive motions deadline for ninety days. (Doc. 103.) Defendants' motion is now before the Court.

///

1

## II. MOTION TO MODIFY SCHEDULING ORDER

Modification of the Court's scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. <u>Id.</u> The court may also consider the prejudice to the party opposing the modification. <u>Id.</u> If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. <u>Zivkovic v. Southern California Edison, Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendants request a stay of the deadline to file dispositive motions until after the Court has ruled on pending motions to compel. Defendants argue that it is more efficient to first resolve the discovery motions than to require the parties to file their dispositive motions by the current deadline, in order to avoid opposition under Federal Rule of Civil Procedure 56(d). In the alternative, defense counsel seeks a ninety-day extension of the deadline to complete Defendants' motion for summary judgment, on the ground that counsel's workload is heavy and more time is needed despite counsel's best efforts.

The Court finds that defense counsel has shown due diligence in attempting to complete and file Defendants' motion for summary judgment before the expiration of the discovery deadline established by the Court's scheduling order. The Court also finds that Defendants have presented good cause to extend the dispositive motions deadline for all parties to this action. Thus, Defendants' motion to extend the deadline for filing pretrial dispositive motions shall be granted.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to modify the Court's scheduling order of January 23, 2012 is GRANTED;

///

2. The deadline for filing and serving pretrial dispositive motions is extended from June 29, 2012 to **September 29, 2012**, for all parties to this action; and

3. All other provisions of the Court's January 23, 2012 scheduling order remain the same.

IT IS SO ORDERED.

Dated:   **June 26, 2012**                          /s/ **Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE