1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

11  GEORGE E. JACOBS IV,                     1:05-cv-01625-LJO-GSA-PC

12              Plaintiff,                    ORDER GRANTING IN PART PLAINTIFF'S
                                             MOTION TO COMPEL FURTHER
13                                           RESPONSES TO REQUEST FOR
        v.                                   ADMISSIONS SET ONE, AND DENYING
14                                           PLAINTIFF'S MOTION FOR SANCTIONS
    W. J. SULLIVAN, et al.,                  (Doc. 84.)
15
                                             ORDER FOR DEFENDANTS TO SERVE
16              Defendants.                  AMENDED RESPONSES TO PLAINTIFF'S
                                             REQUEST FOR ADMISSIONS SET ONE, AS
17                                           INSTRUCTED BY THIS ORDER, WITHIN
                                             FORTY-FIVE DAYS
18
    _____/
19

20  I.      BACKGROUND

21          Plaintiff George E. Jacobs IV ("Plaintiff") is a state prisoner proceeding pro se and in forma

22  pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action now proceeds with

23  the Third Amended Complaint filed by Plaintiff on May 5, 2010, on Plaintiff's Eighth Amendment

24  claims, against defendants D. Watson (correctional sergeant), P. Chan (correctional officer), S.

25  McGregor (correctional officer), D. Blankenship (correctional officer), M. Crotty[1] (correctional

26  officer), E. Granillo (correctional officer), C. Nelson (correctional officer), M. Carrasco (correctional

27  _____

28          [1]On June 23, 2011, Plaintiff's case against defendant Crotty was stayed pursuant to 11 U.S.C. §362(a)
    because defendant Crotty filed bankruptcy.  (Doc. 58.)  To date, the stay has not been lifted.

captain), R. Johnson (correctional lieutenant), and D. Jobb (correctional officer) for use of excessive force; and against defendants J. Adams aka Salazar (medical technical assistant), Ms. Alexander (registered nurse), Watson, and Granillo for failure to provide adequate medical care.[2] (Doc. 29.)

On January 23, 2012, the Court issued a scheduling order in this action, extending the discovery deadline to March 5, 2012, for the limited purpose of allowing Plaintiff to file a motion to compel. (Doc. 83.) On February 17, 2012, Plaintiff filed a motion to compel further responses by defendants Alexander, Blankenship, Carrasco, Chan, Granillo, Jobb, Johnson, McGregor, Nelson, Adams aka Salazar, and Watson ("Defendants") to Plaintiff's Request for Admissions Set One ("RFA"), and for sanctions. (Doc. 84.) On March 15, 2012, Defendants filed an opposition. (Doc. 94.) On June 8, 2012, Plaintiff filed a reply. (Doc. 102.) Plaintiff's motion to compel and for sanctions is now before the Court.

## II.    PLAINTIFF'S ALLEGATIONS[3]

Plaintiff alleges that he was transferred to CCI-Tehachapi from Lancaster State Prison. Plaintiff complains that the staff at CCI-Tehachapi immediately acted hostile toward Plaintiff because the staff at Lancaster State Prison informed them that Plaintiff was a "staff assaulter" and filed administrative grievances. (Third Amended Complaint ("3ACP"), Doc. 29 ¶ 22.)

Plaintiff claims that defendant D. Watson withheld Plaintiff's personal and legal property because of Plaintiff's reputation as a staff assaulter and grievance filer. Plaintiff filed a grievance about his property, but did not receive his property. Plaintiff told defendant D. Blankenship that he wanted to speak with higher authorities. Blankenship told Plaintiff that "today is not a good day to be doing this because the sergeant (defendant D. Watson) is not to be messed with!" (3ACP ¶ 25.) Later, Watson approached Plaintiff and berated him. Plaintiff asked to speak with a higher authority again, but Watson began making comments about Plaintiff "wanting to hurt himself" and began spraying Plaintiff with pepper spray. (3ACP ¶ 27.) Defendant P. Chan also joined in and sprayed

---

[2]On October 20, 2010, the Court dismissed all other claims from this action, based on Plaintiff's failure to state a claim. (Doc. 31.)

[3]This summary includes Plaintiff's allegations against Defendants in the Third Amended Complaint, upon which the Court based its finding that Plaintiff stated the cognizable claims upon which this case now proceeds. (See Court's Screening Order, Doc. 31.)

Plaintiff. Watson asked Plaintiff if he wanted to come out of the cell, but when Plaintiff approached the door, he was bombarded with more pepper spray. Defendant S. McGregor then opened the door from the control tower to allow Watson to directly spray Plaintiff. Watson asked Plaintiff if he was ready to exit and the cell door suddenly opened completely and a crowd of guards rushed in and attacked Plaintiff. Plaintiff claims that defendants Carrasco, Johnson, Jobb, Watson, and Chan were standing at the entrance of Plaintiff's cell watching defendants Blankenship, Crotty, Granillo, and Nelson "assault and batter Plaintiff in the form of using unnecessary use of force excessively." (3ACP ¶ 33.) Plaintiff was then shackled and taken to a cell outside the building. Plaintiff's clothes were cut off and he was sprayed with cold water. Plaintiff claims that the weather was particularly cold because it was in the middle of winter. Plaintiff was verbally abused by Watson while he was being hosed down.

Watson and Granillo then escorted Plaintiff to the dining hall and placed him in a holding cage and strip searched him, leaving him naked. Watson took out his pepper spray and shook it up while making sexually harassing remarks. Watson left and returned later to tell Plaintiff that his officers were injured and weapons were found in Plaintiff's cell. Plaintiff was then sprayed with pepper spray again. Watson then falsely reported that Plaintiff spat on Watson's face, to justify the use of pepper spray. Plaintiff claims that Granillo was present during the entire sequence of events but failed to intervene. Plaintiff alleges that Watson refused to summon medical attention unless Plaintiff agreed to exit the holding cage and allow Watson to wash off all the pepper spray to eliminate any evidence of misconduct. When Plaintiff pled for medical assistance, Watson went outside to get the hose and sprayed Plaintiff with water again. Plaintiff claims that D. Abarquez (not named as a defendant) then took photos of Plaintiff.

Plaintiff complains that Abarquez was responsible for collecting evidence of the incident but allowed Plaintiff's cell to remain unsecured for over an hour, thereby allowing the other defendants to enter and exit and plant false evidence in the cell. Plaintiff was later seen by defendant J. Adams and a "psych doctor." (3ACP ¶ 46.) Plaintiff complains that neither person did anything to have Plaintiff transported to the medical health care unit for treatment. Plaintiff complained about the burning sensation in his eyes and on his body, and told J. Adams that he was on eye medication and

1    needed his medication to alleviate the pain. Adams ignored Plaintiff and walked away. Plaintiff also

2    complains that defendant Alexander came by, but refused to offer any medical treatment. Hours

3    later, Watson told Plaintiff that he was being moved to the infirmary to be examined by a physician.

4    However, Plaintiff alleges that he was tricked and was not seen by a physician. Plaintiff alleges that

5    he was placed on suicide watch "in direct violation of his civil liberties." (3ACP ¶ 50.) Plaintiff

6    complains that while he was on suicide watch, he was "not provided with any of life's bare minimum

7    necessities" because he was fed via "two plastic bags filled with loose food." (3ACP ¶ 51.) Later,

8    D. Abarquez transferred Plaintiff to CSP-Corcoran. Plaintiff was told that he was being transferred

9    to receive medical care, but was instead placed on suicide watch at CSP-Corcoran. Plaintiff claims

10   that the entire incident was a conspiracy to place Plaintiff on suicide watch in response to Plaintiff's

11   exercise of his right to file administrative grievances complaining about the conduct of prison

12   guards. Plaintiff claims that Defendant John Doe #1 is a senior hearing official who served as the

13   adjudicator for the rules violation report that Plaintiff received as a result of the pepper spray

14   incident. John Doe #1 found Plaintiff guilty of battery on a peace officer with a deadly weapon.

15   Plaintiff claims that he was denied the right to call the defendants and all other pertinent eye

16   witnesses. Plaintiff also claims he was denied the right to present physical and documentary

17   evidence. Plaintiff was told that he would be found guilty regardless of any evidence that Plaintiff

18   presented in his defense.

19   **III.    PLAINTIFF'S CLAIMS**

20           **A.    <u>Eighth Amendment Excessive Force Claim</u>**

21           The Court found that Plaintiff states a cognizable claim for excessive force under the Eighth

22   Amendment, against defendants Watson, Chan, McGregor, Blankenship, Crotty, Granillo, Nelson,

23   Carrasco, Johnson, and Jobb, for attacking Plaintiff and maliciously pepper-spraying Plaintiff.

24   Plaintiff claims that defendants Watson and Chan pepper sprayed Plaintiff in a malicious manner.

25   Plaintiff alleges that defendant McGregor participated in the first pepper spray incident by opening

26   the door for Watson so he could administer the pepper spray directly at Plaintiff. Plaintiff alleges

27   that defendants Blankenship, Crotty, Granillo, and Nelson attacked Plaintiff while defendants

28   Carrasco, Johnson, Jobb, Watson, and Chan stood nearby and observed without making any effort

to intervene.  Plaintiff was later hosed down in the cold and pepper sprayed again by Watson in a malicious manner.  Plaintiff alleges that defendant Granillo stood by and observed without making any effort to intervene.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency."  Id. (internal quotation marks and citations omitted).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action."  Id. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'"  Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Id. at 7.  "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response."  Id.  (internal quotation marks and citations omitted).  "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it."  Id.

### B.    Eighth Amendment Medical Care Claim

The Court found that Plaintiff states cognizable claims against defendants Adams aka Salazar, Alexander, Watson, and Granillo for failure to provide adequate medical care in violation

of the Eighth Amendment, for ignoring Plaintiff's requests for decontamination from the effects of

the pepper spray and Plaintiff's requests for access to his eye medication to alleviate the pain from

pepper spray.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096

(9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part

test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by

demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or

the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059

(9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th

Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a

purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused

by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be

manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or

it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin

at 1060 (internal quotations omitted)).  Where a prisoner is alleging a delay in receiving medical

treatment, the delay must have led to further harm in order for the prisoner to make a claim of

deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd.

of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).  The failure to decontaminate prisoners

or otherwise provide medical treatment for prisoners exposed to pepper spray can support a claim

for the violation of the Eighth Amendment.  Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002).

**IV.     MOTION TO COMPEL**

    **A.     Federal Rules of Civil Procedure 26(b), 36(a), and 37**

Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as

follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

party's claim or defense — including the existence, description, nature, custody, condition, and

location of any documents or other tangible things and the identity and location of persons who know

of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Rule 36 provides for requests for admissions as follows: "A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or the opinions about either; and the genuineness of any described documents. Fed. R. Civ. P. 36(a)(1).  Generally, Federal Rule of Civil Procedure 36(a) requires one of three answers to a request for admission: (1) an admission; (2) a denial; or (3) a statement detailing why the answering party is unable to admit or deny the matter. Fed. R. Civ. P. 36(a)(3); Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242 (9th Cir.1981).  "The grounds for objecting to a request must be stated . . . [¶] The requesting party may move to determine the sufficiency of an answer or objection.  Unless the court finds an objection justified, it must order that an answer be served."  Fed R. Civ. P. 36(a)(5),(6).

Pursuant to Rule 37(a), a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B).  "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981)).  The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery.  See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

"The Advisory Committee Notes to the 1970 amendment to Rule 36 explain the purposes of Rule 36: 'Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.'  In short, '[t]he purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus

narrowing the range of issues for trial.'" <u>A. Farber & Partners, Inc. v. Garber</u>, 237 F.R.D. 250, 254 (C.D.Ca. July 5, 2006) (quoting <u>Asea,</u>, 669 F.2d at 1245). "'Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct. They should focus on the goal of the Rules, full and efficient discovery, not evasion and word play.'" <u>A. Farber & Partners, Inc.</u>, 237 F.R.D. at 254 (quoting <u>Marchand v. Mercy Med. Ctr.</u>, 22 F.3d 933, 936-37 (9th Cir.1994)).

"As the Ninth Circuit has further held, [Rule 36] was amended in 1970 to adopt the majority view that a party may not refuse to admit or deny a request for admission based upon a lack of personal knowledge if the information relevant to the request is reasonably available to him.  8 C. Wright & A. Miller, Federal Practice and Procedure § 2261, at 731 (1970)." <u>A. Farber & Partners, Inc.</u>, 237 F.R.D. at 254 (quoting <u>Asea</u>, 669 F.2d at 1245 (citation omitted)).  "As the Advisory Committee's Note explains, the Rule is 'in keeping with a basic principle of the discovery rules that a reasonable burden may be imposed on the parties when its discharge will facilitate preparation for trial and ease the trial process.'" <u>Id.</u>.

"Thus, Rule 36 requires the responding party to make a reasonable inquiry, a reasonable effort, to secure information that is readily obtainable from persons and documents within the responding party's relative control and to state fully those efforts." <u>A. Farber & Partners, Inc.</u>, 237 F.R.D. at 254. "Such reasonable inquiry includes an investigation and inquiry of employees, agents, and others, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response." <u>Id.</u> "The inquiry may require venturing beyond the parties to the litigation and include, under certain limited circumstances, non-parties . . . The operative words then are 'reasonable' and 'due diligence.'" <u>Id.</u> (citing <u>Henry v. Champlain Enter, Inc.</u>, 212 F.R.D. 73, 78 (N.D.N.Y.2003) (citations omitted); <u>T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.</u>, 174 F.R.D. 38, 43 (S.D.N.Y.1997); <u>Herrera v. Scully</u>, 143 F.R.D. 545, 548 (S.D.N.Y.1992)).  "At a minimum, 'a party must make inquiry of a third party when there is some identity of interest manifested, such as by both being parties to the litigation, a present or prior relationship of mutual concerns, or their active cooperation in the litigation, and when there is no manifest or potential conflict between the party and the third party.'" <u>A. Farber & Partners, Inc.</u>, 237

1  F.R.D. at 254 (quoting   Uniden America Corp. v. Ericsson Inc., 181 F.R.D. 302, 304

2  (M.D.N.C.1998)).

3      In Asea, supra, the Ninth Circuit held that a response which fails to admit or deny a proper

4  request for admission does not comply with the requirements of Rule 36(a) if the answering party

5  has not, in fact, made 'reasonable inquiry,' or if information 'readily obtainable' is sufficient to

6  enable him to admit or deny the matter . . .  Although the district court should ordinarily first order

7  an amended answer, and deem the matter admitted only if a sufficient answer is not timely filed, this

8  determination, like most involved in the oversight of discovery, is left to the sound discretion of the

9  district judge." Asea, 669 F.2d at 1247.

10      **B.    Plaintiff's Motion**

11          **1.    Defendant Alexander**

12      Plaintiff seeks a court order compelling defendant Alexander to make further responses to

13  Plaintiff's RFA 8-13, 15-17, 19, 21, 23, and 34, as follows.

14

15  >   **REQUEST FOR ADMISSION 8:**

16      Admit or deny on January 24, 2005 you came in contact with the Plaintiff on the 4A-yard

17      SHU, for medical purposes.

18          **RESPONSE TO REQUEST FOR ADMISSION 8:**

19          Responding party cannot admit or deny this request because she does not recall

20          seeing or treating Plaintiff on January 24, 2005, and after a reasonable inquiry and

21          diligent search, she has no documents to refresh her recollection.

22

23  >   **REQUEST FOR ADMISSION 9:**

24      Admit or deny on January 24, 2005 you witnessed Plaintiff in a holding cage naked.

25          **RESPONSE TO REQUEST FOR ADMISSION 9:**

26          Responding party cannot admit or deny this request because she does not recall

27          seeing or treating Plaintiff on January 24, 2005, and after a reasonable inquiry and

28          diligent search, she has no documents to refresh her recollection.

> **REQUEST FOR ADMISSION 10:**

Admit or deny on January 24, 2005 you reported to the 4A-yard S.H.U. kitchen location dinning hall #4.

**RESPONSE TO REQUEST FOR ADMISSION 10:**

Responding party cannot admit or deny this request because she does not recall seeing or treating Plaintiff on January 24, 2005, and after a reasonable inquiry and diligent search, she has no documents to refresh her recollection.

> **REQUEST FOR ADMISSION 11:**

Admit or deny on January 24, 2005 when you reported and/or arrived to dinning hall #4, you witnessed Plaintiff sitting or standing in some sort of liquids.

**RESPONSE TO REQUEST FOR ADMISSION 11:**

Responding party cannot admit or deny this request because she does not recall seeing or treating Plaintiff on January 24, 2005, and after a reasonable inquiry and diligent search, she has no documents to refresh her recollection.

> **REQUEST FOR ADMISSION 12:**

Admit or deny on January 24, 2005 when you arrived to dinning hall #4 you observed oc pepper spray on Plaintiff and/or the interior of the holding cage.

**RESPONSE TO REQUEST FOR ADMISSION 12:**

Responding party cannot admit or deny this request because she does not recall seeing or treating Plaintiff on January 24, 2005, and after a reasonable inquiry and diligent search, she has no documents to refresh her recollection.

1    > **REQUEST FOR ADMISSION 13:**

2    Admit or deny on January 24, 2005 when you arrived to dinning hall #4 you observed

3    custody staff present in the vicinity.

4            **RESPONSE TO REQUEST FOR ADMISSION 13:**

5            Responding party cannot admit or deny this request because she does not recall

6            seeing or treating Plaintiff on January 24, 2005, and after a reasonable inquiry and

7            diligent search, she has no documents to refresh her recollection.

8

9    > **REQUEST FOR ADMISSION 15:**

10   Admit or deny January 24, 2005, you administered any medical treatment to Plaintiff.

11           **RESPONSE TO REQUEST FOR ADMISSION 15:**

12           Responding party cannot admit or deny this request because she does not recall

13           seeing or treating Plaintiff on January 24, 2005, and after a reasonable inquiry and

14           diligent search, she has no documents to refresh her recollection.

15

16   > **REQUEST FOR ADMISSION 16:**

17   Admit or deny on January 24, 2005, Plaintiff was verbally requesting for medical treatment,

18   specifically his eye drops.

19           **RESPONSE TO REQUEST FOR ADMISSION 16:**

20           Responding party cannot admit or deny this request because she does not recall

21           seeing or treating Plaintiff on January 24, 2005, and after a reasonable inquiry and

22           diligent search, she has no documents to refresh her recollection.

23

24   > **REQUEST FOR ADMISSION 17:**

25   Admit or deny that on or after January 24, 2005, you provided Plaintiff with his medical eye

26   drops.

27

28

1    **RESPONSE TO REQUEST FOR ADMISSION 17:**

2    Responding party cannot admit or deny this request because she does not recall

3    seeing or treating Plaintiff on January 24, 2005, and after a reasonable inquiry and

4    diligent search, she has no documents to refresh her recollection.

5

6  > **REQUEST FOR ADMISSION 19:**

7    Admit or deny on or before January 24, 2005 you had previous 602/citizen complaints filed

8    against you for denying injured or medically ill prisoners medical treatment.

9    **RESPONSE TO REQUEST FOR ADMISSION 19:**

10    Responding party cannot admit or deny this request because she does not recall

11    receiving or being informed that an inmate filed a complaint against her.

12

13  > **REQUEST FOR ADMISSION 21:**

14    Admit or deny you have been sued by other prisoners for medical related issues.

15    **RESPONSE TO REQUEST FOR ADMISSION 21:**

16    Responding party objects to this request on the grounds it is overbroad, vague in its

17    entirety, and is irrelevant and not reasonably calculated to lead to the discovery of

18    admissible evidence.  Without waiving any objection, responding party cannot admit

19    or deny this request because she is not aware of any other prisoner lawsuit filed

20    against her.

21

22  > **REQUEST FOR ADMISSION 23:**

23    Admit or deny you were interviewed and/or investigated by your superiors concerning this

24    incident that occurred on January 24, 2005 with Plaintiff.

25

26    **RESPONSE TO REQUEST FOR ADMISSION 23:**

27    Responding party objects to this request on the ground it is vague as to the meaning

28    of "this incident."  Without waiving any objection, responding party cannot admit or

deny this request because she does not recall seeing or treating Plaintiff on January 24, 2005, and after a reasonable inquiry and diligent search, she has no documents to refresh her recollection.

> **REQUEST FOR ADMISSION 34:**

Admit or deny that you answered these admissions under sworn oath.

**RESPONSE TO REQUEST FOR ADMISSION 34:**

Responding party objects to this request on the grounds it lacks foundation and is vague in its entirety.  Without waiving any objection, denied.  Responding party responded to this set of admission requests in accordance with and as required under Federal Rule of Civil Procedure 36 (a)(4).

### a.   RFA 8-13, 15-17, and 23

Plaintiff argues that defendant Alexander's responses to RFA 8-13, 15-17, and 23 are inadequate because Alexander did not sufficiently search the documents available to her to help recall her memory or knowledge of events on January 24, 2005 before making her responses. Plaintiff argues that Alexander's statements that she does not recall seeing or treating Plaintiff on January 24, 2005, and has no documents to refresh her recollection, are not true because the crime incident report of January 24, 2005, to which Alexander has access, shows that Alexander was present after the incident at issue occurred and saw Plaintiff's condition. (Doc. 84, Exh. B.) Plaintiff also argues that defendant Adams admitted, in Adams' response to RFA 25, that Adams reported Plaintiff's condition to her immediate supervisor, who was Alexander.

Defendant Alexander responds that her responses to RFA 8-13, 15-17, and 23 are complete and accurate based on the information known and available to her, and she is not required to admit or deny facts of which she has no knowledge or recollection.  Alexander declares that  she reviewed the report by defendant Adams to which Plaintiff refers, and all relevant medical records from January 24 to January 30, 2005, in preparation for her responses to Plaintiff's RFA in December 2011.  (Declaration of J. Alexander, Doc. 94 at 11.)  Despite reviewing those documents, Alexander

13

1    declares she has no recollection of seeing or treating Plaintiff or the events of January 24, 2005, and

2    if she had, she would have prepared a Medical Report of Injury or Unusual Occurrence (Form 7219)

3    or a Progress Note (Form 7230).  (Id.)   Alexander argues that Plaintiff misrepresents the contents

4    of Adams' report and of Adams' response to RFA 25, because there is no evidence in Adams'

5    response that Alexander was Adams' supervisor or that Adams reported Plaintiff's condition to

6    Alexander.

7        Plaintiff argues that Alexander did not diligently search the records available to her, and did

8    not specify which documents she reviewed to refresh her recollection.  Plaintiff contends that

9    Alexander should have searched CDCR records which track the movement and whereabouts of

10   medical staff.  Plaintiff cites CDCR regulations that would have required Alexander to be present

11   after the incident at issue, due to her assignment, and record and document Plaintiff's treatment, if

12   any.  Plaintiff also reiterates that Alexander has access to records documenting her presence at the

13   scene of the incident on January 24, 2005.

14   **Discussion**

15       Defendant Alexander's responses to Requests 8-13, 15-17, and 23 are inadequate.  Alexander

16   fails to describe in her responses any of her efforts to search for information, or describe any of the

17   documents she reviewed to refresh her recollection.  While Alexander declares in her opposition to

18   Plaintiff's motion that she "reviewed the Crime/Incident Report (CDCR 837), specifically the report

19   prepared by J. Adams[, ... and] Plaintiff's relevant medical records from January 24 to January 30,

20   2005," she does not indicate that she made any effort to inquire of persons within her relative

21   control. (Declaration of J. Alexander, Doc. 94 at 11 ¶2.)  Considering the employment and litigation

22   relationship between the defendants in this action, "a reasonable inquiry [] includes, at a minimum,

23   an inquiry of other defendants represented by the same counsel" who "have a common interest

24   against Plaintiff."  A. Farber & Partners, Inc., 237 F.R.D. at 253-55.  Alexander shall be required to

25   make amended responses to Requests 8-13, 15-17, and 23, either making admissions or denials, or

26   explaining in detail her efforts to search for information, with a listing of the documents she

27   reviewed and the persons she contacted to refresh her memory.  No objections are allowed.  With

28   respect to Alexander's objection to RFA 23 on the ground that Plaintiff's reference to "the incident"

is vague, the objection is overruled, and Alexander shall answer RFA 23 assuming that "the incident" refers to the events at issue in the complaint for this action, which allegedly occurred on January 24, 2005. While Alexander is not required to admit or deny facts of which she has no knowledge or recollection, she is required by Asea to indicate that she made reasonable inquiries or reviewed readily obtainable information that would have aided her in determining the truth of the matters at issue. Asea, 669 F.2d at 1247.

### b.   **RFA 19 and 21**

Plaintiff did not address the deficiencies of Defendant Alexander's responses to RFA 19 and 21 in his motion to compel. Alexander objects to RFA 21 as overbroad and argues that her responses to RFA 19 and 21 are consistent with how inmates' appeals and prisoner lawsuits are processed. Plaintiff responds that CDCR utilizes an automated appeals tracking system. Plaintiff submits evidence that staff are notified by memorandum each time a complaint is filed against them, and that copies of the appeals are kept for at least five years. (Doc. 102, Exhs. D & E.)

**Discussion**

Defendant Alexander's responses to RFA 19 and 21 are clearly inadequate, as she does not describe any effort to search for information before responding. Alexander's objections to RFA 21 are overruled. For the reasons set forth above, Alexander shall be required to make amended responses to RFA 19 and 21, either making an admission or denial, or explaining in detail her efforts to search for information, with a listing of the documents she reviewed and the persons she contacted to refresh her memory. Alexander shall only be required to search for evidence of 602 complaints and prisoner lawsuits against her that were filed or pending during the five-year time period prior to and including January 24, 2005, in preparation for her amended responses to RFA 19 and 21. No objections are allowed.

### c.   **RFA 34**

Plaintiff argues that defendant Alexander's responses are insufficient because they were not given under oath, as required by Rule 36. Defendant Alexander responds that there is no such legal requirement. In his reply, Plaintiff cites three cases to support his argument that the responses must be signed under oath.

**Discussion**

Defendant Alexander has adequately responded to RFA 34. Sworn responses are no longer required by Rule 36. The cases cited by Plaintiff are outdated. "The requirement that the answer to a request for admission be sworn [was] deleted, in favor of a provision that the answer be signed by the party or by his attorney." (Fed. R. Civ. P. 36 advisory committee notes to 1970 amendment.) Therefore, defendant Alexander shall not be required to submit any further response to RFA 34, and none of the Defendants is required to submit sworn responses to any of Plaintiff's RFAs.

2.   **Defendant Blankenship – RFA 48, 49, 51-55,[4] 87 and 104**

Plaintiff seeks a court order compelling defendant Blankenship to make further responses to Plaintiff's RFA 48, 49, 51-55, 87 and 104 , as follows.

> **REQUEST FOR ADMISSION 48:**

Admit or deny on or about January 24, 2005 that the toothbrushes found under the cell door were the actual weapons used in the extraction.

    **RESPONSE TO REQUEST FOR ADMISSION 48:**

    Defendant objects to this request on the grounds that it is vague, ambiguous and is

    not a plain statement of fact. Notwithstanding these objections, and if plaintiff is

    referring to the toothbrushes that were found in his cell after the extraction,

    responding party admits that staff believe that Plaintiff used those toothbrushes to

    assault staff.

> **REQUEST FOR ADMISSION 49:**

Admit or deny on or about January 24, 2005, that the toothbrushes found under the cell door were actual weapons at all.

---

[4]In his motion, Plaintiff seeks to compel further responses to RFA 50 from defendants Blankenship, Carrasco, Chan, Johnson, McGregor, and Nelson. However, these defendants assert that Plaintiff misnumbered his requests to them and there was no RFA 50 for them to answer. (Opp'n, Doc. 94 at 6 n.2, 7 ¶¶3,4, 8 ¶¶7,8, 9 ¶9..) Plaintiff has not disagreed.

**RESPONSE TO REQUEST FOR ADMISSION 49:**

Defendant objects to this request on the grounds that it is vague, ambiguous and is not a plain statement of fact.  Notwithstanding these objections, and if plaintiff is referring to the toothbrushes that were found in his cell after the extraction, responding party admits that staff believe that Plaintiff used those toothbrushes to assault staff.

**REQUEST FOR ADMISSION 51:**

Admit or deny on or before January 24, 2005 you have previous 602/citizen complaints filed against you for denying injured or medically ill prisoners medical treatment.

**RESPONSE TO REQUEST FOR ADMISSION 51:**

Defendant objects to this request because it is overbroad and not relevant to this action.  Without waiving and subject to these objections, Defendant responds as follows:  Besides interaction with the Plaintiff, Defendant may have some grievance filed against him for various reasons, but has no independent recollection of any specific grievance or complaint being filed against him by an inmate.  Generally, when an inmate files a complaint or an appeal, those documents are kept within that individual inmate's central file, and not kept by the employee.  Based upon insufficient information and knowledge, this Defendant does [not] have enough information to admit or deny the request, and therefore denies the request on that basis.

**REQUEST FOR ADMISSION 52:**

Admit or deny on or before January 24, 2005 you have had prior citizen complaints/602's filed against you for employee misconduct by other prisoners housed at Tehachapi State Prison and/or other CDCR institutions.

///

///

**RESPONSE TO REQUEST FOR ADMISSION 52:**

Defendant objects to this request because it is overbroad and not relevant to this action. Without waiving and subject to these objections, Defendant responds as follows: Besides the interaction with Plaintiff, Defendant may have some grievance filed against him for various reasons, but has no independent recollection of any specific grievance or complaint being filed against him by an inmate. Generally, when an inmate files a complaint or an appeal, those documents are kept within that individual inmate's central file, and not kept by the employee. Based upon insufficient information and knowledge, this Defendant does [not] have enough information to admit or deny the request, and therefore denies the request on that basis.

> **REQUEST FOR ADMISSION 53:**

Admit or deny on or before January 24, 2005 you have had prior citizen complaints/602's filed against you for retaliatory conduct by other prisoners housed at Tehachapi State Prison and/or other CDCR institutions.

**RESPONSE TO REQUEST FOR ADMISSION 53:**

Defendant objects to this request because it is overbroad and not relevant to this action. Without waiving and subject to these objections, Defendant responds as follows: Besides his interaction with the Plaintiff, Defendant may have some grievance filed against him for various reasons, but has no independent recollection of any specific grievance or complaint being filed against him by an inmate. Generally, when an inmate files a complaint or an appeal, those documents are kept within that individual inmate's central file, and not kept by the employee. Based upon insufficient information and knowledge, this Defendant does [not] have enough information to admit or deny the request, and therefore denies the request on that basis.

> **REQUEST FOR ADMISSION 54:**

Admit or deny on or before January 24, 2005 you have had prior citizen complaints/602's filed against you for excessive use of force by other prisoners housed at Tehachapi State Prison and/or other CDCR institutions.

**RESPONSE TO REQUEST FOR ADMISSION 54:**

Defendant objects to this request because it is overbroad and not relevant to this action. Without waiving and subject to these objections, Defendant responds as follows: Besides his interaction with the Plaintiff, Defendant may have some grievance filed against him for various reasons, but has no independent recollection of any specific grievance or complaint being filed against him by an inmate. Generally, when an inmate files a complaint of an appeal, those documents are kept within that individual inmate's central file, and not kept by the employee. Based upon insufficient information and knowledge, this Defendant does [not] have enough information to admit or deny the request, and therefore denies the request on that basis.

> **REQUEST FOR ADMISSION 55:**

Admit or deny you have had prior citizen complaints/602's filed against you for withholding prisoners property from them, by other prisoners housed at Tehachapi State Prison and/or other CDCR institutions.

**RESPONSE TO REQUEST FOR ADMISSION 55:**

Defendant objects to this request because it is overbroad and not relevant to this action. Besides his interaction with the Plaintiff, Defendant may have some grievance filed against him for various reasons, but has no independent recollection of any specific grievance or complaint being filed against him by an inmate. Generally, when an inmate files a complaint or an appeal, those documents are kept within that individual inmate's central file, and not kept by the employee. Based

19

upon insufficient information and knowledge, this Defendant does [not] have enough information to admit or deny the request, and therefore denies the request on that basis.

> **REQUEST FOR ADMISSION 87:**

Admit or deny on or about January 24, 2005 you participated in the cell extraction of Plaintiff from cell 103L.

### RESPONSE TO REQUEST FOR ADMISSION 87:

Admit I participated in the extraction up until the point that Plaintiff assaulted me.

> **REQUEST FOR ADMISSION 104:**

Admit or deny on or about January 24, 2005 you can say for sure Plaintiff stabbed you directly in the back of your head during the extraction.

### RESPONSE TO REQUEST FOR ADMISSION 104:

Admit.

### AMENDED RESPONSE TO REQUEST FOR ADMISSION 104:

Responding party objects to this request on the ground it is vague as to the meaning of "for sure."   Without waiving any objection, responding party admits that a reasonable inference exists that Plaintiff stabbed responding party in the back of the head during the cell extraction.

### a.    RFA 48 and 49

Plaintiff takes issue with defendant Blankenship's objections to RFA 48 and 49 on the grounds that RFA 48 and 49 are vague, ambiguous and not plain statements of fact, and argues that Blankenship's responses are hearsay based on speculation.  Plaintiff maintains that the requests clearly asked Blankenship "if the toothbrushes found under the cell door 'were' actual weapons used in the extraction, not if the toothbrushes were used to stabb (*sic*) or assault staff." (Motion, Doc. 84 at 7 ¶B.)  Blankenship responds that it is unclear what Plaintiff meant by "the actual weapons used

in the extraction," and asserts that he responded to RFA 48 and 49 based on his interpretation of them. Plaintiff replies that RFA 48 and 49 clearly requested Blankenship to admit or deny that the toothbrushes found under the cell door were the actual weapons used in the extraction.

**Discussion**

Defendant Blankenship's responses to RFA 48 and 49 are adequate. Blankenship has reasonably stated his belief with respect to the toothbrushes and shall not be required to make any further responses to RFA 48 and 49.

**b.    RFA 51-55**

Plaintiff argues that Blankenship's responses to RFA 51-55 are inadequate because Blankenship did not search all of the documents available to him before providing the responses. Blankenship argues that because he denied each of these requests after giving an explanation, he has complied with Rule 36(a)(4) and nothing more is required. Plaintiff replies that Blankenship is incorrect in his explanation that appeal documents are only kept in inmate files, because CDCR utilizes an automated appeals tracking system. Plaintiff submits evidence that staff are notified by memorandum each time a complaint is filed against them, and that copies of the appeals are kept for at least five years. (Doc. 102, Exhs. D & E.)

**Discussion**

Plaintiff has not shown how RFA 51, 53, and 55 are relevant to his claims against Blankenship. Plaintiff is proceeding against Blankenship only on a claim for excessive force, and RFA 51, 53, and 55 concern complaints filed against Blankenship for denial of medical treatment, retaliation, and withholding property. The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.). Blankenship shall not be required to make any further responses to RFA 51, 53, or 55.

Blankenship's objection to RFA 52 as overbroad is sustained. Blankenship shall not be required to make any further response to RFA 52.

Blankenship's objections to RFA 54 are overruled. RFA 54, concerning whether appeals were filed against Blankenship based on excessive force, is relevant to Plaintiff's excessive force

claim against Blankenship.   Blankenship's denial, based upon insufficient information and knowledge, is inadequate, as he does not describe any effort to search for information before responding.  Blankenship shall be required to make an amended response to RFA 54, either making an unqualified admission or denial, or explaining in detail his efforts to search for information, with a listing of any documents he reviewed.  Blankenship shall only be required to search for evidence of 602 complaints against him that were filed or pending during the five-year time period prior to and including January 24, 2005, in preparation for his amended response to RFA 54.  No objections are allowed.

### c.     RFA 87 and 104

Plaintiff seeks to compel defendant Blankenship to make unequivocal admissions to RFA 87 and 104.  Blankenship maintains that he has admitted to the extent possible and is permitted, under Rule 36(a)(4) to admit a portion of a request or explain the basis for the response.  Plaintiff argues that Blankenship has improperly broadened the requests and does not answer them.

Blankenship has adequately responded to RFA 87 and 104.  Plaintiff may not compel a different response based merely on his disagreement with the response.  Blankenship shall not be required to make any further responses to RFA 87 or 104.

### 3.     Defendant Carrasco - RFA 48, 49, 51-55, 118, and 132

Plaintiff seeks a court order compelling defendant Carrasco to make further responses to Plaintiff's RFA 48-49, 51-55, 118, and 132, as follows.

>   **REQUEST FOR ADMISSION 48:**

Admit or deny on or about January 24, 2005, that the toothbrushes found under the cell door were the actual weapons used in the extraction.

**RESPONSE TO REQUEST FOR ADMISSION 48:**

Defendant objects to this request on the grounds that it is vague, ambiguous and is not a plain statement of fact.  Notwithstanding these objections, responding party was

///

able to see into the cell and cannot admit or deny the request.  On that basis, responding party denies the request.

> **REQUEST FOR ADMISSION 49:**

Admit or deny on or about January 24, 2005, that the toothbrushes found under the cell door were actual weapons at all.

**RESPONSE TO REQUEST FOR ADMISSION 49:**

Defendant objects to this request on the grounds that it is vague, ambiguous and is not a plain statement of fact.  Notwithstanding these objections, responding party was unable to see into the cell and cannot admit or deny the request.  On that basis, responding party denies the request.

> **REQUEST FOR ADMISSION 51:**

Admit or Deny on or before January 24, 2005 you have had previous 602/Citizen complaints filed against you for denying injured or medically ill prisoners medical treatment.

**RESPONSE TO REQUEST FOR ADMISSION 51:**

Defendant objects to this request because it is overbroad and not relevant to this action.  Without waiving and subject to these objections, Defendant responds as follows:  Defendant is currently retired and over her career most likely did have some grievance filed against her for various reasons, but has no independent recollection of any specific grievance or complaint being filed against her by an inmate. Generally, when an inmate files a complaint or an appeal, those documents are kept within that individual inmate's central file, and not kept by the employee.  Based upon insufficient information and knowledge, this Defendant does [not] have enough information to admit or deny the request, and therefore denies the request on that basis.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> **REQUEST FOR ADMISSION 52:**

Admit or Deny on or before January 24, 2005 you have had prior citizen complaints/602's filed against you for employee misconduct by other prisoners housed at Tehacapi State Prison and/or other CDCR institutions.

**RESPONSE TO REQUEST FOR ADMISSION 52:**

Defendant objects to this request because it is overbroad and not relevant to this action. Without waiving and subject to these objections, Defendant responds as follows: Defendant is currently retired and over her career most likely did have some grievance filed against her for various reasons, but has no independent recollection of any specific grievance or complaint being filed against her by an inmate. Generally, when an inmate files a complaint or an appeal, those documents are kept within that individual inmate's central file, and not kept by the employee. Based upon insufficient information and knowledge, this Defendant does [not] have enough information to admit or deny the request, and therefore denies the request on that basis.

> **REQUEST FOR ADMISSION 53:**

Admit or Deny on or before January 24, 2005 you have had prior citizen complaints/602's filed against you for retaliatory conduct by other prisoners housed at Tehacapi State Prison and/or other CDCR institutions.

**RESPONSE TO REQUEST FOR ADMISSION 53:**

Defendant objects to this request because it is overbroad and not relevant to this action. Without waiving and subject to these objections, Defendant responds as follows: Defendant is currently retired and over her career most likely did have some grievance filed against her for various reasons, but has no independent recollection of any specific grievance or complaint being filed against her by an inmate. Generally, when an inmate files a complaint or an appeal, those documents are kept within that individual inmate's central file, and not kept by the employee. Based

upon insufficient information and knowledge, this Defendant does [not] have enough information to admit or deny the request, and therefore denies the request on that basis.

> **REQUEST FOR ADMISSION 54:**

Admit or Deny on or before January 24, 2005 you have had prior citizen complaints/602's filed against you for excessive use of force by other prisoners housed at Tehacapi State Prison and/or other CDCR institutions.

**RESPONSE TO REQUEST FOR ADMISSION 54:**

Defendant objects to this request because it is overbroad and not relevant to this action.  Without waiving and subject to these objections, Defendant responds as follows:  Defendant is currently retired and over her career most likely did have some grievance filed against her for various reasons, but has no independent recollection of any specific grievance or complaint being filed against her by an inmate. Generally, when an inmate files a complaint or an appeal, those documents are kept within that individual inmate's central file, and not kept by the employee.  Based upon insufficient information and knowledge, this Defendant does [not] have enough information to admit or deny the request, and therefore denies the request on that basis.

> **REQUEST FOR ADMISSION 55:**

Admit or Deny you have had prior citizen complaints/602's filed against you for withholding prisoners property from them, by other prisoners housed at Tehacapi State Prison and/or other CDCR institutions.

**RESPONSE TO REQUEST FOR ADMISSION 55:**

Defendant objects to this request because it is overbroad and not relevant to this action.  Without waiving and subject to these objections, Defendant responds as follows:  Defendant is currently retired and over her career most likely did have some

grievance filed against her for various reasons, but has no independent recollection of any specific grievance or complaint being filed against her by an inmate. Generally, when an inmate files a complaint or an appeal, those documents are kept within that individual inmate's central file, and not kept by the employee.  Based upon insufficient information and knowledge, this Defendant does [not] have enough information to admit or deny the request, and therefore denies the request on that basis.

> **REQUEST FOR ADMISSION 118:**

Admit or Deny on or before January 24, 2005 Plaintiff was escorted and placed in the unit section shower after his removal from the cell.

**RESPONSE TO REQUEST FOR ADMISSION 118:**

Admit plaintiff was placed in a holding cell within the unit.

> **REQUEST FOR ADMISSION 132:**

Admit or deny that you answered these admissions under sworn oath.

**RESPONSE TO REQUEST FOR ADMISSION 132:**

Responding party admit these questions were answered under penalty of perjury.

### a. RFA 48 and 49

Plaintiff argues that defendant Carrasco has not adequately responded to RFA 48 and 49 because he "tries to side step the question by giving a round about answer." (Motion, Doc. 84 at 8 ¶C.)   Plaintiff asserts that he "concisely and specifically asked Carrasco were these so called toothbrush pieces found under the cell door 'after' the extraction weapons and/or the same so called weapons used to 'allegedly' stab Blankenship in the back of the head."  Id.  Plaintiff argues that Carrasco did not have to see inside the cell during the cell extraction to answer this question, because it is an undisputed fact that the toothbrush pieces were sighted after the cell was clear, where Carrasco and others were standing, right in front of the cell door the entire time.

Carrasco states that "[f]or all the reasons stated above with respect to Blankenship's responses to Requests 48 to 55, Carrasco's responses to those same requests are proper and no further responses are warranted."  (Opp'n, Doc. 94 at 7:6-8.)

Plaintiff replies that he "re-alleges and incorporates as stated above in Section I-II, his response to the Defendants' arguments."  (Reply, Doc. 102 at 10.)

**Discussion**

Defendant Carrasco's objections to RFA 48 and 49 are sustained.  Plaintiff's assertion that he  "concisely and specifically asked Carrasco were these so called toothbrush pieces found under the cell door 'after' the extraction weapons and/or the same so called weapons used to 'allegedly' stab Blankenship in the back of the head" is incorrect.  Carrasco shall not be required to make any further responses to RFA 48 and 49.

### b.   RFA 51-55

Plaintiff argues that defendant Carrasco's responses to RFA 51-55 are inadequate because Carrasco did not search all of the documents available to him before providing the responses. Carrasco states that "[f]or all the reasons stated above with respect to Blankenship's responses to Requests 48 to 55, Carrasco's responses to those same requests are proper and no further responses are warranted."  (Opp'n, Doc. 94 at 7:6-8.)  Plaintiff replies that he "re-alleges and incorporates as stated above in Section I-II, his response to the Defendants' arguments."  (Reply, Doc. 102 at 10.)

**Discussion**

Plaintiff has not shown how RFA 51, 53, and 55 are relevant to his claims against Carrasco. Plaintiff is proceeding against Carrasco only on a claim for excessive force, and RFA 51, 53, and 55 concern complaints filed against Carrasco for denial of medical treatment, retaliation, and withholding property.  The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery.  See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).  Carrasco shall not be required to make any further responses to RFA 51, 53, or 55.

Carrasco's objection to RFA 52 as overbroad is sustained.  Carrasco shall not be required to make any further response to RFA 52.

Carrasco's objections to RFA 54 are overruled.  RFA 54, concerning whether appeals were filed against Carrasco based on excessive force, is relevant to Plaintiff's excessive force claim against Carrasco.  Carrasco's denial, based upon insufficient information and knowledge, is inadequate, as he does not describe any effort to search for information before responding. Carrasco shall be required to make an amended response to RFA 54, either making an unqualified admission or denial, or explaining in detail his efforts to search for information, with a listing of any documents he reviewed.  Carrasco shall only be required to search for evidence of 602 complaints against him that were filed or pending during the five-year time period prior to and including January 24, 2005, in preparation for his amended response to RFA 54. No objections are allowed.

### c.   **RFA 118**

Plaintiff argues that defendant Carrasco did not respond appropriately to RFA 118 when he admitted that Plaintiff was placed in the unit holding cage, because Plaintiff specifically asked if he was escorted and placed into the unit shower.

Defendant Carrasco responds that he does not oppose Plaintiff's motion and will provide a further or amended response to RFA 118.  Carrasco shall be required to provide an amended response to RFA 118, explaining in detail his efforts to search for information, with a listing of any documents he reviewed.

### d.   **RFA 132**

Plaintiff requests that defendant Carrasco be compelled to make further responses under sworn oath.  The issue in RFA 132, whether responses under oath are required by Rule 36, was addressed above.  Sworn responses are no longer required by Rule 36.  The cases cited by Plaintiff are outdated.  "The requirement that the answer to a request for admission be sworn [was] deleted, in favor of a provision that the answer be signed by the party or by his attorney."  (Fed. R. Civ. P. 36 advisory committee notes to 1970 amendment.)   Therefore, defendant Carrasco shall not be required to submit any further response to RFA 132, and none of the Defendants is required to submit sworn responses to any of Plaintiff's RFAs.

///

///

28

### 3.    Defendant Chan - RFA 48-54

Plaintiff seeks a court order compelling defendant Chan to make further responses to Plaintiff's RFA 48-54, as follows.

> **REQUEST FOR ADMISSION 48:**

Admit or deny on or about January 24, 2005, that the tooth brushes found under the cell door were the actual weapons used in the extraction.

        **RESPONSE TO REQUEST FOR ADMISSION 48:**

        Defendant objects to this request on the grounds that it is vague, ambiguous and is not a plain statement of fact.  Notwithstanding these objections, and if plaintiff is referring to the toothbrushes that were found in his cell after the extraction, responding party admits that staff believe that Plaintiff used those toothbrushes to assault staff.

> **REQUEST FOR ADMISSION 49:**

Admit or deny on or about January 24, 2005, that the toothbrushes found under the cell door were actual weapons at all.

        **RESPONSE TO REQUEST FOR ADMISSION 49:**

        Defendant objects to this request on the grounds that it is vague, ambiguous and is not a plain statement of fact.  Notwithstanding these objections, and if plaintiff is referring to the toothbrushes that were found in his cell after the extraction, responding party admits that staff believe that Plaintiff used those toothbrushes to assault staff.

> **REQUEST FOR ADMISSION 50:**

Admit or deny on or before January 24, 2005 you have had previous 602/citizen complaint filed against you for denying injured or medically ill prisoners medical treatment.

**RESPONSE TO REQUEST FOR ADMISSION 50:**

Defendant objects to this request because it is overbroad and not relevant to this action.  Without waiving and subject to these objections, Defendant responds as follows:  Defendant may have some grievance filed against him for various reasons, but has no independent recollection of any specific grievance or complaint being filed against him by an inmate.  Generally, when an inmate files a complaint or an appeal, those documents are kept within that individual inmate's central file, and not kept by the employee.  Based upon insufficient information and knowledge, this Defendant does [not] have enough information to admit or deny the request, and therefore denies the request on that basis.

**REQUEST FOR ADMISSION 51:**

Admit or deny on or before January 24, 2005 you have had prior citizen complaints/602's filed against you for employee misconduct by other prisoners housed at Tehacapi State Prison and/or other CDCR institutions.

**RESPONSE TO REQUEST FOR ADMISSION 51:**

Defendant objects to this request because it is overbroad and not relevant to this action.  Without waiving and subject to these objections, Defendant responds as follows:  Defendant may have some grievance filed against him for various reasons, but has no independent recollection of any specific grievance or complaint being filed against him by an inmate.  Generally, when an inmate files a complaint or an appeal, those documents are kept within that individual inmate's central file, and not kept by the employee.  Based upon insufficient information and knowledge, this Defendant does [not] have enough information to admit or deny the request, and therefore denies the request on that basis.

**REQUEST FOR ADMISSION 52:**

Admit or deny on or before January 24, 2005 you have had prior citizen complaints/602's filed against you for retaliatory conduct by other prisoners housed at Tehacapi State Prison and/or other CDCR institutions.

**RESPONSE TO REQUEST FOR ADMISSION 52:**

Defendant objects to this request because it is overbroad and not relevant to this action.  Without waiving and subject to these objections, Defendant responds as follows: Defendant may have some grievance filed against him for various reasons, but has no independent recollection of any specific grievance or complaint being filed against him by an inmate.  Generally, when an inmate files a complaint or an appeal, those documents are kept within that individual inmate's central file, and not kept by the employee.  Based upon insufficient information and knowledge, this Defendant does [not] have enough information to admit or deny the request, and therefore denies the request on that basis.

**REQUEST FOR ADMISSION 53:**

Admit or deny on or before January 24, 2005 you have had prior citizen complaints/602's filed against you for excessive use of force by other prisoners housed at Tehacapi State Prison and/or other CDCR institutions.

**RESPONSE TO REQUEST FOR ADMISSION 53:**

Defendant objects to this request because it is overbroad and not relevant to this action.  Without waiving and subject to these objections, Defendant responds as follows:  Defendant may have some grievance filed against him for various reasons, but has no independent recollection of any specific grievance or complaint being filed against him by an inmate.  Generally, when an inmate files a complaint or an appeal, those documents are kept within that individual inmate's central file, and not kept by the employee.  Based upon insufficient information and knowledge, this Defendant

///

does [not] have enough information to admit or deny the request, and therefore denies the request on that basis.

> **REQUEST FOR ADMISSION 54:**

Admit or deny you have had prior citizen complaints/602's filed against you for withholding prisoners property from them, by other prisoners housed at Tehacapi State Prison and/or other CDCR institutions.

**RESPONSE TO REQUEST FOR ADMISSION 54:**

Defendant objects to this request because it is overbroad and not relevant to this action.  Without waiving and subject to these objections, Defendant responds as follows:  Defendant may have some grievance filed against him for various reasons, but has no independent recollection of any specific grievance or complaint being filed against him by an inmate.  Generally, when an inmate files a complaint or an appeal, those documents are kept within that individual inmate's central file, and not kept by the employee.  Based upon insufficient information and knowledge, this Defendant does [not] have enough information to admit or deny the request, and therefore denies the request on that basis.

      **a.**    **RFA 48 & 49**

Plaintiff argues that defendant Chan has not adequately responded to RFA 48 and 49 because he has provided hearsay responses based on speculation. Plaintiff maintains that the requests clearly asked Chan "if the toothbrushes found under the cell door 'were' actual weapons used in the extraction, not if the toothbrushes were used to stabb (*sic*) or assault staff." (Motion, Doc. 84 at 9 ¶D.)  Plaintiff also asserts that he also asked "if these toothbrushes were actual weapons period." Id, Chan responds that it is unclear what Plaintiff meant by "the actual weapons used in the extraction," and asserts that he responded to the RFA 48 and 49 based on his interpretation of them.
///

32

Plaintiff replies that RFA 48 and 49 clearly requested Chan to admit or deny that the toothbrushes found under the cell door were the actual weapons used in the extraction.

Chan responds that "[f]or all the reasons stated above with respect to Blankenship's responses to Requests 48 to 55, Chan's responses to those same requests (numbered 48 to 54 because of the inclusion of No. 50 which was missing from Blankenship's set) are proper and no further responses are warranted."  (Opp'n, Doc. 94 at 7 ¶IV.)

Plaintiff replies that he "re-alleges and incorporates as stated above in Section I-II, his response to the Defendants' arguments."  (Reply, Doc. 102 at 10.)

**Discussion**

Defendant Chan's objections to RFA 48 and 49 are sustained.  Plaintiff's assertion that RFA 48 and 49 were clearly stated is incorrect.  Chan shall not be required to make any further responses to RFA 48 and 49.

### b.    RFA 50-54

Plaintiff argues that defendant Chan's responses to RFA 50-54 are inadequate because Chan did not search all of the documents available to him before providing the responses.  Chan states that "[f]or all the reasons stated above with respect to Blankenship's responses to Requests 48 to 55, Chan's responses to those same requests (numbered 48 to 54 because of the inclusion of No. 50 which was missing from Blankenship's set) are proper and no further responses are warranted." (Opp'n, Doc. 94 at 7 ¶IV.)  Plaintiff replies that he "re-alleges and incorporates as stated above in Section I-II, his response to the Defendants' arguments." (Reply, Doc. 102 at 10.)

**Discussion**

Plaintiff has not shown how RFA 50, 52, and 54 are relevant to his claims against Chan. Plaintiff is proceeding against Chan only on a claim for excessive force, and RFA 50, 52, and 54 concern complaints filed against Chan for denial of medical treatment, retaliation, and withholding property.   The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery.  See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).  Chan shall not be required to make any further responses to RFA 50, 52, or 54.

///

Chan's objection to RFA 51 as overbroad is sustained.  Chan shall not be required to make any further response to RFA 51.

Chan's objections to RFA 53 are overruled.  RFA 53, concerning whether appeals were filed against Chan based on excessive force, is relevant to Plaintiff's excessive force claim against Chan. Chan's denial, based upon insufficient information and knowledge, is inadequate, as he does not describe any effort to search for information before responding. Chan shall be required to make an amended response to RFA 53, either making an unqualified admission or denial, or explaining in detail his efforts to search for information, with a listing of any documents he reviewed.  Chan shall only be required to search for evidence of 602 complaints against him that were filed or pending during the five-year time period prior to and including January 24, 2005, in preparation for his amended response to RFA 53. No objections are allowed.

### 4.      Defendant Granillo - RFA 50-54

Plaintiff seeks a court order compelling defendant Granillo to make further responses to Plaintiff's RFA 50-54, as follows.

> **REQUEST FOR ADMISSION 50:**

Admit or deny on or before January 24, 2005 you have had previous 602/citizen complaint filed against you for denying injured or medically ill prisoners medical treatment.

**RESPONSE TO REQUEST FOR ADMISSION 50:**

Defendant objects to this request because it is overbroad and not relevant to this action.  Without waiving and subject to these objections, Defendant responds as follows:  Defendant may have some grievance filed against him for various reasons, but has no independent recollection of any specific grievance or complaint being filed against him by an inmate.  Generally, when an inmate files a complaint or an appeal, those documents are kept within that individual inmate's central file, and not kept by the employee.  Based upon insufficient information and knowledge, this Defendant

///

34

does [not] have enough information to admit or deny the request, and therefore denies the request on that basis.

> **REQUEST FOR ADMISSION 51:**

Admit or deny on or before January 24, 2005 you have had prior citizen complaints/602's filed against you for employee misconduct by other prisoners housed at Tehacapi State Prison and/or other CDCR institutions.

### RESPONSE TO REQUEST FOR ADMISSION 51:

Defendant objects to this request because it is overbroad and not relevant to this action.  Without waiving and subject to these objections, Defendant responds as follows:  Defendant may have some grievance filed against him for various reasons, but has no independent recollection of any specific grievance or complaint being filed against him by an inmate.  Generally, when an inmate files a complaint or an appeal, those documents are kept within that individual inmate's central file, and not kept by the employee.  Based upon insufficient information and knowledge, this Defendant does [not] have enough information to admit or deny the request, and therefore denies the request on that basis.

> **REQUEST FOR ADMISSION 52:**

Admit or deny on or before January 24, 2005 you have had prior citizen complaints/602's filed against you for retaliatory conduct by other prisoners housed at Tehacapi State Prison and/or other CDCR institutions.

### RESPONSE TO REQUEST FOR ADMISSION 52:

Defendant objects to this request because it is overbroad and not relevant to this action.  Without waiving and subject to these objections, Defendant responds as follows: Defendant may have some grievance filed against him for various reasons, but has no independent recollection of any specific grievance or complaint being filed against him by an inmate.  Generally, when an inmate files a complaint or an appeal,

those documents are kept within that individual inmate's central file, and not kept by the employee. Based upon insufficient information and knowledge, this Defendant does [not] have enough information to admit or deny the request, and therefore denies the request on that basis.

**REQUEST FOR ADMISSION 53:**

Admit or deny on or before January 24, 2005 you have had prior citizen complaints/602's filed against you for excessive use of force by other prisoners housed at Tehacapi State Prison and/or other CDCR institutions.

**RESPONSE TO REQUEST FOR ADMISSION 53:**

Defendant objects to this request because it is overbroad and not relevant to this action. Without waiving and subject to these objections, Defendant responds as follows: Defendant may have some grievance filed against him for various reasons, but has no independent recollection of any specific grievance or complaint being filed against him by an inmate. Generally, when an inmate files a complaint or an appeal, those documents are kept within that individual inmate's central file, and not kept by the employee. Based upon insufficient information and knowledge, this Defendant does [not] have enough information to admit or deny the request, and therefore denies the request on that basis.

**REQUEST FOR ADMISSION 54:**

Admit or deny you have had prior citizen complaints/602's filed against you for withholding prisoners property from them, by other prisoners housed at Tehacapi State Prison and/or other CDCR institutions.

**RESPONSE TO REQUEST FOR ADMISSION 54:**

Defendant objects to this request because it is overbroad and not relevant to this action. Without waiving and subject to these objections, Defendant responds as

follows:  Defendant may have some grievance filed against him for various reasons, but has no independent recollection of any specific grievance or complaint being filed against him by an inmate.  Generally, when an inmate files a complaint or an appeal, those documents are kept within that individual inmate's central file, and not kept by the employee.  Based upon insufficient information and knowledge, this Defendant does [not] have enough information to admit or deny the request, and therefore denies the request on that basis.

### a.   RFA 50-54

Plaintiff argues that defendant Granillo's responses to RFA 50-54 are inadequate because Granillo did not search all of the documents available to him before providing the responses. Granillo states that "[f]or all the reasons stated above with respect to Blankenship's responses to Requests 48 to 55, Granillo's responses to those same requests (numbered 48 to 54 because of the inclusion of No. 50 which was missing from Blankenship's set) are proper and no further responses are warranted."  (Opp'n, Doc. 94 at 7 ¶IV.)  Plaintiff replies that he "re-alleges and incorporates as stated above in Section I-II, his response to the Defendants' arguments."  (Reply, Doc. 102 at 10.)

**Discussion**

Plaintiff has not shown how RFA 52 and 54 are relevant to his claims against Granillo. Plaintiff is proceeding against Granillo on claim for excessive force and denial of medical care, and RFA 52 and 54 concern complaints filed against Granillo for retaliation and withholding property. The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery.  See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.). Granillo shall not be required to make any further responses to RFA 52 or 54.

Granillo's objection to RFA 51 as overbroad is sustained.  Granillo shall not be required to make any further response to RFA 51.

Granillo's objections to RFA 50 and 53 are overruled.  RFA 50 and 53, concerning whether appeals were filed against Granillo based on excessive force or denial of medical care, are relevant to Plaintiff's claims against Granillo.  Granillo's denial, based upon insufficient information and

knowledge, is inadequate, as he does not describe any effort to search for information before responding. Granillo shall be required to make amended responses to RFA 50 and 53, either making unqualified admissions or denials, or explaining in detail his efforts to search for information, with a listing of any documents he reviewed. Granillo shall only be required to search for evidence of 602 complaints against him that were filed or pending during the five-year time period prior to and including January 24, 2005, in preparation for his amended responses to RFA 50 and 53. No objections are allowed.

### 5.   Defendant Jobb - RFA 50-54 and 116

Plaintiff seeks a court order compelling defendant Jobb to make further responses to Plaintiff's RFA 50-54 and 116, as follows.

> **REQUEST FOR ADMISSION 50:**

Admit or Deny on or before January 24, 2005 you have had previous 602/Citizen complaints filed against you for denying injured or medically ill prisoners medical treatment.

**RESPONSE TO REQUEST FOR ADMISSION 50:**

Defendant objects to this request because it is overbroad and not relevant to this action.  Without waiving and subject to these objections, Defendant responds as follows:  Defendant may have some grievance filed against him for various reasons, but has no independent recollection of any specific grievance or complaint being filed against him by an inmate.  Generally, when an inmate files a complaint or an appeal, those documents are kept within that individual inmate's central file, and not kept by the employee.  Based upon insufficient information and knowledge, this Defendant does [not] have enough information to admit or deny the request, and therefore denies the request on that basis.

> **REQUEST FOR ADMISSION 51:**

Admit or Deny on or before January 24, 2005 you have had prior citizen complaints/602's filed against you for employee misconduct by other prisoners housed at Tehacapi State Prison and/or other CDCR institutions.

**RESPONSE TO REQUEST FOR ADMISSION 51:**

Defendant objects to this request because it is overbroad and not relevant to this action. Without waiving and subject to these objections, Defendant responds as follows: Defendant may have some grievance filed against him for various reasons, but has no independent recollection of any specific grievance or complaint being filed against him by an inmate. Generally, when an inmate files a complaint or an appeal, those documents are kept within that individual inmate's central file, and not kept by the employee. Based upon insufficient information and knowledge, this Defendant does [not] have enough information to admit or deny the request, and therefore denies the request on that basis.

> **REQUEST FOR ADMISSION 52:**

Admit or Deny on or before January 24, 2005 you have had prior citizen complaints/602's filed against you for retaliatory conduct by other prisoners housed at Tehacapi State Prison and/or other CDCR institutions.

**RESPONSE TO REQUEST FOR ADMISSION 52:**

Defendant objects to this request because it is overbroad and not relevant to this action. Without waiving and subject to these objections, Defendant responds as follows: Defendant may have some grievance filed against him for various reasons, but has no independent recollection of any specific grievance or complaint being filed against him by an inmate. Generally, when an inmate files a complaint or an appeal, those documents are kept within that individual inmate's central file, and not kept by the employee. Based upon insufficient information and knowledge, this Defendant

///

does [not] have enough information to admit or deny the request, and therefore denies the request on that basis.

> **REQUEST FOR ADMISSION 53:**

Admit or Deny on or before January 24, 2005 you have had prior citizen complaints/602's filed against you for excessive use of force by other prisoners housed at Tehacapi State Prison and/or other CDCR institutions.

**RESPONSE TO REQUEST FOR ADMISSION 53:**

Defendant objects to this request because it is overbroad and not relevant to this action. Without waiving and subject to these objections, Defendant responds as follows: Defendant may have some grievance filed against him for various reasons, but has no independent recollection of any specific grievance or complaint being filed against him by an inmate. Generally, when an inmate files a complaint or an appeal, those documents are kept within that individual inmate's central file, and not kept by the employee. Based upon insufficient information and knowledge, this Defendant does [not] have enough information to admit or deny the request, and therefore denies the request on that basis.

> **REQUEST FOR ADMISSION 54:**

Admit or Deny you have had prior citizen complaints/602's filed against you for withholding prisoners property from them, by other prisoners housed at Tehacapi State Prison and/or other CDCR institutions.

**RESPONSE TO REQUEST FOR ADMISSION 54:**

Defendant objects to this request because it is overbroad and not relevant to this action. Without waiving and subject to these objections, Defendant responds as follows: Defendant may have some grievance filed against him for various reasons, but has no independent recollection of any specific grievance or complaint being filed against him by an inmate. Generally, when an inmate files a complaint or an appeal,

those documents are kept within that individual inmate's central file, and not kept by the employee.  Based upon insufficient information and knowledge, this Defendant does [not] have enough information to admit or deny the request, and therefore denies the request on that basis.

> **REQUEST FOR ADMISSION 116:**

Admit or Deny that you answered these admissions under oath.

### RESPONSE TO REQUEST FOR ADMISSION 116:

Responding party admits that he answered the admissions under penalty of perjury.

### a.   <u>RFA 50-54</u>

Plaintiff argues that defendant Jobb's responses to RFA 50-54 are inadequate because Jobb did not search all of the documents available to him before providing the responses.  Jobb states that "[f]or all the reasons stated above with respect to Blankenship's responses to Requests 48 to 55, Jobb's responses to those same requests (numbered 48 to 54 because of the inclusion of No. 50 which was missing from Blankenship's set) are proper and no further responses are warranted."  (Opp'n, Doc. 94 at 7 ¶IV.)  Plaintiff replies that he "re-alleges and incorporates as stated above in Section I-II, his response to the Defendants' arguments."  (Reply, Doc. 102 at 10.)

### <u>Discussion</u>

Plaintiff has not shown how RFA 50, 52 and 54 are relevant to his claims against Jobb. Plaintiff is proceeding against Jobb on a claim for excessive force, and RFA 50, 52 and 54 concern complaints filed against Jobb for denial of medical care, retaliation and withholding property.  The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery.  <u>See</u> <u>Hallett v. Morgan</u>, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).  Jobb shall not be required to make any further responses to RFA 50, 52 or 54.

Jobb objection to RFA 51 as overbroad is sustained.  Jobb shall not be required to make any further response to RFA 51.

///

Jobb's objections to RFA 53 are overruled.  RFA 53, concerning whether appeals were filed against Jobb based on excessive force, is relevant to Plaintiff's claims against Jobb.  Jobb's denial, based upon insufficient information and knowledge, is inadequate, as he does not describe any effort to search for information before responding. Jobb shall be required to make an amended response to RFA 53, either making unqualified admissions or denials, or explaining in detail his efforts to search for information, with a listing of any documents he reviewed.  Jobb shall only be required to search for evidence of 602 complaints against him that were filed or pending during the five-year time period prior to and including January 24, 2005, in preparation for his amended response to RFA 53. No objections are allowed.

### d.  **RFA 116**

Plaintiff requests that defendant Jobb be compelled to make further responses under sworn oath.  However, the issue in RFA 116, whether responses under oath are required by Rule 36, was addressed above.  Sworn responses are no longer required by Rule 36.  The cases cited by Plaintiff are outdated.  "The requirement that the answer to a request for admission be sworn [was] deleted, in favor of a provision that the answer be signed by the party or by his attorney."  (Fed. R. Civ. P. 36 advisory committee notes to 1970 amendment.)  Therefore, defendant Jobb shall not be required to submit any further response to RFA 116, and none of the Defendants is required to submit sworn responses.

### 6.  **Defendant Johnson - RFA 51-55**

Plaintiff seeks a court order compelling defendant Johnson to make further responses to Plaintiff's RFA 51-55, as follows.

> **REQUEST FOR ADMISSION 51:**

Admit or deny on January 24, 2005 you have had previous 602/citizen complaints filed against you for denying injured or medically ill prisoners medical treatment.

**RESPONSE TO REQUEST FOR ADMISSION 51:**

Defendant objects to this request because it is overbroad and not relevant to this action. Without waiving and subject to these objections, Defendant responds as follows: Defendant may have some grievance filed against him for various reasons, but has no independent recollection of any specific grievance or complaint being filed against him by an inmate. Generally, when an inmate files a complaint or an appeal, those documents are kept within that individual inmate's central file, and not kept by the employee. Based upon insufficient information and knowledge, this Defendant does [not] have enough information to admit or deny the request, and therefore denies the request on that basis.

> **REQUEST FOR ADMISSION 52:**

Admit or deny on January 24, 2005 you have had prior citizen complaints/602's filed against you for employee misconduct by other prisoners housed at Tehacapi State Prison and/or other CDCR institutions.

**RESPONSE TO REQUEST FOR ADMISSION 52:**

Defendant objects to this request because it is overbroad and not relevant to this action. Without waiving and subject to these objections, Defendant responds as follows: Defendant may have some grievance filed against him for various reasons, but has no independent recollection of any specific grievance or complaint being filed against him by an inmate. Generally, when an inmate files a complaint or an appeal, those documents are kept within that individual inmate's central file, and not kept by the employee. Based upon insufficient information and knowledge, this Defendant does [not] have enough information to admit or deny the request, and therefore denies the request on that basis.

> **REQUEST FOR ADMISSION 53:**

Admit or deny on January 24, 2005 you have had prior citizen complaints/602's filed against you for retaliatory conduct by other prisoners housed at Tehachapi State Prison and/or other CDCR institutions.

**RESPONSE TO REQUEST FOR ADMISSION 53:**

Defendant objects to this request because it is overbroad and not relevant to this action.  Without waiving and subject to these objections, Defendant responds as follows: Defendant may have some grievance filed against him for various reasons, but has no independent recollection of any specific grievance or complaint being filed against him by an inmate.  Generally, when an inmate files a complaint or an appeal, those documents are kept within that individual inmate's central file, and not kept by the employee.  Based upon insufficient information and knowledge, this Defendant does [not] have enough information to admit or deny the request, and therefore denies the request on that basis.

> **REQUEST FOR ADMISSION 54:**

Admit or deny on January 24, 2005 you have had prior citizen complaints/602's filed against you for excessive use of force by other prisoners housed at Tehacapi State Prison and/or other CDCR institutions.

**RESPONSE TO REQUEST FOR ADMISSION 54:**

Defendant objects to this request because it is overbroad and not relevant to this action.  Without waiving and subject to these objections, Defendant responds as follows:  Defendant may have some grievance filed against him for various reasons, but has no independent recollection of any specific grievance or complaint being filed against him by an inmate.  Generally, when an inmate files a complaint or an appeal, those documents are kept within that individual inmate's central file, and not kept by the employee.  Based upon insufficient information and knowledge, this Defendant

///

does [not] have enough information to admit or deny the request, and therefore denies the request on that basis.

> **REQUEST FOR ADMISSION 55:**

Admit or deny on January 24, 2005 you have had prior citizen complaints/602's filed against you for withholding prisoners property from them, by other prisoners housed at Techapi STATE Prison and/or other CDCR institutions.

**RESPONSE TO REQUEST FOR ADMISSION 55:**

Defendant objects to this request because it is overbroad and not relevant to this action.  Without waiving and subject to these objections, Defendant responds as follows:  Defendant may have some grievance filed against him for various reasons, but has no independent recollection of any specific grievance or complaint being filed against him by an inmate.  Generally, when an inmate files a complaint or an appeal, those documents are kept within that individual inmate's central file, and not kept by the employee.  Based upon insufficient information and knowledge, this Defendant does [not] have enough information to admit or deny the request, and therefore denies the request on that basis.

a.   **RFA 51-55**

Plaintiff argues that defendant Johnson's responses to RFA 51-55 are inadequate because Johnson did not search all of the documents available to him before providing the responses. Johnson states that "[f]or all the reasons stated above with respect to Blankenship's responses to Requests 51 to 55, Johnson's responses to those same requests are proper and no further responses are warranted." (Opp'n, Doc. 94 at 8 ¶VII.)  Plaintiff replies that he "re-alleges and incorporates as stated above in Section I-II, his response to the Defendants' arguments."  (Reply, Doc. 102 at 10.)

**Discussion**

Plaintiff has not shown how RFA 51, 53 and 55 are relevant to his claims against Johnson. Plaintiff is proceeding against Johnson on a claim for excessive force, and RFA 51, 53 and 55

45

concern complaints filed against Johnson for denial of medical care, retaliation and withholding property. The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.). Johnson shall not be required to make any further responses to RFA 51, 53 or 55.

Johnson objection to RFA 52 as overbroad is sustained. Johnson shall not be required to make any further response to RFA 52.

Johnson's objections to RFA 54 are overruled. RFA 54, concerning whether appeals were filed against Johnson based on excessive force, is relevant to Plaintiff's excessive force claim against Johnson. Johnson's denial, based upon insufficient information and knowledge, is inadequate, as he does not describe any effort to search for information before responding. Johnson shall be required to make an amended response to RFA 54, either making unqualified admissions or denials, or explaining in detail his efforts to search for information, with a listing of any documents he reviewed. Johnson shall only be required to search for evidence of 602 complaints against him that were filed or pending during the five-year time period prior to and including January 24, 2005, in preparation for his amended response to RFA 54. No objections are allowed.

### 6. Defendant McGregor - RFA 51-55, 98, 105, 118, and 120

Plaintiff seeks a court order compelling defendant McGregor to make further responses to Plaintiff's RFA 51-55, 98, 105, 118, and 120, as follows.

> **REQUEST FOR ADMISSION 51:**

Admit or deny on or before January 24, 2005 you have had previous 602/citizen complaints filed against you for denying injured or medically ill prisoners medical treatment.

**RESPONSE TO REQUEST FOR ADMISSION 51:**

Defendant objects to this request because it is overly broad and irrelevant to this action. It is possible that a third party inmate has filed a grievance for their perceived belief that they were denied medical care, but I have no independent recollection of any such incident, and I therefore Deny.

46

**REQUEST FOR ADMISSION 52:**

Admit or deny on or before January 24, 2005 you have had prior citizen complaints/602's filed against you for employee misconduct by other prisoners housed at Tehachapi State Prison and/or other CDCR institutions.

  **RESPONSE TO REQUEST FOR ADMISSION 52:**

  Defendant objects to this request because it is overly broad and irrelevant to this action. It is possible that a third party inmate has filed a grievance for their perceived belief of misconduct, but I have no independent recollection of any such incident, and I therefore Deny.

**REQUEST FOR ADMISSION 53:**

Admit or deny on or before January 24, 2005 you have had prior citizen complaints/602's filed against you for retaliatory conduct by other prisoners housed at Tehachapi State Prison and/or other CDCR institutions.

  **RESPONSE TO REQUEST FOR ADMISSION 53:**

  Defendant objects to this request because it is overly broad and irrelevant to this action. It is possible that a third party inmate has filed a grievance for their perceived belief of retaliation, but I have no independent recollection of any such incident, and I therefore Deny.

**REQUEST FOR ADMISSION 54:**

Admit or deny on or before January 24, 2005 you have had prior citizen complaints/602's filed against you for excessive use of force by other prisoners housed at Tehachapi State Prison and/or other CDCR institutions.

  **RESPONSE TO REQUEST FOR ADMISSION 54:**

  Defendant objects to this request because it is overly broad and irrelevant to this action. It is possible that a third party inmate has filed a grievance for their perceived

///

belief of excessive force, but I have no independent recollection of any such incident, and I therefore Deny.

> **REQUEST FOR ADMISSION 55:**

Admit or deny you have had prior citizen complaints/602's filed against you for withholding prisoners property from them, by other prisoners housed at Tehachapi State Prison and/or other CDCR institutions.

> **RESPONSE TO REQUEST FOR ADMISSION 55:**

Defendant objects to this request because it is overly broad and irrelevant to this action. It is possible that a third party inmate has filed a grievance for their perceived belief of withholding an inmate's property, but I have no independent recollection of any such incident, and I therefore Deny.

> **REQUEST FOR ADMISSION 98:**

Admit or deny on or about January 24, 2005 Plaintiff was sprayed with O.C. pepper spray more than five (5) times before the cell extraction team entered the cell.

> **RESPONSE TO REQUEST FOR ADMISSION 98:**

Defendant does not have sufficient knowledge or memory of the event to form a belief as to the truth of the request. Based on lack of sufficient information, Defendant denies the request on that basis.

> **REQUEST FOR ADMISSION 105:**

Admit or deny on or about January 24, 2005, Plaintiff was escorted and placed in the unit section shower after his removal from the cell.

> **RESPONSE TO REQUEST FOR ADMISSION 105:**

Responding party admits Plaintiff was placed in a holding cell, no. 8.

> **REQUEST FOR ADMISSION 118:**

Admit or deny on or about January 24, 2005, during the extraction and before it was completed M. Crotty exited the cell 103L.

### RESPONSE TO REQUEST FOR ADMISSION 118:

Responding party is unable to admit or deny this request based upon lack of information and memory and on that basis denies the request.

> **REQUEST FOR ADMISSION 120:**

Admit or deny that you answered these admissions under sworn oath.

### RESPONSE TO REQUEST FOR ADMISSION 120:

Responding party admits that these responses are under penalty of perjury.

#### a.    RFA 51-55

Plaintiff argues that defendant McGregor's responses to RFA 51-55 are inadequate because McGregor did not search all of the documents available to him before providing the responses. McGregor states that "[f]or all the reasons stated above with respect to Blankenship's responses to Requests 51 to 55, McGregor's responses to those same requests are proper and no further responses are warranted." (Opp'n, Doc. 94 at 7 ¶VII.) Plaintiff replies that he "re-alleges and incorporates as stated above in Section I-II, his response to the Defendants' arguments." (Reply, Doc. 102 at 10.)

**Discussion**

Plaintiff has not shown how RFA 51, 53 and 55 are relevant to his claims against McGregor. Plaintiff is proceeding against McGregor on a claim for excessive force, and RFA 51, 53 and 55 concern complaints filed against McGregor for denial of medical care, retaliation and withholding property. The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.). McGregor shall not be required to make any further responses to RFA 51, 53 or 55.

McGregor objection to RFA 52 as overbroad is sustained. McGregor shall not be required to make any further response to RFA 52.

///

49

McGregor's objections to RFA 54 are overruled.  RFA 54, concerning whether appeals were filed against McGregor based on excessive force, is relevant to Plaintiff's claims against McGregor. McGregor's denial, based upon insufficient information and knowledge, is inadequate, as he does not describe any effort to search for information before responding. McGregor shall be required to make an amended response to RFA 54, either making unqualified admissions or denials, or explaining in detail his efforts to search for information, with a listing of any documents he reviewed.  McGregor shall only be required to search for evidence of 602 complaints against him that were filed or pending during the five-year time period prior to and including January 24, 2005, in preparation for his amended response to RFA 54. No objections are allowed.

### b.   RFA 98 and 118

Plaintiff argues that defendant McGregor's responses to RFA 98 and 118 do not provide the requisite detail explaining why he is unable to admit or deny these requests based upon lack of knowledge, information, and memory.  McGregor responds that although he believes his responses to these requests are sufficient as stated, he will nonetheless provide amended responses confirming that he conducted a reasonable inquiry as required under Rule 36(a)(4), and that after such inquiry, he is still unable to admit or deny the request because he has no recollection.  McGregor shall be required to make an amended response to RFA 98 and 115, explaining in detail his efforts to search for information, with a listing of any documents he reviewed.

### c.   RFA 105

Plaintiff argues that defendant McGregor did not respond appropriately to RFA 105 when he admitted that Plaintiff was placed in the unit holding cage, because Plaintiff specifically asked if he was escorted and placed into the unit shower.

Defendant McGregor responds that he does not oppose Plaintiff's motion and will provide a further or amended response to RFA 105.  McGregor shall be required to make an amended response to RFA 105, explaining in detail his efforts to search for information, with a listing of any documents he reviewed.

///

///

### d.    RFA 120

Plaintiff requests that defendant McGregor be compelled to make further responses under sworn oath.  The issue in RFA 120, whether responses under oath are required by Rule 36, was addressed above.  Sworn responses are no longer required by Rule 36.  The cases cited by Plaintiff are outdated.  "The requirement that the answer to a request for admission be sworn [was] deleted, in favor of a provision that the answer be signed by the party or by his attorney."  (Fed. R. Civ. P. 36 advisory committee notes to 1970 amendment.)   Therefore, defendant McGregor shall not be required to submit any further response to RFA 120, and none of the Defendants is required to submit sworn responses to any of Plaintiff's RFAs.


### 7.    Defendant Nelson - RFA 50-54

Plaintiff seeks a court order compelling defendant Nelson to make further responses to Plaintiff's RFA 50-54, as follows.


> **REQUEST FOR ADMISSION 50:**

Admit or deny on or before January 24, 2005 you have had previous 602/citizen complaints filed against you for denying injured or medically ill prisoners medical treatment.

**RESPONSE TO REQUEST FOR ADMISSION 50:**

Defendant objects to this request because it is overbroad and not relevant to this action.  Without waiving and subject to these objections, Defendant responds as follows:  Defendant may have some grievance filed against him for various reasons, but has no independent recollection of any specific grievance or complaint being filed against him by an inmate.  Generally, when an inmate files a complaint or an appeal, those documents are kept within that individual inmate's central file, and not kept by the employee.  Based upon insufficient information and knowledge, this Defendant does [not] have enough information to admit or deny the request, and therefore denies the request on that basis.

> **REQUEST FOR ADMISSION 51:**

Admit or deny on or before January 24, 2005 you have had prior citizen complaints/602's filed against you for employee misconduct by other prisoners housed at Tehacapi State Prison and/or other CDCR institutions.

**RESPONSE TO REQUEST FOR ADMISSION 51:**

Defendant objects to this request because it is overbroad and not relevant to this action. Without waiving and subject to these objections, Defendant responds as follows: Defendant may have some grievance filed against him for various reasons, but has no independent recollection of any specific grievance or complaint being filed against him by an inmate. Generally, when an inmate files a complaint or an appeal, those documents are kept within that individual inmate's central file, and not kept by the employee. Based upon insufficient information and knowledge, this Defendant does [not] have enough information to admit or deny the request, and therefore denies the request on that basis.

> **REQUEST FOR ADMISSION 52:**

Admit or deny on or before January 24, 2005 you have had prior citizen complaints/602's filed against you for retaliatory conduct by other prisoners housed at Tehachapi State Prison and/or other CDCR institutions.

**RESPONSE TO REQUEST FOR ADMISSION 52:**

Defendant objects to this request because it is overbroad and not relevant to this action. Without waiving and subject to these objections, Defendant responds as follows: Defendant may have some grievance filed against him for various reasons, but has no independent recollection of any specific grievance or complaint being filed against him by an inmate. Generally, when an inmate files a complaint or an appeal, those documents are kept within that individual inmate's central file, and not kept by the employee. Based upon insufficient information and knowledge, this Defendant

///

does [not] have enough information to admit or deny the request, and therefore denies the request on that basis.

> **REQUEST FOR ADMISSION 53:**

Admit or deny on or before January 24, 2005 you have had prior citizen complaints/602's filed against you for excessive use of force by other prisoners housed at Tehacapi State Prison and/or other CDCR institutions.

**RESPONSE TO REQUEST FOR ADMISSION 53:**

Defendant objects to this request because it is overbroad and not relevant to this action. Without waiving and subject to these objections, Defendant responds as follows: Defendant may have some grievance filed against him for various reasons, but has no independent recollection of any specific grievance or complaint being filed against him by an inmate. Generally, when an inmate files a complaint or an appeal, those documents are kept within that individual inmate's central file, and not kept by the employee. Based upon insufficient information and knowledge, this Defendant does [not] have enough information to admit or deny the request, and therefore denies the request on that basis.

> **REQUEST FOR ADMISSION 54:**

Admit or deny you have had prior citizen complaints/602's filed against you for withholding prisoners property from them, by other prisoners housed at Tehacapi State Prison and/or other CDCR institutions.

**RESPONSE TO REQUEST FOR ADMISSION 54:**

Defendant objects to this request because it is overbroad and not relevant to this action. Without waiving and subject to these objections, Defendant responds as follows: Defendant may have some grievance filed against him for various reasons, but has no independent recollection of any specific grievance or complaint being filed against him by an inmate. Generally, when an inmate files a complaint or an appeal,

those documents are kept within that individual inmate's central file, and not kept by the employee.  Based upon insufficient information and knowledge, this Defendant does [not] have enough information to admit or deny the request, and therefore denies the request on that basis.

### a.    RFA 50-54

Plaintiff argues that defendant Nelson's responses to RFA 50-54 are inadequate because Nelson did not search all of the documents available to him before providing the responses.  Nelson states that "[f]or all the reasons stated above with respect to Blankenship's responses to Requests 48 to 55, Nelson's responses to those same requests (numbered 48 to 54 because of the inclusion of No. 50 which was missing from Blankenship's set) are proper and no further responses are warranted." (Opp'n, Doc. 94 at 7 ¶IV.)  Plaintiff replies that he "re-alleges and incorporates as stated above in Section I-II, his response to the Defendants' arguments."  (Reply, Doc. 102 at 10.)

**Discussion**

Plaintiff has not shown how RFA 50, 52, and 54 are relevant to his claims against Nelson. Plaintiff is proceeding against Nelson only on a claim for excessive force, and RFA 50, 52, and 54 concern complaints filed against Nelson for denial of medical treatment, retaliation, and withholding property.   The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery.  See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).  Nelson shall not be required to make any further responses to RFA 50, 52, or 54.

Nelson's objection to RFA 51 as overbroad is sustained.  Nelson shall not be required to make any further response to RFA 51.

Nelson's objections to RFA 53 are overruled.  RFA 53, concerning whether appeals were filed against Nelson based on excessive force, is relevant to Plaintiff's excessive force claim against Nelson.  Nelson's denial, based upon insufficient information and knowledge, is inadequate, as he does not describe any effort to search for information before responding. Nelson shall be required to make an amended response to RFA 53, either making an unqualified admission or denial, or explaining in detail his efforts to search for information, with a listing of any documents he

1
2
3

reviewed.  Nelson shall only be required to search for evidence of 602 complaints against him that were filed or pending during the five-year time period prior to and including January 24, 2005, in preparation for his amended response to RFA 53.  No objections are allowed.

4
5
6
7

**8.    Defendant Adams aka Salazar - RFA 23, 24, 28, 29, 33(37), and 37(41)**

Plaintiff seeks a court order compelling defendant Adams aka Salazar to make further responses to Plaintiff's RFA 23, 24, 28, 29, 33(37), and 37(41), as follows.

8
9

> **REQUEST FOR ADMISSION 23:**

10
11

Admit or deny on or before January 24, 2005 you had previous 602/citizen complaints filed against you for denying injured or medically ill prisoners medical treatment.

12
13

**RESPONSE TO REQUEST FOR ADMISSION 23:**

14
15

Responding party cannot admit or deny this request because she does not know whether inmates filed complaints (602) against her.

16
17

> **REQUEST FOR ADMISSION 24:**

18
19

Admit or deny on January 24th 2005 you had pending 602's/citizen complaints for denying injured or medically ill prisoners medical treatment.

20

**RESPONSE TO REQUEST FOR ADMISSION 24:**

21
22

Responding party cannot admit or deny this request because she does not know whether inmates filed complaints (602) against her.

23
24

> **REQUEST FOR ADMISSION 28:**

25

Admit or deny you have been sued by other prisoners for medical related issues.

26

**RESPONSE TO REQUEST FOR ADMISSION 28:**

27
28

Responding party objects to this request on the grounds it is overbroad, vague in its entirety, and is irrelevant and not reasonably calculated to lead to the discovery of

admissible evidence. Without waiving any objection, responding party cannot admit or deny this request because she does not know whether she has been sued by other prisoners for medical related issues.

> **REQUEST FOR ADMISSION 29:**

Admit or deny you had pending suits against you on January 24, 2005 for the denial of medical treatment and/or failure to protect.

**RESPONSE TO REQUEST FOR ADMISSION 29:**

Responding party objects to this request on the grounds it is overbroad, vague in its entirety, and is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, responding party cannot admit or deny this request because she does not know whether she had lawsuit pending against her for denial of medical treatment or failure to protect.

> **REQUEST FOR ADMISSION 33(37):**

Admit or deny on January 24th 2005 you had pending 602's/citizen complaints for denying injured or medically ill prisons medical treatment.

**RESPONSE TO REQUEST FOR ADMISSION 33(37):**

Responding party objects to this request on the grounds it is oppressive and harassing because she has already responded to a request seeking the same admission. Without waiving any objection, responding party cannot admit or deny this request because she does not know whether inmates filed complaints (602) against her.

> **REQUEST FOR ADMISSION 37(41):**

Admit or deny that you answered these admissions under sworn oath.

///
///
///

a.    **RFA 23, 24, 28, 29, and 33(37)**

Plaintiff argues that defendant Adams aka Salazar's responses to RFA 23, 24, 28, 29, and 33(37) are inadequate because Adams did not search all of the documents available to him before providing the responses.   Plaintiff "realleges and incorporates [his] argument in Section B (Blankenship's Responses)" as to these requests.  (Motion, Doc. 84 at 12 ¶J.)  Adams asserts that these requests are the same five requests Plaintiff propounded to defendant Blankenship at Requests 51 to 55, and "[f]or all the reasons stated above with respect to Blankenship's responses to Requests 51 to 55, Adams' responses to the same requests are proper and no further responses are warranted." (Opp'n, Doc. 94 at 9 ¶X.)  Plaintiff replies that he "re-alleges and incorporates as stated above in Section I-II, his response to the Defendants' arguments."  (Reply, Doc. 102 at 10.)

**Discussion**

The Court finds RFA 33(37) to be duplicative of other RFAs.  Adams shall not be required to make any further response to RFA 33(37).

Adams shall be required to make further responses to RFA 23, 24, 28, and 29.  These RFAs are relevant to Plaintiff's medical care claim against Adams.  Adams' responses that she cannot admit or deny the requests because she does not know whether inmates filed complaints (602) or lawsuits against her, is inadequate, as she does not describe any effort to search for information before responding. Adams shall be required to make amended responses to RFA 23, 24, 28, and 29, either making unqualified admissions or denials, or explaining in detail her efforts to search for information, with a listing of any documents she reviewed.  Adams shall only be required to search for evidence of lawsuits and 602 complaints against her that were filed or pending during the five-year time period prior to and including January 24, 2005, in preparation for her amended responses to RFA 23, 24, 28, and 29.  No objections are allowed.

B.    **RFA 37(41)**

Plaintiff argues that defendant Adams aka Salazar has not given her responses under oath as required.  Sworn responses are no longer required by Rule 36.  "The requirement that the answer to a request for admission be sworn [was] deleted, in favor of a provision that the answer be signed by the party or by his attorney."  (Fed. R. Civ. P. 36 advisory committee notes to 1970 amendment.)

57

Therefore, defendant Adams shall not be required to submit any further response to RFA 37(41), and none of the Defendants is required to submit sworn responses to any of Plaintiff's RFAs.

### 9.    Defendant Watson - RFA 48-54 and 130

Plaintiff seeks a court order compelling defendant Watson to make further responses to Plaintiff's RFA 48-54 and 130, as follows.

> **REQUEST FOR ADMISSION 48:[5]**

Admit or deny on or about January 24, 2005 that the toothbrushes found under the cell door were the actual weapons used in the extraction.

**RESPONSE TO REQUEST FOR ADMISSION 48:**

Defendant objects to this request on the grounds that it is vague, ambiguous and is not a plain statement of fact.  Notwithstanding these objections, and if plaintiff is referring to the toothbrushes that were found in his cell after the extraction, responding party admits that staff believe that Plaintiff used those toothbrushes to assault staff.

> **REQUEST FOR ADMISSION 49:**

Admit or deny on or about January 24, 2005, that the toothbrushes found under the cell door were actual weapons at all.

**RESPONSE TO REQUEST FOR ADMISSION 49:**

Defendant objects to this request on the grounds that it is vague, ambiguous and is not a plain statement of fact.  Notwithstanding these objections, and if plaintiff is referring to the toothbrushes that were found in his cell after the extraction,

///

[5]Plaintiff did not provide the court with a copy of RFA 48 to defendant Watson.  The court presumes, because RFA 49-54 for defendant Watson are identical to those propounded upon defendants Blankenship, Carrasco, and Chan, that RFA 48 is also identical.

responding party admits that staff believe that Plaintiff used those toothbrushes to assault staff.

> **REQUEST FOR ADMISSION 50:**

Admit or deny on or before January 24, 2005 you have had previous 602/citizen complaints filed against you for denying injured or medically ill prisoners medical treatment.

### RESPONSE TO REQUEST FOR ADMISSION 50:

Defendant objects to this request as overly broad, violates third party rights to privacy, and is in violation of Rule 26(b)(2)(c). It is very possible that a grievance has been filed for some various reason, against this Defendant over the course of their career, but the grievances are kept in the inmate's central file, and not possessed by the Defendant. This Defendant does not have any independent recollection of an appeal or the reasons for such a hypothetical appeal, to be able to sufficiently admit or deny this request. Based upon lack of information and belief, this Defendant denies the request on that basis.

> **REQUEST FOR ADMISSION 51:**

Admit or deny on January 24, 2005 you have had prior citizen complaints/602's filed against you for employee misconduct by other prisoners housed at Tehacapi State Prison and/or other CDCR institutions.

### RESPONSE TO REQUEST FOR ADMISSION 51:

Defendant objects to this request as overly broad, violates third party rights to privacy, and is in violation of Rule 26(b)(2)(c). It is very possible that a grievance has been filed for some various reason, against this Defendant over the course of their career, but the grievances are kept in the inmate's central file, and not possessed by the Defendant. This Defendant does not have any independent recollection of an appeal or the reasons for such a hypothetical appeal, to be able to sufficiently admit

///

or deny this request.  Based upon lack of information and belief, this Defendant denies the request on that basis.

> **REQUEST FOR ADMISSION 52:**

Admit or deny on or before January 24, 2005 you have had prior citizen complaints/602's filed against you for retaliatory conduct by other prisoners housed at Tehacapi State Prison and/or other CDCR institutions.

### RESPONSE TO REQUEST FOR ADMISSION 52:

Defendant objects to this request as overly broad, violates third party rights to privacy, and is in violation of Rule 26(b)(2)(c).  It is very possible that a grievance has been filed for some various reason, against this Defendant over the course of their career, but the grievances are kept in the inmate's central file, and not possessed by the Defendant.  This Defendant does not have any independent recollection of an appeal or the reasons for such a hypothetical appeal, to be able to sufficiently admit or deny this request.  Based upon lack of information and belief, this Defendant denies the request on that basis.

> **REQUEST FOR ADMISSION 53:**

Admit or deny on or before January 24, 2005 you have had prior citizen complaints/602's filed against you for excessive use of force by other prisoners housed at Tehacapi State Prison and/or other CDCR institutions.

### RESPONSE TO REQUEST FOR ADMISSION 53:

Defendant objects to this request as overly broad, violates third party rights to privacy, and is in violation of Rule 26(b)(2)(c).  It is very possible that a grievance has been filed for some various reason, against this Defendant over the course of their career, but the grievances are kept in the inmate's central file, and not possessed by the Defendant.  This Defendant does not have any independent recollection of an appeal or the reasons for such a hypothetical appeal, to be able to sufficiently admit

or deny this request.  Based upon lack of information and belief, this Defendant denies the request on that basis.

> **REQUEST FOR ADMISSION 54:**

Admit or deny you have had prior citizen complaints/602's filed against you for withholding prisoners property from them, by other prisoners housed at Tehacapi State Prison and/or other CDCR institutions.

### RESPONSE TO REQUEST FOR ADMISSION 54:

Defendant objects to this request as overly broad, violates third party rights to privacy, and is in violation of Rule 26(b)(2)(c).  It is very possible that a grievance has been filed for some various reason, against this Defendant over the course of their career, but the grievances are kept in the inmate's central file, and not possessed by the Defendant.  This Defendant does not have any independent recollection of an appeal or the reasons for such a hypothetical appeal, to be able to sufficiently admit or deny this request.  Based upon lack of information and belief, this Defendant denies the request on that basis.

> **REQUEST FOR ADMISSION 130:**

Admit or deny on or about January 24, 2005 you transferred from dinning hall #4, holding cage #8 to the 4B yard psychiatric (ACH) unit.

### RESPONSE TO REQUEST FOR ADMISSION 130:

Responding party admits Plaintiff was re-housed in the IVB Infirmary.

### AMENDED RESPONSE TO REQUEST FOR ADMISSION 130:

Responding party admits Plaintiff was re-housed in the IVB Infirmary, and he denies the remainder of this request.

///
///
///

### a.   **RFA 48 and 49**

Plaintiff argues that defendant Watson has not adequately responded to RFA 48 and 49 because he has provided hearsay responses based on speculation. Plaintiff maintains that the requests clearly asked Watson "if the toothbrushes found under the cell door 'were' actual weapons used in the extraction, not if the toothbrushes were used to stabb (*sic*) or assault staff." (Motion, Doc. 84 at 9 ¶D.) Plaintiff also asserts that he also asked "if these toothbrushes were actual weapons period." Id, Watson responds that it is unclear what Plaintiff meant by "the actual weapons used in the extraction," and asserts that he responded to the requests based on his interpretation of them. Plaintiff replies that RFA 48 and 49 clearly requested Watson to admit or deny that the toothbrushes found under the cell door were the actual weapons used in the extraction.

Watson responds that "[f]or all the reasons stated above with respect to Blankenship's responses to Requests 48 to 55, Watson's responses to those same requests (numbered 48 to 54 because of the inclusion of No. 50 which was missing from Blankenship's set) are proper and no further responses are warranted." (Opp'n, Doc. 94 at 7 ¶IV.)

Plaintiff replies that he "re-alleges and incorporates as stated above in Section I-II, his response to the Defendants' arguments." (Reply, Doc. 102 at 10.)

#### **Discussion**

Defendant Watson's objections to RFA 48 and 49 are sustained.  Plaintiff's assertion that RFA 48 and 49 were clearly stated is incorrect.  Watson shall not be required to make any further responses to RFA 48 and 49.

### b.   **RFA 50-54**

Plaintiff argues that defendant Watson's responses to RFA 50-54 are inadequate because Watson did not search all of the documents available to him before providing the responses.  Watson states that "[f]or all the reasons stated above with respect to Blankenship's responses to Requests 48 to 55, Watson's responses to those same requests (numbered 48 to 54 because of the inclusion of No. 50 which was missing from Blankenship's set) are proper and no further responses are warranted." (Opp'n, Doc. 94 at 7 ¶IV.)  Plaintiff replies that he "re-alleges and incorporates as stated above in Section I-II, his response to the Defendants' arguments." (Reply, Doc. 102 at 10.)

**Discussion**

Plaintiff has not shown how RFA 52 and 54 are relevant to his claims against Watson. Plaintiff is proceeding against Watson on claim for excessive force and denial of medical care, and RFA 52 and 54 concern complaints filed against Watson for retaliation and withholding property. The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery.  See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.). Watson shall not be required to make any further responses to RFA 52 or 54.

Watson's objection to RFA 51 as overbroad is sustained.  Watson shall not be required to make any further response to RFA 51.

Watson's objections to RFA 50 and 53 are overruled.  RFA 50 and 53, concerning whether appeals were filed against Watson based on excessive force and denial of medical care, are relevant to Plaintiff's claims against Watson.  Watson's denial, based upon insufficient information and knowledge, is inadequate, as he does not describe any effort to search for information before responding. Watson shall be required to make an amended response to RFA 50 and 53, either making unqualified admissions or denials, or explaining in detail his efforts to search for information, with a listing of any documents he reviewed.  Watson shall only be required to search for evidence of 602 complaints against him that were filed or pending during the five-year time period prior to and including January 24, 2005, in preparation for his amended responses to RFA 50 and 53.  No objections are allowed.

**c.   RFA 130**

Plaintiff argues that defendant Watson did not properly respond to RFA 130 because Watson sidestepped the question.  Plaintiff asserts that he specifically asked Watson to admit or deny if "he" transferred Plaintiff to the 4B yard psychiatric unit, not if Plaintiff was rehoused at the 4B yard infirmary.

Defendant Watson argues that his Amended Response to RFA 130 clarified his answer by admitting that Plaintiff was transferred to the IVB infirmary (psychiatric unit) and denied the remainder of the request, thus necessarily denying that Watson was the person who escorted or transferred Plaintiff to the infirmary.

By his Amended Response, Defendant Watson has adequately responded to RFA 130. Defendant Watson is not required to make any further response to RFA 130.

## V.  MOTION FOR SANCTIONS

Plaintiff seeks the imposition of sanctions upon Defendants, based on Plaintiff's motion to compel.  As discussed above, Plaintiff's motion to compel shall be granted in part, and Defendants shall be required to serve amended responses.  The Court declines at this stage of the proceedings to impose sanctions.  Asea, 669 F.2d at 1247 ("the district court should ordinarily first order an amended answer").  However, Defendants are warned that if their amended responses are subject to a future motion and the Court again finds noncompliance with Rule 36 and/or a lack of good faith in responding, the consequence will most likely be the imposition of sanctions, which may include an order that the matters are admitted.  Id.; Fed. R. Civ. P. 36(a)(6).

## VI.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion to compel further responses to Plaintiff's Request for Admissions Set One, filed on February 17, 2012, is GRANTED in part and DENIED in part;

2.      Within forty-five days from the date of service of this order, Defendants are required to make further responses to Plaintiff's Request for Admissions Set One, pursuant to this order, as follows:

(1)      Defendant Alexander shall serve Plaintiff with amended responses to RFA 8-13, 15-17, 19, 21, and 23, as instructed by this order;

(2)      Defendant Blankenship shall serve Plaintiff with an amended response to RFA 54, as instructed by this order;

(3)      Defendant Carrasco shall serve Plaintiff with amended responses to RFA 54 and 118, as instructed by this order;

(4)      Defendant Chan shall serve Plaintiff with an amended response to RFA 53, as instructed by this order;

(5)      Defendant Granillo shall serve Plaintiff with amended responses to RFA 50 and 53, as instructed by this order;

(6)    Defendant Jobb shall serve Plaintiff with an amended response to RFA 53, as instructed by this order;

(7)    Defendant Johnson shall serve Plaintiff with an amended response to RFA 54, as instructed by this order;

(8)    Defendant McGregor shall serve Plaintiff with amended responses to RFA 54, 98, 105, and 118, as instructed by this order;

(9)    Defendant Nelson shall serve Plaintiff with an amended response to RFA 53, as instructed by this order;

(10)    Defendant Adams aka Salazar shall serve Plaintiff with amended responses to RFA 23, 24, 28, and 29, as instructed by this order;

(11)    Defendant Watson shall serve Plaintiff with amended responses to RFA 50 and 54, as instructed by this order; and

3.    Plaintiff's motion for sanctions is DENIED.

IT IS SO ORDERED.

**Dated:**   **July 20, 2012**           **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE