1
2
3
4
5
6
# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8

9    GEORGE E. JACOBS IV,                    1:05-cv-01625-LJO-GSA-PC

10                 Plaintiff,                 ORDER DENYING PLAINTIFF'S MOTION
                                             TO COMPEL FURTHER RESPONSES TO
11          v.                               INTERROGATORIES AND FOR SANCTIONS
                                             (Doc. 86.)
12   W. J. SULLIVAN, et al.,

13                 Defendants.
                                        /
14

15   **I.      BACKGROUND**

16          Plaintiff George E. Jacobs IV ("Plaintiff") is a state prisoner proceeding pro se and in forma

17   pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action now proceeds with

18   the Third Amended Complaint filed by Plaintiff on May 5, 2010, on Plaintiff's Eighth Amendment

19   claims, against defendants D. Watson (correctional sergeant), P. Chan (correctional officer), S.

20   McGregor (correctional officer), D. Blankenship (correctional officer), M. Crotty[1] (correctional

21   officer), E. Granillo (correctional officer), C. Nelson (correctional officer), M. Carrasco (correctional

22   captain), R. Johnson (correctional lieutenant), and D. Jobb (correctional officer) for use of excessive

23   force; and against defendants J. Adams aka Salazar (medical technical assistant), Ms. Alexander

24   (registered nurse), Watson, and Granillo for failure to provide adequate medical care.[2]  (Doc. 29.)

25

26          [1]On June 23, 2011, Plaintiff's case against defendant Crotty was stayed pursuant to 11 U.S.C. §362(a)
     because defendant Crotty filed bankruptcy.  (Doc. 58.)  To date, the stay has not been lifted.
27
          [2]On October 20, 2010, the Court dismissed all other claims from this action, based on Plaintiff's failure to
28   state a claim.  (Doc. 31.)

                                                     1

1  On January 23, 2012, the Court issued a scheduling order in this action, extending the

2  discovery deadline to March 5, 2012, for the limited purpose of allowing Plaintiff to file a motion

3  to compel. (Doc. 83.) On February 23, 2012, Plaintiff filed a motion to compel further responses

4  to interrogatories, and for sanctions. (Doc. 86.) On March 13, 2012, Defendants filed an opposition.

5  (Doc. 89.) On May 15, 2012, Plaintiff filed a reply. (Doc. 99.) Plaintiff's motion to compel and for

6  sanctions is now before the Court.

7  **II.    PLAINTIFF'S ALLEGATIONS** [3]

8  Plaintiff alleges that he was transferred to CCI-Tehachapi from Lancaster State Prison.

9  Plaintiff complains that the staff at CCI-Tehachapi immediately acted hostile toward Plaintiff

10  because the staff at Lancaster State Prison informed them that Plaintiff was a "staff assaulter" and

11  filed administrative grievances. (Third Amended Complaint ("3ACP"), Doc. 29 ¶ 22.)

12  Plaintiff claims that defendant D. Watson withheld Plaintiff's personal and legal property

13  because of Plaintiff's reputation as a staff assaulter and grievance filer. Plaintiff filed a grievance

14  about his property, but did not receive his property. Plaintiff told defendant D. Blankenship that he

15  wanted to speak with higher authorities. Blankenship told Plaintiff that "today is not a good day to

16  be doing this because the sergeant (defendant D. Watson) is not to be messed with!" (3ACP ¶ 25.)

17  Later, Watson approached Plaintiff and berated him. Plaintiff asked to speak with a higher authority

18  again, but Watson began making comments about Plaintiff "wanting to hurt himself" and began

19  spraying Plaintiff with pepper spray. (3ACP ¶ 27.) Defendant P. Chan also joined in and sprayed

20  Plaintiff. Watson asked Plaintiff if he wanted to come out of the cell, but when Plaintiff approached

21  the door, he was bombarded with more pepper spray. Defendant S. McGregor then opened the door

22  from the control tower to allow Watson to directly spray Plaintiff. Watson asked Plaintiff if he was

23  ready to exit and the cell door suddenly opened completely and a crowd of guards rushed in and

24  attacked Plaintiff. Plaintiff claims that defendants Carrasco, Johnson, Jobb, Watson, and Chan were

25  standing at the entrance of Plaintiff's cell watching defendants Blankenship, Crotty, Granillo, and

26

27  _____

[3]This summary includes Plaintiff's allegations against Defendants in the Third Amended Complaint, upon

28  which the Court based its finding that Plaintiff stated the cognizable claims upon which this case now proceeds. (See Court's Screening Order, Doc. 31.)

Nelson "assault and batter Plaintiff in the form of using unnecessary use of force excessively." (3ACP ¶ 33.) Plaintiff was then shackled and taken to a cell outside the building. Plaintiff's clothes were cut off and he was sprayed with cold water. Plaintiff claims that the weather was particularly cold because it was in the middle of winter. Plaintiff was verbally abused by Watson while he was being hosed down.

Watson and Granillo then escorted Plaintiff to the dining hall and placed him in a holding cage and strip searched him, leaving him naked. Watson took out his pepper spray and shook it up while making sexually harassing remarks. Watson left and returned later to tell Plaintiff that his officers were injured and weapons were found in Plaintiff's cell. Plaintiff was then sprayed with pepper spray again. Watson then falsely reported that Plaintiff spat on Watson's face, to justify the use of pepper spray. Plaintiff claims that Granillo was present during the entire sequence of events but failed to intervene. Plaintiff alleges that Watson refused to summon medical attention unless Plaintiff agreed to exit the holding cage and allow Watson to wash off all the pepper spray to eliminate any evidence of misconduct. When Plaintiff pled for medical assistance, Watson went outside to get the hose and sprayed Plaintiff with water again. Plaintiff claims that D. Abarquez (not named as a defendant) then took photos of Plaintiff.

Plaintiff complains that Abarquez was responsible for collecting evidence of the incident but allowed Plaintiff's cell to remain unsecured for over an hour, thereby allowing the other defendants to enter and exit and plant false evidence in the cell. Plaintiff was later seen by defendant J. Adams and a "psych doctor." (3ACP ¶ 46.) Plaintiff complains that neither person did anything to have Plaintiff transported to the medical health care unit for treatment. Plaintiff complained about the burning sensation in his eyes and on his body, and told J. Adams that he was on eye medication and needed his medication to alleviate the pain. Adams ignored Plaintiff and walked away. Plaintiff also complains that defendant Alexander came by, but refused to offer any medical treatment. Hours later, Watson told Plaintiff that he was being moved to the infirmary to be examined by a physician. However, Plaintiff alleges that he was tricked and was not seen by a physician. Plaintiff alleges that he was placed on suicide watch "in direct violation of his civil liberties." (3ACP ¶ 50.) Plaintiff complains that while he was on suicide watch, he was "not provided with any of life's bare minimum

1  necessities" because he was fed via "two plastic bags filled with loose food." (3ACP ¶ 51.)  Later,

2  D. Abarquez transferred Plaintiff to CSP-Corcoran.  Plaintiff was told that he was being transferred

3  to receive medical care, but was instead placed on suicide watch at CSP-Corcoran.  Plaintiff claims

4  that the entire incident was a conspiracy to place Plaintiff on suicide watch in response to Plaintiff's

5  exercise of his right to file administrative grievances complaining about the conduct of prison

6  guards.  Plaintiff claims that Defendant John Doe #1 is a senior hearing official who served as the

7  adjudicator for the rules violation report that Plaintiff received as a result of the pepper spray

8  incident.  John Doe #1 found Plaintiff guilty of battery on a peace officer with a deadly weapon.

9  Plaintiff claims that he was denied the right to call the defendants and all other pertinent eye

10  witnesses.  Plaintiff also claims he was denied the right to present physical and documentary

11  evidence.  Plaintiff was told that he would be found guilty regardless of any evidence that Plaintiff

12  presented in his defense.

13  **III.   PLAINTIFF'S CLAIMS**

14      **A.    Eighth Amendment Excessive Force Claim**

15          The Court found that Plaintiff states a cognizable claim for excessive force under the Eighth

16  Amendment, against defendants Watson, Chan, McGregor, Blankenship, Crotty, Granillo, Nelson,

17  Carrasco, Johnson, and Jobb, for attacking Plaintiff and maliciously pepper-spraying Plaintiff.

18  Plaintiff claims that defendants Watson and Chan pepper sprayed Plaintiff in a malicious manner.

19  Plaintiff alleges that defendant McGregor participated in the first pepper spray incident by opening

20  the door for Watson so he could administer the pepper spray directly at Plaintiff.  Plaintiff alleges

21  that defendants Blankenship, Crotty, Granillo, and Nelson attacked Plaintiff while defendants

22  Carrasco, Johnson, Jobb, Watson, and Chan stood nearby and observed without making any effort

23  to intervene.  Plaintiff was later hosed down in the cold and pepper sprayed again by Watson in a

24  malicious manner.  Plaintiff alleges that defendant Granillo stood by and observed without making

25  any effort to intervene.

26          "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

27  Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."  Hudson v.

28  McMillian, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . .

4

. contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7.  "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id.  (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

**B.    Eighth Amendment Medical Care Claim**

The Court found that Plaintiff states cognizable claims against defendants Adams aka Salazar, Alexander, Watson, and Granillo for failure to provide adequate medical care in violation of the Eighth Amendment, for ignoring Plaintiff's requests for decontamination from the effects of the pepper spray and Plaintiff's requests for access to his eye medication to alleviate the pain from pepper spray.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part

test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).  The failure to decontaminate prisoners or otherwise provide medical treatment for prisoners exposed to pepper spray can support a claim for the violation of the Eighth Amendment.  Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002).

## IV.    MOTION TO COMPEL AND FOR SANCTIONS

### A.    Federal Rules of Civil Procedure 26(b), 33, and 37(a)

Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 33(a), an interrogatory may relate to any matter that may be inquired into under Rule 26(b). Fed. R. Civ. P. 33(a)(2).  Each interrogatory must, to the extent it is not objected

to, be answered separately and fully in writing under oath, Fed. R. Civ. P. 33(b)(3), and the grounds for objecting to an interrogatory must be stated with specificity, Fed. R. Civ. P. 33(b)(4).  A party answering interrogatories cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control.  Essex Builders Group, Inc. v. Amerisure Insurance Co., 230 F.R.D. 682, 685 (M.D. Fla. 2005).  If a party cannot furnish details, he should say so under oath, and say why and set forth the efforts used to obtain the information, and cannot plead ignorance to information that is from sources within his control.  Milner v. National School of Health Technology, 73 F.R.D. 628, 632 (E.D. Pa.1977).  "However, where the answer states that no record exists, the court cannot compel the impossible." Id. at 633 (citing Moss v. Lane Co., 50 F.R.D. 122, 128 (W.D. Va. 1970), aff'd in part, remanded in part, 471 F.2d 853 (4th Cir. 1973)).  A sworn answer indicating a lack of knowledge and no means of obtaining knowledge is not objectionable.  Milner 73 F.R.D. at 633 (citing Brennan v. Glenn Falls Nat. Bank & Trust Co., 19 F.R.Serv.2d 721, 722-23 (N.D.N.Y.1974)).

Pursuant to Rule 37(a), a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a).  "An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981)).  The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery.  See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

## B.   **Plaintiff's Motion**

Plaintiff seeks a court order compelling Defendants to serve further responses to his Interrogatories Set One.  Specifically, Plaintiff requests further responses by defendant Ms. Alexander (registered nurse) to Interrogatories 1-15 and 18, and by defendant M. Carrasco (correctional officer) to Interrogatories 4 and 17.  Plaintiff asserts that he served Interrogatories Set One on Defendants on April 30, 2011, and Defendants responded on December 19, 2011.  Plaintiff

argues that Defendants' responses were evasive, incomplete, unreasonable, and failed to disclose information required by Federal Rules of Civil Procedure 26(a), without good cause and/or substantial justification.

Plaintiff also seeks sanctions, on the ground that Defendants' failure to adequately respond to the Interrogatories had no substantial justification.

Defendants argue that the Court should deny Plaintiff's motion because their responses are true and complete.

### 1.   Defendant Alexander

> **INTERROGATORY NO. 1:**

At approximately what time did you arrive to dinning hall #4 on 1-24-05.

**RESPONSE TO INTERROGATORY NO. 1:**

Responding party does not recall going to dining hall #4 on January 24, 2005. After a reasonable inquiry and diligent search, she has no documents to refresh her recollection.

**Discussion**

Plaintiff argues that this response is inadequate because defendant Alexander has not provided information that is well within her reach. Plaintiff maintains that he (Plaintiff) has documented proof that Alexander was in the dining hall #4 and saw Plaintiff on January 24, 2005. As evidence, Plaintiff provides a copy of a crime incident report by defendant Adams. (Exh B to Motion, Doc. 86 at 26-28.)

In opposition, defendant Alexander submits a declaration asserting that, contrary to Plaintiff's contention, she reviewed defendant Adams' report and all relevant medical records from January 24 to January 30, 2005 in preparing her responses to Plaintiff's discovery. (Alexander Decl., Doc. 89 at 7.) Alexander declares that despite reviewing those documents, none which she authored, she has no recollection of seeing Plaintiff or of the events of January 24, 2005. (Id. ¶¶ 3-5.) Alexander argues that Adams' report, in which Adams states "At approximately 0853 Alexander RN went out and checked the I/M," makes no mention that Adams saw Alexander enter dining hall #4, treat Plaintiff, or actually make contact with Plaintiff. (Doc. 86 at 28.)

1   Plaintiff replies that defendant Alexander has not made a reasonable effort to obtain the

2   information to answer this Interrogatory because she did not inquire of other persons, organizations,

3   or business records available to her.  Plaintiff argues that Alexander's response that she does not

4   recall going to the dining hall is inadequate without specifying what records or documents she

5   reviewed to try to provide an answer.  Further, Plaintiff argues that the facts are undisputed that

6   Alexander was present, as there was only one incident on January 24, 2005 involving a cell

7   extraction of one prisoner (Plaintiff) resulting in two guards being stabbed and a third guard

8   assaulted, and Plaintiff was the only prisoner held in dining hall #4 in holding cage #8 at 8:53 a.m.

9   Defendant Alexander's response that she has made a reasonable and diligent search but has

10  no documents to refresh her recollection, together with Alexander's declaration asserting that she

11  reviewed the crime incident report prepared by defendant Adams and Plaintiff's relevant medical

12  records, is sufficient.   This Interrogatory asks Alexander "what time" she arrived at the dining hall.

13  The Court cannot compel Alexander to recall this information or to provide a conclusive response

14  based on circumstantial evidence.  Therefore, defendant Alexander is not required to provide any

15  further response to this Interrogatory.

16

17  >   **INTERROGATORY NO. 2:**

18  What was the reason why you reported to dinning hall #4 on 1-24-05.

19  **RESPONSE TO INTERROGATORY NO. 2:**

20  Responding party does not recall going to dining hall #4 on January 24, 2005.  After

21  a reasonable inquiry and diligent search, she has no documents to refresh her

22  recollection.

23  **Discussion**

24  Plaintiff argues that this response is inadequate because defendant Alexander has not

25  provided information that is well within her reach.  Plaintiff maintains that he (Plaintiff) has

26  documented proof that Alexander was in the dining hall #4 and saw Plaintiff on January 24, 2005.

27  As evidence, Plaintiff provides a copy of a crime incident report by defendant Adams.  (Exh B to

28  Motion, Doc. 86 at 26-28.)

In opposition, defendant Alexander provides a declaration asserting that, contrary to Plaintiff's contention, she reviewed defendant Adams' report and all relevant medical records from January 24 to January 30, 2005 in preparing her responses to Plaintiff's discovery. (Alexander Decl., Doc. 89 at 7.) Alexander declares that despite reviewing those documents, none which she authored, she has no recollection of seeing Plaintiff or of the events of January 24, 2005. (Id. ¶¶ 3-5.) Alexander argues that Adams' report, in which Adams states "At approximately 0853 Alexander RN went out and checked the I/M," makes no mention that Adams saw Alexander enter dining hall #4, treat Plaintiff, or actually make contact with Plaintiff. (Doc. 86 at 28.)

Plaintiff replies that defendant Alexander has not made a reasonable effort to obtain the information to answer this Interrogatory because she did not inquire of other persons, organizations, or business records available to her. Plaintiff argues that Alexander's response that she does not recall going to the dining hall is inadequate without specifying what records or documents she reviewed to try to provide an answer. Further, Plaintiff argues that the facts are undisputed that Alexander was present, as there was only one incident on January 24, 2005 involving a cell extraction of one prisoner (Plaintiff) resulting in two guards being stabbed and a third guard assaulted, and Plaintiff was the only prisoner held in dining hall #4 in holding cage #8 at 8:53 a.m.

Defendant Alexander's response that she has made a reasonable and diligent search but has no documents to refresh her recollection, together with Alexander's declaration asserting that she reviewed the crime incident report prepared by defendant Adams and Plaintiff's relevant medical records, is sufficient. This Interrogatory asks Alexander why she reported to the dining hall. The Court cannot compel Alexander to recall this information or to provide a conclusive response based on circumstantial evidence. Therefore, defendant Alexander is not required to provide any further response to this Interrogatory.

> **INTERROGATORY NO. 3:**

When you arrived to dinning hall #4 did you examine Plaintiff, explain in detail please.

**RESPONSE TO INTERROGATORY NO. 3:**

Responding party does not recall seeing or treating Plaintiff on January 24, 2005.

1    After a reasonable inquiry and diligent search, she has no documents to refresh her

2    recollection.

3    **Discussion**

4    Plaintiff argues that this response is inadequate because defendant Alexander has not

5    provided information that is well within her reach.  Plaintiff maintains that he (Plaintiff) has

6    documented proof that Alexander was in the dining hall #4 and saw Plaintiff on January 24, 2005.

7    As evidence, Plaintiff provides a copy of a crime incident report by defendant Adams.  (Exh B to

8    Motion, Doc. 86 at 26-28.)

9    In opposition, defendant Alexander provides a declaration asserting that, contrary to

10   Plaintiff's contention, she reviewed defendant Adams' report and all relevant medical records from

11   January 24 to January 30, 2005 in preparing her responses to Plaintiff's discovery.  (Alexander Decl.,

12   Doc. 89 at 7.)  Alexander declares that despite reviewing those documents, none which she authored,

13   she has no recollection of seeing Plaintiff or of the events of January 24, 2005.  (Id. ¶¶ 3-5.)

14   Alexander argues that Adams' report, in which Adams states "At approximately 0853 Alexander RN

15   went out and checked the I/M," makes no mention that Adams saw Alexander enter dining hall #4,

16   treat Plaintiff, or actually make contact with Plaintiff.  (Doc. 86 at 28.)  Alexander also declares that

17   based on her customary practice, had she seen or treated Plaintiff on January 24, 2005, she would

18   have prepared a Medical Report of Injury or Unusual Occurrence (Form 7219) or a Progress Note

19   (Form 7230).  (Alexander Decl., Doc. 89 at 7 ¶5.)

20   Plaintiff replies that defendant Alexander has not made a reasonable effort to obtain the

21   information to answer this Interrogatory because she did not inquire of other persons, organizations,

22   or business records available to her.  Plaintiff argues that Alexander's response is inadequate without

23   specifying what records or documents she reviewed to try to provide an answer.  Further, Plaintiff

24   argues that the facts are undisputed that Alexander was present, as there was only one incident on

25   January 24, 2005 involving a cell extraction of one prisoner (Plaintiff) resulting in two guards being

26   stabbed and a third guard assaulted, and Plaintiff was the only prisoner held in dining hall #4 in

27   holding cage #8 at 8:53 a.m.

28   ///

1    Defendant Alexander's response that she has made a reasonable and diligent search but has

2    no documents to refresh her recollection, together with Alexander's declaration asserting that she

3    reviewed the crime incident report prepared by defendant Adams and Plaintiff's relevant medical

4    records, is sufficient.   This Interrogatory asks Alexander whether she examined Plaintiff when she

5    arrived at the dining hall.  This Interrogatory assumes that Alexander went to the dining hall, which

6    Alexander has stated she does not recall.   The Court cannot compel Alexander to recall this

7    information or to provide a conclusive response based on circumstantial evidence.   Therefore,

8    defendant Alexander is not required to provide any further response to this Interrogatory.

9

10   **>    INTERROGATORY NO. 4:**

11   When you arrived to dinning hall #4 was Plaintiff secured in one of the holding cages.

12   **RESPONSE TO INTERROGATORY NO. 4:**

13   Responding party does not recall seeing or treating Plaintiff on January 24, 2005.

14   After a reasonable inquiry and diligent search, she has no documents to refresh her

15   recollection.

16   **Discussion**

17   Plaintiff argues that this response is inadequate because defendant Alexander has not

18   provided information that is well within her reach.  Plaintiff maintains that he (Plaintiff) has

19   documented proof that Alexander was in the dining hall #4 and saw Plaintiff on January 24, 2005.

20   As evidence, Plaintiff provides a copy of a crime incident report by defendant Adams.  (Exh B to

21   Motion, Doc. 86 at 26-28.)

22   In opposition, defendant Alexander provides a declaration asserting that, contrary to

23   Plaintiff's contention, she reviewed defendant Adams' report and all relevant medical records from

24   January 24 to January 30, 2005 in preparing her responses to Plaintiff's discovery. (Alexander Decl.,

25   Doc. 89 at 7.)  Alexander declares that despite reviewing those documents, none which she authored,

26   she has no recollection of seeing Plaintiff or of the events of January 24, 2005.  (Id. ¶¶ 3-5.)

27   Alexander argues that Adams' report, in which Adams states "At approximately 0853 Alexander RN

28   went out and checked the I/M," makes no mention that Adams saw Alexander enter dining hall #4,

treat Plaintiff, or actually make contact with Plaintiff. (Doc. 86 at 28.)  Alexander also declares that based on her customary practice, had she seen or treated Plaintiff on January 24, 2005, she would have prepared a Medical Report of Injury or Unusual Occurrence (Form 7219) or a Progress Note (Form 7230).  (Alexander Decl., Doc. 89 at 7 ¶5.)

Plaintiff replies that defendant Alexander has not made a reasonable effort to obtain the information to answer this Interrogatory because she did not inquire of other persons, organizations, or business records available to her.  Plaintiff argues that Alexander's response is inadequate without specifying what records or documents she reviewed to try to provide an answer.  Further, Plaintiff argues that the facts are undisputed that Alexander was present, as there was only one incident on January 24, 2005 involving a cell extraction of one prisoner (Plaintiff) resulting in two guards being stabbed and a third guard assaulted, and Plaintiff was the only prisoner held in dining hall #4 in holding cage #8 at 8:53 a.m.

Defendant Alexander's response that she has made a reasonable and diligent search but has no documents to refresh her recollection, together with Alexander's declaration asserting that she reviewed the crime incident report prepared by defendant Adams and Plaintiff's relevant medical records, is sufficient.   This Interrogatory asks Alexander whether Plaintiff was secured in a holding cage when she arrived at the dining hall.  This Interrogatory assumes that Alexander went to the dining hall, which Alexander has stated she does not recall.  The Court cannot compel Alexander to recall this information or to provide a conclusive response based on circumstantial evidence. Therefore, defendant Alexander is not required to provide any further response to this Interrogatory.

> **INTERROGATORY NO. 5:**

When you observed Plaintiff secured in this holding cage.  Did he have any clothing on.

    **RESPONSE TO INTERROGATORY NO. 5:**

    Responding party does not recall seeing or treating Plaintiff on January 24, 2005. After a reasonable inquiry and diligent search, she has no documents to refresh her recollection.

*///*

**Discussion**

Plaintiff argues that this response is inadequate because defendant Alexander has not provided information that is well within her reach. Plaintiff maintains that he (Plaintiff) has documented proof that Alexander was in the dining hall #4 and saw Plaintiff on January 24, 2005. As evidence, Plaintiff provides a copy of a crime incident report by defendant Adams. (Exh B to Motion, Doc. 86 at 26-28.)

In opposition, defendant Alexander provides a declaration asserting that, contrary to Plaintiff's contention, she reviewed defendant Adams' report and all relevant medical records from January 24 to January 30, 2005 in preparing her responses to Plaintiff's discovery. (Alexander Decl., Doc. 89 at 7.) Alexander declares that despite reviewing those documents, none which she authored, she has no recollection of seeing Plaintiff or of the events of January 24, 2005. (Id. ¶¶ 3-5.) Alexander argues that Adams' report, in which Adams states "At approximately 0853 Alexander RN went out and checked the I/M," makes no mention that Adams saw Alexander enter dining hall #4, treat Plaintiff, or actually make contact with Plaintiff. (Doc. 86 at 28.) Alexander also declares that based on her customary practice, had she seen or treated Plaintiff on January 24, 2005, she would have prepared a Medical Report of Injury or Unusual Occurrence (Form 7219) or a Progress Note (Form 7230). (Alexander Decl., Doc. 89 at 7 ¶5.)

Plaintiff replies that defendant Alexander has not made a reasonable effort to obtain the information to answer this Interrogatory because she did not inquire of other persons, organizations, or business records available to her. Plaintiff argues that Alexander's response is inadequate without specifying what records or documents she reviewed to try to provide an answer. Further, Plaintiff argues that the facts are undisputed that Alexander was present, as there was only one incident on January 24, 2005 involving a cell extraction of one prisoner (Plaintiff) resulting in two guards being stabbed and a third guard assaulted, and Plaintiff was the only prisoner held in dining hall #4 in holding cage #8 at 8:53 a.m.

Defendant Alexander's response that she has made a reasonable and diligent search but has no documents to refresh her recollection, together with Alexander's declaration asserting that she reviewed the crime incident report prepared by defendant Adams and Plaintiff's relevant medical

records, is sufficient.  This Interrogatory asks Alexander whether Plaintiff was wearing clothing when Alexander observed him in a holding cage.  This Interrogatory assumes that Alexander observed Plaintiff in a holding cage, which Alexander has stated she does not recall.  The Court cannot compel Alexander to recall this information or to provide a conclusive response based on circumstantial evidence.  Therefore, defendant Alexander is not required to provide any further response to this Interrogatory.

> **INTERROGATORY NO. 6:**

When you arrived to dinning hall #4 did you notice and/or smell the presence [sic] of o.c. pepper spray.

**RESPONSE TO INTERROGATORY NO. 6:**

Responding party does not recall seeing or treating Plaintiff on January 24, 2005. After a reasonable inquiry and diligent search, she has no documents to refresh her recollection.

**Discussion**

Plaintiff argues that this response is inadequate because defendant Alexander has not provided information that is well within her reach.  Plaintiff maintains that he (Plaintiff) has documented proof that Alexander was in the dining hall #4 and saw Plaintiff on January 24, 2005. As evidence, Plaintiff provides a copy of a crime incident report by defendant Adams.  (Exh B to Motion, Doc. 86 at 26-28.)

In opposition, defendant Alexander provides a declaration asserting that, contrary to Plaintiff's contention, she reviewed defendant Adams' report and all relevant medical records  from January 24 to January 30, 2005 in preparing her responses to Plaintiff's discovery.  (Alexander Decl., Doc. 89 at 7.)  Alexander declares that despite reviewing those documents, none which she authored, she has no recollection of seeing Plaintiff or of the events of January 24, 2005.  (Id. ¶¶ 3-5.) Alexander argues that Adams' report, in which Adams states "At approximately 0853 Alexander RN went out and checked the I/M," makes no mention that Adams saw Alexander enter dining hall #4, treat Plaintiff, or actually make contact with Plaintiff.  (Doc. 86 at 28.)  Alexander also declares that

15

based on her customary practice, had she seen or treated Plaintiff on January 24, 2005, she would have prepared a Medical Report of Injury or Unusual Occurrence (Form 7219) or a Progress Note (Form 7230).  (Alexander Decl., Doc. 89 at 7 ¶5.)

Plaintiff replies that defendant Alexander has not made a reasonable effort to obtain the information to answer this Interrogatory because she did not inquire of other persons, organizations, or business records available to her.  Plaintiff argues that Alexander's response is inadequate without specifying what records or documents she reviewed to try to provide an answer.  Further, Plaintiff argues that the facts are undisputed that Alexander was present, as there was only one incident on January 24, 2005 involving a cell extraction of one prisoner (Plaintiff) resulting in two guards being stabbed and a third guard assaulted, and Plaintiff was the only prisoner held in dining hall #4 in holding cage #8 at 8:53 a.m.

Defendant Alexander's response that she has made a reasonable and diligent search but has no documents to refresh her recollection, together with Alexander's declaration asserting that she reviewed the crime incident report prepared by defendant Adams and Plaintiff's relevant medical records, is sufficient.  This Interrogatory asks Alexander whether she noticed or smelled the presence of pepper spray when she arrived at the dining hall.  This Interrogatory assumes that Alexander went to the dining hall, which Alexander has stated she does not recall.  The Court cannot compel Alexander to recall this information or to provide a conclusive response based on circumstantial evidence.  Therefore, defendant Alexander is not required to provide any further response to this Interrogatory.

> **INTERROGATORY NO. 7:**

When you observed Plaintiff secured inside the holding cage was there liquid inside the cage and/or outside the surrounding area.  Explain in detail please.

**RESPONSE TO INTERROGATORY NO. 7:**

Responding party does not recall seeing or treating Plaintiff on January 24, 2005.  After a reasonable inquiry and diligent search, she has no documents to refresh her recollection.

**Discussion**

Plaintiff argues that this response is inadequate because defendant Alexander has not provided information that is well within her reach. Plaintiff maintains that he (Plaintiff) has documented proof that Alexander was in the dining hall #4 and saw Plaintiff on January 24, 2005. As evidence, Plaintiff provides a copy of a crime incident report by defendant Adams. (Exh B to Motion, Doc. 86 at 26-28.)

In opposition, defendant Alexander provides a declaration asserting that, contrary to Plaintiff's contention, she reviewed defendant Adams' report and all relevant medical records from January 24 to January 30, 2005 in preparing her responses to Plaintiff's discovery. (Alexander Decl., Doc. 89 at 7.) Alexander declares that despite reviewing those documents, none which she authored, she has no recollection of seeing Plaintiff or of the events of January 24, 2005. (Id. ¶¶ 3-5.) Alexander argues that Adams' report, in which Adams states "At approximately 0853 Alexander RN went out and checked the I/M," makes no mention that Adams saw Alexander enter dining hall #4, treat Plaintiff, or actually make contact with Plaintiff. (Doc. 86 at 28.) Alexander also declares that based on her customary practice, had she seen or treated Plaintiff on January 24, 2005, she would have prepared a Medical Report of Injury or Unusual Occurrence (Form 7219) or a Progress Note (Form 7230). (Alexander Decl., Doc. 89 at 7 ¶5.)

Plaintiff replies that defendant Alexander has not made a reasonable effort to obtain the information to answer this Interrogatory because she did not inquire of other persons, organizations, or business records available to her. Plaintiff argues that Alexander's response is inadequate without specifying what records or documents she reviewed to try to provide an answer. Further, Plaintiff argues that the facts are undisputed that Alexander was present, as there was only one incident on January 24, 2005 involving a cell extraction of one prisoner (Plaintiff) resulting in two guards being stabbed and a third guard assaulted, and Plaintiff was the only prisoner held in dining hall #4 in holding cage #8 at 8:53 a.m.

Defendant Alexander's response that she has made a reasonable and diligent search but has no documents to refresh her recollection, together with Alexander's declaration asserting that she reviewed the crime incident report prepared by defendant Adams and Plaintiff's relevant medical

records, is sufficient.  This Interrogatory 7 asks Alexander whether there was liquid inside the holding cage and/or outside the surrounding area when Alexander observed Plaintiff in a holding cage.  This Interrogatory assumes that Alexander observed Plaintiff in a holding cage, which Alexander has stated she does not recall.  The Court cannot compel Alexander to recall this information or to provide a conclusive response based on circumstantial evidence.  Therefore, defendant Alexander is not required to provide any further response to this Interrogatory.

> **INTERROGATORY NO. 8:**

Did you notice any o.c. pepper spray present on Plaintiff's body, on 1-24-05.

**RESPONSE TO INTERROGATORY NO. 8:**

Responding party does not recall seeing or treating Plaintiff on January 24, 2005. After a reasonable inquiry and diligent search, she has no documents to refresh her recollection.

**Discussion**

Plaintiff argues that this response is inadequate because defendant Alexander has not provided information that is well within her reach.  Plaintiff maintains that he (Plaintiff) has documented proof that Alexander was in the dining hall #4 and saw Plaintiff on January 24, 2005. As evidence, Plaintiff provides a copy of a crime incident report by defendant Adams.  (Exh B to Motion, Doc. 86 at 26-28.)

In opposition, defendant Alexander provides a declaration asserting that, contrary to Plaintiff's contention, she reviewed defendant Adams' report and all relevant medical records from January 24 to January 30, 2005 in preparing her responses to Plaintiff's discovery.  (Alexander Decl., Doc. 89 at 7.)  Alexander declares that despite reviewing those documents, none which she authored, she has no recollection of seeing Plaintiff or of the events of January 24, 2005.  (Id. ¶¶ 3-5.) Alexander argues that Adams' report, in which Adams states "At approximately 0853 Alexander RN went out and checked the I/M," makes no mention that Adams saw Alexander enter dining hall #4, treat Plaintiff, or actually make contact with Plaintiff.  (Doc. 86 at 28.)  Alexander also declares that based on her customary practice, had she seen or treated Plaintiff on January 24, 2005, she would

have prepared a Medical Report of Injury or Unusual Occurrence (Form 7219) or a Progress Note (Form 7230).  (Alexander Decl., Doc. 89 at 7 ¶5.)

Plaintiff replies that defendant Alexander has not made a reasonable effort to obtain the information to answer this Interrogatory because she did not inquire of other persons, organizations, or business records available to her.  Plaintiff argues that Alexander's response is inadequate without specifying what records or documents she reviewed to try to provide an answer.  Further, Plaintiff argues that the facts are undisputed that Alexander was present, as there was only one incident on January 24, 2005 involving a cell extraction of one prisoner (Plaintiff) resulting in two guards being stabbed and a third guard assaulted, and Plaintiff was the only prisoner held in dining hall #4 in holding cage #8 at 8:53 a.m.

Defendant Alexander's response that she has made a reasonable and diligent search but has no documents to refresh her recollection, together with Alexander's declaration asserting that she reviewed the crime incident report prepared by defendant Adams and Plaintiff's relevant medical records, is sufficient.  This Interrogatory asks Alexander whether she noticed any pepper spray on Plaintiff's body.  This Interrogatory assumes that Alexander observed Plaintiff on January 24, 2005, which Alexander has stated she does not recall.  The Court cannot compel Alexander to recall this information or to provide a conclusive response based on circumstantial evidence.  Therefore, defendant Alexander is not required to provide any further response to this Interrogatory.

> **INTERROGATORY NO. 9:**

Were you aware that upon your arrival Plaintiff had just been sprayed with o.c. pepper spray inside the holding cage he was currently secured in, on 1-24-05.

**RESPONSE TO INTERROGATORY NO. 9:**

No.  Responding party does not recall seeing or treating Plaintiff on January 24, 2005.  After a reasonable inquiry and diligent search, she has no documents to refresh her recollection.

///

///

**Discussion**

Plaintiff argues that this response is inadequate because defendant Alexander has not provided information that is well within her reach. Plaintiff maintains that he (Plaintiff) has documented proof that Alexander was in the dining hall #4 and saw Plaintiff on January 24, 2005. As evidence, Plaintiff provides a copy of a crime incident report by defendant Adams. (Exh B to Motion, Doc. 86 at 26-28.)

In opposition, defendant Alexander provides a declaration asserting that, contrary to Plaintiff's contention, she reviewed defendant Adams' report and all relevant medical records from January 24 to January 30, 2005 in preparing her responses to Plaintiff's discovery. (Alexander Decl., Doc. 89 at 7.) Alexander declares that despite reviewing those documents, none which she authored, she has no recollection of seeing Plaintiff or of the events of January 24, 2005. (Id. ¶¶ 3-5.) Alexander argues that Adams' report, in which Adams states "At approximately 0853 Alexander RN went out and checked the I/M," makes no mention that Adams saw Alexander enter dining hall #4, treat Plaintiff, or actually make contact with Plaintiff. (Doc. 86 at 28.)

Plaintiff replies that defendant Alexander has not made a reasonable effort to obtain the information to answer this Interrogatory because she did not inquire of other persons, organizations, or business records available to her. Plaintiff argues that Alexander's response is inadequate without specifying what records or documents she reviewed to try to provide an answer. Further, Plaintiff argues that the facts are undisputed that Alexander was present, as there was only one incident on January 24, 2005 involving a cell extraction of one prisoner (Plaintiff) resulting in two guards being stabbed and a third guard assaulted, and Plaintiff was the only prisoner held in dining hall #4 in holding cage #8 at 8:53 a.m.

Defendant Alexander's response that she has made a reasonable and diligent search but has no documents to refresh her recollection, together with Alexander's declaration asserting that she reviewed the crime incident report prepared by defendant Adams and Plaintiff's relevant medical records, is sufficient. This Interrogatory asks Alexander whether she was aware that Plaintiff had been sprayed with pepper spray when she arrived at the dining hall. This Interrogatory assumes that Alexander went to the dining hall, which Alexander has stated she does not recall. The Court cannot

compel Alexander to recall this information or to provide a conclusive response based on circumstantial evidence.  Therefore, defendant Alexander is not required to provide any further response to this Interrogatory.

> **INTERROGATORY NO. 10:**

Upon your arrival at dinning hall #4, did U [sic] notice any custody staff present.  Please explain in detail.

**RESPONSE TO INTERROGATORY NO. 10:**

Responding party does not recall going to dining hall #4 on January 24, 2005.  After a reasonable inquiry and diligent search, she has no documents to refresh her recollection.

**Discussion**

Plaintiff argues that this response is inadequate because defendant Alexander has not provided information that is well within her reach.  Plaintiff maintains that he (Plaintiff) has documented proof that Alexander was in the dining hall #4 and saw Plaintiff on January 24, 2005.  As evidence, Plaintiff provides a copy of a crime incident report by defendant Adams.  (Exh B to Motion, Doc. 86 at 26-28.)

In opposition, defendant Alexander provides a declaration asserting that, contrary to Plaintiff's contention, she reviewed defendant Adams' report and all relevant medical records from January 24 to January 30, 2005 in preparing her responses to Plaintiff's discovery.  (Alexander Decl., Doc. 89 at 7.)  Alexander declares that despite reviewing those documents, none which she authored, she has no recollection of seeing Plaintiff or of the events of January 24, 2005.  (Id. ¶¶ 3-5.)  Alexander argues that Adams' report, in which Adams states "At approximately 0853 Alexander RN went out and checked the I/M," makes no mention that Adams saw Alexander enter dining hall #4, treat Plaintiff, or actually make contact with Plaintiff.  (Doc. 86 at 28.)

Plaintiff replies that defendant Alexander has not made a reasonable effort to obtain the information to answer this Interrogatory because she did not inquire of other persons, organizations, or business records available to her.  Plaintiff argues that Alexander's response that she does not

recall going to the dining hall is inadequate without specifying what records or documents she reviewed to try to provide an answer.  Further, Plaintiff argues that the facts are undisputed that Alexander was present, as there was only one incident on January 24, 2005 involving a cell extraction of one prisoner (Plaintiff) resulting in two guards being stabbed and a third guard assaulted, and Plaintiff was the only prisoner held in dining hall #4 in holding cage #8 at 8:53 a.m.

Defendant Alexander's response that she has made a reasonable and diligent search but has no documents to refresh her recollection, together with Alexander's declaration asserting that she reviewed the crime incident report prepared by defendant Adams and Plaintiff's relevant medical records, is sufficient.  This Interrogatory asks Alexander whether, upon her arrival at the dining hall, she noticed any custody staff present.  This Interrogatory assumes that Alexander arrived at the dining hall, which she has stated she does not recall.  The Court cannot compel Alexander to recall this information or to provide a conclusive response based on circumstantial evidence.  Therefore, defendant Alexander is not required to provide any further response to this Interrogatory.

> **INTERROGATORY NO. 11:**

Do you have any documents, medical records, reports of your observation of Plaintiff, on 1-24-05.

**RESPONSE TO INTERROGATORY NO. 11:**

No.

**Discussion**

Plaintiff has not explained why this response is insufficient.  This Interrogatory asks Alexander whether she "has" any of the described documents, and Alexander denies having any of them.  This response is sufficient.  Therefore, defendant Alexander is not required to provide any further response to this Interrogatory.

> **INTERROGATORY NO. 12:**

If your answer is yes to the preceding interrogatory, identify and attach hereto any and all documents, records and/or reports that support your answer.

**RESPONSE TO INTERROGATORY NO. 12:**

Responding party answered Interrogatory 11 in the negative.

**Discussion**

This Interrogatory does not require Alexander to respond unless she answered "Yes" to Interrogatory No. 11. Alexander answered "No" to Interrogatory No. 11. Therefore, Alexander's response to Interrogatory No. 12 is sufficient, and she is not required to provide any further response to this Interrogatory.

> **INTERROGATORY NO. 13:**

What is the procedure and/or policy for medically removing prisoners from their cells housed in the security houing [sic] unit, who have been declared man down.

**RESPONSE TO INTERROGATORY NO. 13:**

Responding party objects to this request on the ground it is overbroad. Without waiving any objection, responding party does not recall what the procedure was in 2005, and she does not know what the procedure is now.

**Discussion**

While Plaintiff does not specifically address the deficiencies of Defendant's response to this Interrogatory, Plaintiff generally argues that defendant Alexander has not provided information that is well within her reach, information kept in the usual course of business of the CDCR, Alexander's former employer.

Defendant Alexander argues that her response is truthful and complete, and argues that Plaintiff is not prejudiced by Alexander's response because Plaintiff has already been provided the requested information by defendant Adams in response to Plaintiff's interrogatories. (Adams' Resp. To Interrogs. 10-12, attached as Exhibit 1 to Doc. 89.)

The Court must limit unreasonably cumulative or duplicative discovery requests, particularly if the party seeking discovery has had ample opportunity to obtain the information by discovery in the action. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff does not dispute Defendant's evidence that he already received the requested information from defendant Adams, nor has Plaintiff argued that any

of Adams' responses to interrogatories were inadequate.  The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery.  See Hallett, 296 F.3d at 751. Therefore, defendant Alexander is not required to provide any further response to this Interrogatory.

> **INTERROGATORY NO. 14:**

Is it custom, routine practice and/or policy and procedure to have medical doctor contacted before a prisoner is forcefully removed from his cell with the use of copious amounts of o.c. pepper spray.

**RESPONSE TO INTERROGATORY NO. 14:**

Responding party objects to this request on the grounds it is overbroad, vague as to the meaning of "forcefully removed" and "copious amounts," and lacks foundation. Without waiving any objection, responding party does not recall whether, in 2005, it was required to contact a doctor before the use of pepper spray during a calculated cell extraction, and she does not know whether current policy or practice requires such.

**Discussion**

While Plaintiff does not specifically address the deficiencies of Defendant's response to this Interrogatory, Plaintiff generally argues that defendant Alexander has not provided information that is well within her reach, information kept in the usual course of business of the CDCR,  Alexander's former employer.

Defendant Alexander argues that her response is truthful and complete, and argues that Plaintiff is not prejudiced by Alexander's response because Plaintiff has already been provided the requested information by defendant Adams in response to Plaintiff's interrogatories. (Adams' Resp. To Interrogs. 10-12, attached as Exhibit 1 to Doc. 89.)

The Court must limit unreasonably cumulative or duplicative discovery requests, particularly if the party seeking discovery has had ample opportunity to obtain the information by discovery in the action.  Fed. R. Civ. P. 26(b)(2)(C).  Plaintiff does not dispute Defendant's evidence that he

already received the requested information from defendant Adams, nor has Plaintiff argued that any of Adams' responses to interrogatories were inadequate.  The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery.  See Hallett, 296 F.3d at 751.  Therefore, defendant Alexander is not required to provide any further response to this Interrogatory.

> **INTERROGATORY NO. 15:**

Is it common practice, custom and/or policy and procedure to have a psych-tech make some sort of contact with a prisoner first, before he is forcefully removed from his cell with use of copious amounts of o.c. pepper spray.

**RESPONSE TO INTERROGATORY NO. 15:**

Responding party objects to this request on the grounds it is overbroad, vague as to the meaning of "some sort of contact," "forcefully removed," and "copious amounts," and lacks foundation.  Without waiving any objection, responding party does not recall whether, in 2005, a policy or practice required a staff member of the mental health system to speak with the inmate before the use of pepper spray during a calculated cell extraction, and she does not know whether current policy or practice requires such.

**Discussion**

While Plaintiff does not specifically address the deficiencies of Defendant's response to this Interrogatory, Plaintiff generally argues that defendant Alexander has not provided information that is well within her reach, information kept in the usual course of business of the CDCR,  Alexander's former employer.

Defendant Alexander argues that her response is truthful and complete, and argues that Plaintiff is not prejudiced by Alexander's response because Plaintiff has already been provided the requested information by defendant Adams in response to Plaintiff's interrogatories. (Adams' Resp. To Interrogs. 10-12, attached as Exhibit 1 to Doc. 89.)

///

The Court must limit unreasonably cumulative or duplicative discovery requests, particularly if the party seeking discovery has had ample opportunity to obtain the information by discovery in the action. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff does not dispute Defendant's evidence that he already received the requested information from defendant Adams, nor has Plaintiff argued that any of Adams' responses to interrogatories were inadequate. The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett, 296 F.3d at 732. Therefore, defendant Alexander is not required to provide any further response to this Interrogatory.

> **INTERROGATORY NO. 18:**

At anytime during your initial contact/observation of Plaintiff, did he at anytime state that he was suicidal or wanted to harm himself.

**RESPONSE TO INTERROGATORY NO. 18:**

Responding party objects to this interrogatory on the grounds it is overbroad and vague as to the meaning "initial contact/observation." Without waiving any objection, and assuming Plaintiff is referring to January 24, 2005, responding party does not recall having contact with or seeing Plaintiff on January 25, 2005. After a reasonable inquiry and diligent search, she has no documents to refresh her recollection.

**Discussion**

Plaintiff argues that this response is inadequate because defendant Alexander has not provided information that is well within her reach. Plaintiff maintains that he (Plaintiff) has documented proof that Alexander was in the dining hall #4 and saw Plaintiff on January 24, 2005. As evidence, Plaintiff provides a copy of a crime incident report by defendant Adams. (Exh B to Motion, Doc. 86 at 26-28.)

In opposition, defendant Alexander provides a declaration asserting that, contrary to Plaintiff's contention, she reviewed defendant Adams' report and all relevant medical records from January 24 to January 30, 2005 in preparing her responses to Plaintiff's discovery. (Alexander Decl.,

Doc. 89 at 7.)  Alexander declares that despite reviewing those documents, none which she authored, she has no recollection of seeing Plaintiff or of the events of January 24, 2005.  (Id. ¶¶ 3-5.) Alexander argues that Adams' report, in which Adams states "At approximately 0853 Alexander RN went out and checked the I/M," makes no mention that Adams saw Alexander enter dining hall #4, treat Plaintiff, or actually make contact with Plaintiff.  (Doc. 86 at 28.)  Alexander also declares that based on her customary practice, had she seen or treated Plaintiff on January 24, 2005, she would have prepared a Medical Report of Injury or Unusual Occurrence (Form 7219) or a Progress Note (Form 7230).  (Alexander Decl., Doc. 89 at 7 ¶5.)

Plaintiff replies that defendant Alexander has not made a reasonable effort to obtain the information to answer this Interrogatory because she did not inquire of other persons, organizations, or business records available to her.  Plaintiff argues that Alexander's response is inadequate without specifying what records or documents she reviewed to try to provide an answer.  Further, Plaintiff argues that the facts are undisputed that Alexander was present, as there was only one incident on January 24, 2005 involving a cell extraction of one prisoner (Plaintiff) resulting in two guards being stabbed and a third guard assaulted, and Plaintiff was the only prisoner held in dining hall #4 in holding cage #8 at 8:53 a.m.

Defendant Alexander's response that she has made a reasonable and diligent search but has no documents to refresh her recollection, together with Alexander's declaration asserting that she reviewed the crime incident report prepared by defendant Adams and Plaintiff's relevant medical records, is sufficient.   This Interrogatory asks Alexander whether, during her initial contact/observation of Plaintiff, Plaintiff told her he was suicidal or wanted to harm himself.  To the extent that Plaintiff is referring to the events of January 24, 2005, this Interrogatory assumes that Alexander observed or met with Plaintiff on January 24, 2005, which Alexander has stated she does not recall.  The Court cannot compel Alexander to recall this information or to speculate about what Plaintiff might have said to her.  Therefore, defendant Alexander is not required to provide any further response to this Interrogatory.

///

///

### 2.   Defendant Carrasco

> **INTERROGATORY NO. 4:**

If you answer was yes to anyone of the 3 preceding interrogatories, #1-#3 identify and attach hereto your response(s) the rule, policy or memorandum order/directive that authorizes such actions to be taken upon a prisoner(s) of CDCR.

### RESPONSE TO INTERROGATORY NO. 4:

Responding party objects to this interrogatory on the grounds that it improperly seeks the production of documents, violates California Code of Regulations, title 15, section 3321, violates the official-information privilege, and compromises the safety and security of the institution, staff, and inmates.  Without waiving any objection, California Correctional Institution (CCI)

**Discussion**

Plaintiff argues that Defendant Carrasco cannot assert a privilege in a general fashion, and pursuant to Rules 26 and 33, documents claimed as privileged must be specifically designated and described.

Defendant Carrasco asserts that Plaintiff did not provide the Court with Carrasco's complete response to this Interrogatory, in which Carrasco identified the policy as California Correctional Institution Operational Procedure No. 112R (April 2005).  (Carrasco's Resp. to Interog. 4, attached in Exh. 2.)  Carrasco argues that her response to this Interrogatory is complete.  Defendant argues that there is no requirement in Rule 33 that a party produce business records in response to an interrogatory.

Plaintiff replies that Rule 33's "option" is for Defendants to either provide Plaintiff with the business records, or for Defendants to search through the records themselves, not the "option" to entirely refrain from producing the records.  Plaintiff also replies that Rule 37(d) broadens the discovery scope to include responses to requests for inspection or production under Rules 33 and 34.

There is no requirement in Rule 33(d) or Rule 37(d) that the responding party produce business records in response to an interrogatory.  Rule 33(d) provides that "[i]f the answer to an interrogatory may be determined by [gaining access] to a party's business records, and if the burden

of deriving or ascertaining the answer will be substantially the same for either party, the responding party *may* answer by (1) specifying the records that must be reviewed . . . or (2) giving the interrogating party a reasonable opportunity to examine and audit the records . . ." Fed. R. Civ. P. 33(d) (emphasis added).   Rule 37(d) allows the court to order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections or written response." Fed. R. Civ. P. 37(d)(1)(A).   Defendant Carrasco's objection to this Interrogatory on the ground that it improperly seeks the production of documents is sustained.   Therefore, defendant Carrasco is not required to provide any further response to this Interrogatory.

> **INTERROGATORY NO. 17:**

At the entrance of cell 105 Plaintiff was occupying at the time of this incident was an overhead section unit light(s) located in front of the cell(s), on 1-24-05.

**RESPONSE TO INTERROGATORY NO. 17:**

Responding party does not recall if there was a section light above or in front of Plaintiff's cell door.

**Discussion**

Plaintiff argues that this response is inadequate because defendant Carrasco has not provided information that is well within her reach, within the knowledge of her employer or within her employer's business agency files.   Plaintiff argues that defendant Carrasco must make a reasonable inquiry and diligent search of any responsive documentation before responding.

Defendant Carrasco argues that her response is adequate because she is no longer employed by CDCR and cannot enter on the prison grounds to see if there is a "section light" in front of cell 105.   Carrasco asserts that she has provided a responsive answer to Plaintiff's question in her response to Interrogatory 18, in which she stated that there was lighting in the area where she was standing during the cell extraction.   Carrasco also argues that it is of no consequence to any pending issue in this case whether there was a light immediately above Plaintiff's door cell or in the

///

29

surrounding area, because no contentions have been made that the lack of lighting was a factor in Defendants' decision to extract Plaintiff from his cell.

Plaintiff replies that this information is available to Carrasco from co-defendants in this case who are still employed with CDCR at Tehachapi State Prison on the same yard the incident at issue occurred. Plaintiff also replies that it is not Defendant's place to decide what is relevant to Plaintiff's claims.

Plaintiff has not explained how he will be prejudiced if defendant Carrasco fails to respond whether there was a section light at the entrance to cell 105 on January 24, 2005. The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett, 296 F.3d at 751. Moreover, Carrasco has already responded, in answer to Interrogatory No. 18, that there was lighting located outside cell 105 on January 24, 2005. The Court must limit unreasonably cumulative or duplicative discovery requests, particularly if the party seeking discovery has had ample opportunity to obtain the information by discovery in the action. Fed. R. Civ. P. 26(b)(2)(C). Therefore, defendant Carrasco is not required to provide any further response to this Interrogatory.

## V.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to compel further responses to Interrogatories from defendants Alexander and Carrasco, and for sanctions, filed on February 23, 2012, is DENIED.


   IT IS SO ORDERED.

**Dated:   August 27, 2012**          _____**/s/ Gary S. Austin**_____
                                          UNITED STATES MAGISTRATE JUDGE