1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10
11

GEORGE E. JACOBS IV,                          1:05-cv-01625-LJO-GSA-PC

12

                                                              ORDER GRANTING IN PART PLAINTIFF'S
                        Plaintiff,                        MOTION TO COMPEL PRODUCTION OF
13                                                        DOCUMENTS
          v.                                                 (Doc. 85.)
14

W. J. SULLIVAN, et al.,                        ORDER FOR DEFENDANTS TO PRODUCE
15                                                        DOCUMENTS PURSUANT TO PLAINTIFF'S
                                                              REQUEST FOR PRODUCTION NO. 13, AS
16                      Defendants.                  INSTRUCTED BY THIS ORDER, WITHIN
                                                              THIRTY DAYS
17

_____/
18

19  **I.      BACKGROUND**

20              Plaintiff George E. Jacobs IV ("Plaintiff") is a state prisoner proceeding pro se and in forma

21  pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action now proceeds with

22  the Third Amended Complaint filed by Plaintiff on May 5, 2010, on Plaintiff's Eighth Amendment

23  claims, against defendants D. Watson (correctional sergeant), P. Chan (correctional officer), S.

24  McGregor (correctional officer), D. Blankenship (correctional officer), M. Crotty[1] (correctional

25  officer), E. Granillo (correctional officer), C. Nelson (correctional officer), M. Carrasco (correctional

26  captain), R. Johnson (correctional lieutenant), and D. Jobb (correctional officer) for use of excessive

27

28              [1]On June 23, 2011, Plaintiff's case against defendant Crotty was stayed pursuant to 11 U.S.C. §362(a)
because defendant Crotty filed bankruptcy.  (Doc. 58.)  To date, the stay has not been lifted.

force; and against defendants J. Adams aka Salazar (medical technical assistant), Ms. Alexander (registered nurse), Watson, and Granillo for failure to provide adequate medical care.[2]  (Doc. 29.)

On January 23, 2012, the Court issued a scheduling order in this action, extending the discovery deadline to March 5, 2012, for the limited purpose of allowing Plaintiff to file a motion to compel.  (Doc. 83.)  On February 17, 2012, Plaintiff filed a motion to compel production of documents.  (Doc. 85.)  On March 15, 2012, Defendants filed an opposition.  (Doc. 95.)  On July 9, 2012, Plaintiff filed a reply.  (Doc. 106.)  Plaintiff's motion to compel is now before the Court.

## II.    PLAINTIFF'S ALLEGATIONS[3]

Plaintiff alleges that he was transferred to CCI-Tehachapi from Lancaster State Prison. Plaintiff complains that the staff at CCI-Tehachapi immediately acted hostile toward Plaintiff because the staff at Lancaster State Prison informed them that Plaintiff was a "staff assaulter" and filed administrative grievances.  (Third Amended Complaint ("3ACP"), Doc. 29 ¶ 22.)

Plaintiff claims that defendant D. Watson withheld Plaintiff's personal and legal property because of Plaintiff's reputation as a staff assaulter and grievance filer.  Plaintiff filed a grievance about his property, but did not receive his property.  Plaintiff told defendant D. Blankenship that he wanted to speak with higher authorities.  Blankenship told Plaintiff that "today is not a good day to be doing this because the sergeant (defendant D. Watson) is not to be messed with!"  (3ACP ¶ 25.) Later, Watson approached Plaintiff and berated him.  Plaintiff asked to speak with a higher authority again, but Watson began making comments about Plaintiff "wanting to hurt himself" and began spraying Plaintiff with pepper spray.  (3ACP ¶ 27.)  Defendant P. Chan also joined in and sprayed Plaintiff.  Watson asked Plaintiff if he wanted to come out of the cell, but when Plaintiff approached the door, he was bombarded with more pepper spray.  Defendant S. McGregor then opened the door from the control tower to allow Watson to directly spray Plaintiff.  Watson asked Plaintiff if he was ready to exit and the cell door suddenly opened completely and a crowd of guards rushed in and

---

[2]On October 20, 2010, the Court dismissed all other claims from this action, based on Plaintiff's failure to state a claim.  (Doc. 31.)

[3]This summary includes Plaintiff's allegations against Defendants in the Third Amended Complaint, upon which the Court based its finding that Plaintiff stated the cognizable claims upon which this case now proceeds.  (See Court's Screening Order, Doc. 31.)

attacked Plaintiff.  Plaintiff claims that defendants Carrasco, Johnson, Jobb, Watson, and Chan were standing at the entrance of Plaintiff's cell watching defendants Blankenship, Crotty, Granillo, and Nelson "assault and batter Plaintiff in the form of using unnecessary use of force excessively." (3ACP ¶ 33.)  Plaintiff was then shackled and taken to a cell outside the building.  Plaintiff's clothes were cut off and he was sprayed with cold water.  Plaintiff claims that the weather was particularly cold because it was in the middle of winter.  Plaintiff was verbally abused by Watson while he was being hosed down.

Watson and Granillo then escorted Plaintiff to the dining hall and placed him in a holding cage and strip searched him, leaving him naked.  Watson took out his pepper spray and shook it up while making sexually harassing remarks.  Watson left and returned later to tell Plaintiff that his officers were injured and weapons were found in Plaintiff's cell.  Plaintiff was then sprayed with pepper spray again.  Watson then falsely reported that Plaintiff spat on Watson's face, to justify the use of pepper spray.  Plaintiff claims that Granillo was present during the entire sequence of events but failed to intervene.  Plaintiff alleges that Watson refused to summon medical attention unless Plaintiff agreed to exit the holding cage and allow Watson to wash off all the pepper spray to eliminate any evidence of misconduct.  When Plaintiff pled for medical assistance, Watson went outside to get the hose and sprayed Plaintiff with water again.  Plaintiff claims that D. Abarquez (not named as a defendant) then took photos of Plaintiff.

Plaintiff complains that Abarquez was responsible for collecting evidence of the incident but allowed Plaintiff's cell to remain unsecured for over an hour, thereby allowing the other defendants to enter and exit and plant false evidence in the cell.  Plaintiff was later seen by defendant J. Adams and a "psych doctor."  (3ACP ¶ 46.)  Plaintiff complains that neither person did anything to have Plaintiff transported to the medical health care unit for treatment.  Plaintiff complained about the burning sensation in his eyes and on his body, and told J. Adams that he was on eye medication and needed his medication to alleviate the pain.  Adams ignored Plaintiff and walked away.  Plaintiff also complains that defendant Alexander came by, but refused to offer any medical treatment.  Hours later, Watson told Plaintiff that he was being moved to the infirmary to be examined by a physician.  However, Plaintiff alleges that he was tricked and was not seen by a physician.  Plaintiff alleges that

he was placed on suicide watch "in direct violation of his civil liberties." (3ACP ¶ 50.)  Plaintiff complains that while he was on suicide watch, he was "not provided with any of life's bare minimum necessities" because he was fed via "two plastic bags filled with loose food." (3ACP ¶ 51.)  Later, D. Abarquez transferred Plaintiff to CSP-Corcoran.  Plaintiff was told that he was being transferred to receive medical care, but was instead placed on suicide watch at CSP-Corcoran.  Plaintiff claims that the entire incident was a conspiracy to place Plaintiff on suicide watch in response to Plaintiff's exercise of his right to file administrative grievances complaining about the conduct of prison guards.  Plaintiff claims that Defendant John Doe #1 is a senior hearing official who served as the adjudicator for the rules violation report that Plaintiff received as a result of the pepper spray incident.  John Doe #1 found Plaintiff guilty of battery on a peace officer with a deadly weapon.  Plaintiff claims that he was denied the right to call the defendants and all other pertinent eye witnesses.  Plaintiff also claims he was denied the right to present physical and documentary evidence.  Plaintiff was told that he would be found guilty regardless of any evidence that Plaintiff presented in his defense.

## III.   PLAINTIFF'S CLAIMS

### A.   Eighth Amendment Excessive Force Claim

The Court found that Plaintiff states a cognizable claim for excessive force under the Eighth Amendment, against defendants Watson, Chan, McGregor, Blankenship, Crotty, Granillo, Nelson, Carrasco, Johnson, and Jobb, for attacking Plaintiff and maliciously pepper-spraying Plaintiff. Plaintiff claims that defendants Watson and Chan pepper sprayed Plaintiff in a malicious manner. Plaintiff alleges that defendant McGregor participated in the first pepper spray incident by opening the door for Watson so he could administer the pepper spray directly at Plaintiff.  Plaintiff alleges that defendants Blankenship, Crotty, Granillo, and Nelson attacked Plaintiff while defendants Carrasco, Johnson, Jobb, Watson, and Chan stood nearby and observed without making any effort to intervene.  Plaintiff was later hosed down in the cold and pepper sprayed again by Watson in a malicious manner.  Plaintiff alleges that defendant Granillo stood by and observed without making any effort to intervene.

///

1  "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

2  Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." <u>Hudson v.</u>

3  <u>McMillian</u>, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . .

4  . contextual and responsive to contemporary standards of decency." <u>Id.</u> (internal quotation marks

5  and citations omitted).  The malicious and sadistic use of force to cause harm always violates

6  contemporary standards of decency, regardless of whether or not significant injury is evident. <u>Id.</u>

7  at 9; <u>see also</u> <u>Oliver v. Keller</u>, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force

8  standard examines <u>de</u> <u>minimis</u> uses of force, not <u>de</u> <u>minimis</u> injuries)).  However, not "every

9  malevolent touch by a prison guard gives rise to a federal cause of action." <u>Id.</u> at 9.  "The Eighth

10  Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional

11  recognition <u>de</u> <u>minimis</u> uses of physical force, provided that the use of force is not of a sort

12  'repugnant to the conscience of mankind.'" <u>Id.</u> at 9-10 (internal quotations marks and citations

13  omitted).

14  "[W]henever prison officials stand accused of using excessive physical force in violation of

15  the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied

16  in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

17  <u>Id.</u> at 7.  "In determining whether the use of force was wanton and unnecessary, it may also be proper

18  to evaluate the need for application of force, the relationship between that need and the amount of

19  force used, the threat reasonably perceived by the responsible officials, and any efforts made to

20  temper the severity of a forceful response." <u>Id.</u>  (internal quotation marks and citations omitted).

21  "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end

22  it." <u>Id.</u>

23  **B.**     **Eighth Amendment Medical Care Claim**

24  The Court found that Plaintiff states cognizable claims against defendants Adams aka

25  Salazar, Alexander, Watson, and Granillo for failure to provide adequate medical care in violation

26  of the Eighth Amendment, for ignoring Plaintiff's requests for decontamination from the effects of

27  the pepper spray and Plaintiff's requests for access to his eye medication to alleviate the pain from

28  pepper spray.

1    "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

2    must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096

3    (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part

4    test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by

5    demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or

6    the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

7    deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059

8    (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th

9    Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a

10   purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused

11   by the indifference."  Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be

12   manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or

13   it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin

14   at 1060 (internal quotations omitted)).  Where a prisoner is alleging a delay in receiving medical

15   treatment, the delay must have led to further harm in order for the prisoner to make a claim of

16   deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd.

17   of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).  The failure to decontaminate prisoners

18   or otherwise provide medical treatment for prisoners exposed to pepper spray can support a claim

19   for the violation of the Eighth Amendment.  Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002).

20   **IV.     MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

21         **A.     Federal Rules of Civil Procedure 26(b), 36(a), and 37**

22         Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as

23   follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

24   party's claim or defense — including the existence, description, nature, custody, condition, and

25   location of any documents or other tangible things and the identity and location of persons who know

26   of any discoverable matter.  For good cause, the court may order discovery of any matter relevant

27   to the subject matter involved in the action.  Relevant information need not be admissible at the trial

28   ///

if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1). "[A] party need not have actual possession of documents to be deemed in control of them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D.Nev., 1998) quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D.Nev. 1991). "A party that has a legal right to obtain certain documents is deemed to have control of the documents." Clark 181 F.R.D. at 472. Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2). Also, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(E)(I).

Pursuant to Rule 37(a), a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981)). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

**B.**    **Plaintiff's Motion**

Plaintiff seeks a court order compelling Defendants to produce documents in response to Requests 1, 7-11, 13-49, 53, 54, 57, 58, 60, 61, 64, and 67 of Plaintiff's Requests for Production of Documents ("RPD") Sets One, Two, and Three. Plaintiff asserts that he served Sets One, Two, and Three on Defendants in April 2011, and Defendants responded on August 22, 2011. Plaintiff argues

that some of Defendants' responses were evasive, incomplete, and failed to disclose information required by Federal Rules of Civil Procedure 26(a), (e)(1), and 34, without good cause and/or substantial justification.

> **REQUEST FOR PRODUCTION (RFP) NO. 1:**

All documents that refer to allegations of misconduct or other improper conduct by prison staff including all named defendants, whether such allegations were made by an inmate or by a member of the prison staff, during relevant time period, per Departmental Operations Manual (D.O.M.) § 54100.25.5, § 54100.25.6, § 54100.25.7; pursuant to Penal Code 832.5(a), Evidence Code(s) §§ 1043, 1044, 1045, 1046.

**RESPONSE TO RFP NO. 1:**

Defendants have made a reasonable and diligent search for documents and have not been able to locate any documents which would be responsive to this request.

**Discussion**

Plaintiff does not specifically address RFP No. 1 but generally argues that he is entitled to relevant documents and Defendants would have located such documents if they had diligently searched the information available to them.

Defendants argue that they should not be compelled to respond further to this request, because this request seeks documents that arise from staff complaints allegedly filed against Defendants, and Plaintiff did not file a staff complaint arising from the January 24, 2005 incident. To the extent Plaintiff seeks other staff complaints and disciplinary actions filed against Defendants, Defendants object to Plaintiff's requests as overbroad and beyond the scope of this litigation. Defendants nonetheless respond that they have made a reasonable and diligent search, and no documents responsive to this request exist.

The Court finds this request to be unreasonable because it is overbroad in its request for "all" documents by "prison staff," vague as to the meaning of "relevant time period," and irrelevant as to its request for information about misconduct by prison staff other than Defendants. Therefore, Defendants are not required to provide any further response to this request.

1   >   **RFP NO. 7:**

2         Please produce and relinquish the following document(s); plaintiff's CDCR daily 114A

3   inmates AD/SEG 106 (notes) file.  Pursuant to E.V. Code(s) §§ 1530, 1532, 1600.

4                 **RESPONSE TO RFP NO. 7:**

5         Included as responsive to this request is a copy of Plaintiff's 114A's from January 24,

6         2005, through February 3, 2005.  (Attachment B)

7         **Discussion**

8         Plaintiff does not specifically address RFP No. 7 and does not give any explanation why

9   Defendants' response to RFP No. 7 is deficient.  Therefore, Defendants are not required to provide

10  any further response to this request.

11

12  >   **RFP NO. 8:**

13        Please produce and relinquish the following document(s); including but not limited to;

14  plaintiff's 4A-Yard S.H.U. CDCR daily 114A inmate Ad/SEG log (notes) file for the

15  relevant time period of: November 9, 2004 thru January 24, 2005.

16                **RESPONSE TO RFP NO. 8:**

17        Defendants object to this request because it is overbroad and therefore over

18        burdensome, is not relevant to the timeframe of the alleged incident, and is therefore

19        deemed harassing.  Defendant further objects because the request appears to be

20        duplicative of Request No. 7.

21  **Discussion**

22        Plaintiff does not specifically address RFP No. 8, although he argues that the time period

23  from November 9, 2004 through January 24, 2005 is relevant because this is the time period between

24  Plaintiff's arrival at the prison and the date of the alleged assault.  Defendants argue that Plaintiff

25  fails to explain the deficiency of their response to RFP No. 8.

26        Defendants objections are sustained.  Plaintiff has not explained how the Ad Seg log notes

27  from November 9, 2004 through January 23, 2005 are relevant to any of the claims or defenses in

28  this action.  This case now proceeds against Defendants only on claims for excessive force and

1    inadequate medical treatment based on events beginning on January 24, 2005. Defendants have

2    already provided the log notes for January 24, 2005 in their response to RFP No. 7. Therefore,

3    Defendants are not required to provide any further response to this request.

4

5    >    **RFP NO. 9:**

6         Please produce and relinquish the following document(s); including but not limited to; IV-A-

7         H.U.E. yard (S.H.U.) sergeant log (notes) and tower control booth log notes from relevant

8         time periods. Pursuant to E.V. Codes §§ 1530, 1532.

9         **RESPONSE TO RFP NO. 9:**

10        Defendants object to this request because it is vague as to time, and the term

11        "relevant time periods" implying more than one day. Defendants have made a

12        reasonable and diligent search for documents and have not been able to locate any

13        documents which would be responsive to this request.

14   **Discussion**

15        Plaintiff argues that these log books exist and Defendants should provide them. Defendants

16   respond that logs books are only retained for five years; the incident occurred on January 24, 2005;

17   and Defendants had no knowledge of this lawsuit until six years after the incident and a year after

18   the required retention of the log books ended. Plaintiff replies that if there is such a five-year policy,

19   it is the Court's fault the evidence is gone, because Plaintiff made three motions to preserve evidence

20   which were denied, on March 15, 2007, December 26, 2007, and April 19, 2011.

21        Defendants' objection on the ground that this request is vague as to time is sustained.

22   Moreover, Defendants cannot be compelled to produce documents that no longer exist.[4] Therefore,

23   Defendants are not required to make any further responses to this request.

24   ///

25   ///

26

27        [4]With respect to Plaintiff's argument that the Court is responsible for loss of the log book evidence because
     the Court denied Plaintiff's motions, Plaintiff's three motions to preserve evidence concerned video tape evidence,
28   not log books, and therefore Plaintiff's argument is without merit. (See Docs. 17, 18, and 55.)

> **RFP NO. 10:**

Please produce and relinquish the following document(s); including but not limited to; plaintiff 4B-Yard (ACH) unit CDCR daily 114A inmate S.H.U. log (notes) file for the relevant time period of: January 24, 2005.

**RESPONSE TO RFP NO. 10:**

Defendants object to this request because it is duplicative of Request No. 8. The request is therefore in violation of Rule 26(b)(2)(C). Defendants have made a reasonable and diligent search for documents and have not been able to locate any documents which would be responsive to this request.

**Discussion**

Defendants objection is sustained. RFP No. 10 is duplicative of RFP No. 8. The Court must limit unreasonably cumulative or duplicative discovery. Fed. R. Civ. P. 26(b)(2)(C). Therefore, Defendants are not required to make any further responses to this request.

> **RFP NO. 11:**

Please produce and relinquish the following document(s); including but not limited to; 4A yard (S.H.U.) dinning hall #4 unit sergeant log (notes), and control tower booth log (notes) for the time period of January 24, 2005. Pursuant to E.V. Codes §§ 1530, 1532, 1600.

**RESPONSE TO RFP NO. 11:**

Defendants have made a reasonable and diligent search for documents and have not been able to locate any documents which would be responsive to this request.

**Discussion**

Plaintiff argues that these log books exist and Defendants should provide them. Defendants respond that logs books are only retained for five years; the incident occurred on January 24, 2005; and Defendants had no knowledge of this suit until six years after the incident and a year after the required retention of the log books ended. Plaintiff replies that if there is such a five-year policy, it is the Court's fault the evidence is gone, because Plaintiff made three motions to preserve evidence which were denied, on March 15, 2007, December 26, 2007, and April 19, 2011.

1    Defendants cannot be compelled to produce documents that no longer exist. Therefore,

2    Defendants are not required to make any further responses to this request.   Plaintiff's argument that

3    the Court is responsible for loss of log notes evidence is addressed above at footnote 4.

4

5    >    **RFP NO. 13:**

6         Please produce and relinquish tangible items, including but not limited to: All photographs

7         of the crime incident scene 4A yard housing unit 5 cell 103, of plaintiff, and E. Granillo, D.

8         Blankenship.  Any other photograph relevant thereto pursuant to E.V. Codes §§ 1550, and

9         1553.

10             **RESPONSE TO RFP 13:**

11            Included as responsive to this request are copies of photographs taken after the

12            incident of January 24, 2005.  (Attachment C)

13   **Discussion**

14        Plaintiff argues that Defendants have provided him with photographs which do not depict

15   the true nature of the things photographed, because the photos are black and white photocopies of

16   color photos which are  too dark to ascertain what the photos depict.  Defendants argue that

17   Plaintiff's argument is frivolous because Plaintiff has already seen and inspected the color

18   photographs, and if Plaintiff wants color photographs for use at trial, Defendants will make them

19   available then.  Plaintiff replies that he has never seen or been in possession of any color photographs

20   connected to this case.

21        Plaintiff is entitled to color copies of the requested photographs which accurately depict the

22   subject matter. Fed. R. Civ. P. 26(b)(1).  Defendants shall be required to provide Plaintiff with

23   quality color copies of the photographs within thirty days.

24

25   >    **RFP NO. 14:**

26        Please produce and relinquish the following item(s); 4A-yard housing unit 5 isolation log

27        book(s) for January 25, 2005.

28   ///

1        **RESPONSE TO RFP NO. 14:**

2            Defendants have made a reasonable and diligent search for documents and have not

3            been able to locate any documents which would be responsive to this request.

4    **Discussion**

5            Plaintiff argues that these log books exist and Defendants should provide them. Defendants

6    respond that logs books are only retained for five years; the incident occurred on January 24, 2005;

7    and Defendants had no knowledge of this suit until six years after the incident and a year after the

8    required retention of the log books ended. Plaintiff replies that if there is such a five-year policy, it

9    is the Court's fault the evidence is gone, because Plaintiff made three motions to preserve evidence

10   which were denied, on March 15, 2007, December 26, 2007, and April 19, 2011.

11           Defendants cannot be compelled to produce documents that no longer exist. Therefore,

12   Defendants are not required to make any further responses to this request.   Plaintiff's argument that

13   the Court is responsible for loss of log notes evidence is addressed above at footnote 4.

14

15   >    **RFP NO. 15:**

16           Please produce and relinquish the following item(s); 114-1 inmate segregation profile for

17           plaintiff Jacobs.

18           **RESPONSE TO RFP NO. 15:**

19               Included as responsive to this request is a copy of Plaintiff's Inmate Segregation

20               Profile.  (Attachment D)

21   **Discussion**

22           Plaintiff does not specifically address RFP No. 15 and does not give any explanation why

23   Defendants' response to RFP No. 15 is deficient. Defendants are not required to provide any further

24   response to this request.

25   ///

26   ///

27   ///

28

> **RFP NO. 16:**

Please produce and relinquish all excessive use of force video tape interviews from relevant time period of November 9, 2004 thru January 24, 2005 of all prisoners who were allegedly assaulted by Defendants.  Pursuant to E.V. Codes §§ 1271, 1550.1, 1553, 1562.

**RESPONSE TO RFP NO. 16:**

Defendants object to this request because it is overbroad, burdensome, and would be extremely expensive to produce any and all recordings of third parties who are not part of this litigation.  Defendants further object because the request is not relevant to this matter because Plaintiff is seeking interviews of other inmates, and not this incident.  Defendants further object because the production of such items is a violation to the privacy rights of these third parties, and could possibly threaten the security of the institution.  Defendants further object because the term "allegedly assaulted" is vague, argumentative, and calls for a legal opinion.  It is Defendants position that they have not assaulted Jacobs or any other inmate.  Defendants will therefore not produce any documents responsive to this request, because they do not exist.

**<u>Discussion</u>**

Plaintiff argues that this request is not overbroad, as it only requests records of excessive force by Defendants during a two-month period.  Plaintiff argues that it is not burdensome to search Defendants' "elite computerized tracking system of files" containing the names of Defendants, incidents involving excessive force incidents "which resulted in a serious injury to the body or head," and the names of the victims.   (Motion, Doc. 85 at 11.)  Plaintiff also argues that Defendants' argument that the items are confidential or privileged does not apply in federal court.

Defendants argue that this request invades the privacy rights of third parties because inmates participate in use-of-force interviews with the expectation that their statements will be kept confidential.  Defendants also argue that the request is overbroad and irrelevant because Plaintiff did not allege that he sustained any blows to the head or face.

///

Plaintiff replies that under Rule 26(b), he is entitled to discover video interviews of any allegations made by an inmate of misconduct by prison staff involving Defendants during the relevant time period, because these are the same or similar acts as Plaintiff suffered at the hands of Defendants, claims clearly limited to the subject matter in Plaintiff's complaint.

While it is true that "[q]uestions of privilege that arise in the course of the adjudication of federal rights are 'governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience,' " United States v. Zolin, 491 U.S. 554, 562, 109 S.Ct. 2619, 2625 (1989) (quoting Federal Rule of Evidence 501), this Court may give some weight to privacy rights protected by state statutes. The "ultimate responsibility for deciding how much weight to ascribe to such interests, and how that weight compares with the significance of competing interests, must reside with the federal courts." Kelly v. City of San Jose, 114 F.R.D. 653, 656 (N.D.Cal. 1987). This Court usually allows plaintiffs in prisoner cases to discover records of similar claims, such as excessive force, against officers in the past. While evidence of misconduct is "not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," the evidence may be admissible for other purposes. Fed. R. Evid. 404(b); 608(b), and the scope of discovery encompasses relevant information which "appears reasonably calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P. 26(b). However, privacy concerns must be considered, and the Court often requires that confidential or private information requested in discovery be redacted or submitted for in camera review before it is provided to another party. Here, Plaintiff requests video tapes of interviews given by other inmates, in which the inmates allege that the Defendants in this action used excessive force against them during a limited time period. Plaintiff is not entitled to discover confidential information which may include names of third parties or sensitive testimony given under the expectation of confidentiality by third parties not part of this litigation. Moreover, to the extent that there are numerous video tapes responsive to Plaintiff's request, it is burdensome and expensive for Defendants to produce copies for Plaintiff.

The Court finds that the burden of producing the recordings requested by Plaintiff outweighs its likely benefit, considering that records of use-of-force incidents involving Defendants are

available from more convenient, less burdensome, and less expensive sources.  Despite claims of privilege, personnel files are discoverable in federal question cases.  Garrett v. City and County of San Francisco, 818 F.2d 1515, 1519 n. 6 (9th Cir.1987) (citations omitted).  Further, discovery of the information Plaintiff seeks from the video tapes is not essential in resolving the issue of whether Defendants used excessive force against Plaintiff in the January 24, 2005 incident at issue in this action.  Therefore, Defendants shall not be required to make further responses to this request.

> **RFP NO. 17:**

Please produce or relinquish all recommendation records by the Assistant Warden and Facility Captain of all prisoner interviews of excessive use of force arising from defendants' actions including but not limited to the "Report of Findings: Request is for relevant time period of November 9, 2004 thru January 24, 2005.  Pursuant to E.V. codes §§ 1271, 1550.1, 1553, 1562.

**RESPONSE TO RFP NO. 17:**

After a reasonable and diligent search by Defendants, no documents responsive to this request exist.

**Discussion**

Plaintiff does not specifically address RFP No. 17 but generally argues that he is entitled to relevant documents and Defendants would have located such documents if they had diligently searched the information available to them.

Defendants argue that they should not be compelled to respond further to this request, because this request seeks documents that arise from staff complaints allegedly filed against Defendants, and Plaintiff did not file a staff complaint arising from the January 24, 2005 incident.  To the extent Plaintiff seeks other staff complaints and disciplinary actions filed against Defendants, Defendants object to Plaintiff's requests are overbroad and beyond the scope of this litigation.  Defendants nonetheless respond that they have made a reasonable and diligent search, and no documents responsive to this request exist.

///

Defendants cannot be compelled to produce documents that do not exist. Plaintiff has not argued, or presented evidence, that any Defendant has faced disciplinary action or that such documents exist. Therefore, Defendants are not required to make any further response to this request.

> **RFP NO. 18:**

Please produce and relinquish the following document(s): All adverse action records, which is punitive in nature and is intended to correct misconduct or poor performance, or which terminates employment, of each defendant named herein. Pursuant to E.V. § 1043, § 1045, § 1046.

**RESPONSE TO RFP NO. 18:**

After a reasonable and diligent search by Defendants, no documents responsive to this request exist.

**<u>Discussion</u>**

Plaintiff does not specifically address RFP No. 18 but generally argues that he is entitled to relevant documents and Defendants would have located such documents if they had diligently searched the information available to them.

Defendants argue that they should not be compelled to respond further to this request, because this request seeks documents that arise from staff complaints allegedly filed against Defendants, and Plaintiff did not file a staff complaint arising from the January 24, 2005 incident. To the extent Plaintiff seeks other staff complaints and disciplinary actions filed against Defendants, Defendants object to Plaintiff's requests are overbroad and beyond the scope of this litigation. Defendants nonetheless respond that they have made a reasonable and diligent search, and no documents responsive to this request exist.

Defendants cannot be compelled to produce documents that do not exist. Plaintiff has not argued, or presented evidence, that any Defendant has faced disciplinary action or that such documents exist. Therefore, Defendants are not required to make any further response to this request.

> **RFP NO. 19:**

Please produce and relinquish the following document(s): All Bureau of Independent Review (BIR) record of any/all investigative and/or disciplinary action taken against each defendant named herein.  Pursuant to  E.V. Codes §§ 1043, 1045, 1046.

**RESPONSE TO RFP NO. 19:**

After a reasonable and diligent search by Defendants, no documents responsive to this request exist.

**<u>Discussion</u>**

Plaintiff does not specifically address RFP No. 19 but generally argues that he is entitled to relevant documents and Defendants would have located such documents if they had diligently searched the information available to them.

Defendants argue that they should not be compelled to respond further to this request, because this request seeks documents that arise from staff complaints allegedly filed against Defendants, and Plaintiff did not file a staff complaint arising from the January 24, 2005 incident. To the extent Plaintiff seeks other staff complaints and disciplinary actions filed against Defendants, Defendants object to Plaintiff's requests are overbroad and beyond the scope of this litigation. Defendants nonetheless respond that they have made a reasonable and diligent search, and no documents responsive to this request exist.

Defendants cannot be compelled to produce documents that do not exist.  Plaintiff has not argued, or presented evidence, that any Defendant has faced disciplinary action or that such documents exist.  Therefore, Defendants are not required to make any further response to this request.

> **RFP NO. 20:**

Please produce and relinquish the following document(s): All "skelly packages", this material may include but is not limited to the following; investigative report, applicable policies, procedures and Government Code sections; records of training the employee(s) has

*///*

attended; job descriptions and duty statements and/or post orders that are related to the charges for each defendant named herein.  Pursuant to  E.V. Codes §§ 1043, 1045, 1046.

**RESPONSE TO RFP NO. 20:**

After a reasonable and diligent search by Defendants, no documents responsive to this request exist.

**Discussion**

Plaintiff does not specifically address RFP No. 20 but generally argues that he is entitled to relevant documents and Defendants would have located such documents if they had diligently searched the information available to them.

Defendants argue that they should not be compelled to respond further to this request, because this request seeks documents that arise from staff complaints allegedly filed against Defendants, and Plaintiff did not file a staff complaint arising from the January 24, 2005 incident. To the extent Plaintiff seeks other staff complaints and disciplinary actions filed against Defendants, Defendants object to Plaintiff's requests are overbroad and beyond the scope of this litigation. Defendants nonetheless respond that they have made a reasonable and diligent search, and no documents responsive to this request exist.

Defendants cannot be compelled to produce documents that do not exist.  Plaintiff has not argued, or presented evidence, that any Defendant has faced disciplinary action or that such documents exist.  Therefore, Defendants are not required to produce any documents in response to this request.

> **RFP NO. 21:**

Please produce and relinquish the following document(s): All "corrective action" records for each defendant named herein.  This material may include but is not limited to the following: verbal counseling, in-service training on the job training, written counseling, or a letter of instruction taken by a supervisor to assist an employee in improving his/her work performance behavior or conduct.  Pursuant to  E.V. Code(s) §§ 1043, 1045, 1046.

///

**RESPONSE TO RFP NO. 21:**

After a reasonable and diligent search by Defendants, no documents responsive to this request exist.

**Discussion**

Plaintiff does not specifically address RFP No. 21 but generally argues that he is entitled to relevant documents and Defendants would have located such documents if they had diligently searched the information available to them.

Defendants argue that they should not be compelled to respond further to this request, because this request seeks documents that arise from staff complaints allegedly filed against Defendants, and Plaintiff did not file a staff complaint arising from the January 24, 2005 incident. To the extent Plaintiff seeks other staff complaints and disciplinary actions filed against Defendants, Defendants object to Plaintiff's request as overbroad and beyond the scope of this litigation. Defendants nonetheless respond that they have made a reasonable and diligent search, and no documents responsive to this request exist.

Defendants cannot be compelled to produce documents that do not exist. Plaintiff has not argued, or presented evidence, that any Defendant has faced disciplinary action or that such documents exist. Therefore, Defendants are not required to make any further response to this request.

> **RFP NO. 22:**

Please produce and relinquish the following document(s): All "Designated Cases" records, assigned to the vertical advocates for each defendant named herein. This material may include but is not limited to the following matters including staff integrity and/or dishonesty, abuse of authority, sexual misconduct, use of force in which an inmate suffers death or serious injury, use of deadly force, serious allegations made against supervisors, and high profile or dismissal cases assigned to the vertical advocate by the AGC. Pursuant to E.V. Codes §§ 1043, 1045, 1046.

///

**RESPONSE TO RFP NO. 22:**

After a reasonable and diligent search by Defendants, no documents responsive to this request exist.

**Discussion**

Plaintiff does not specifically address RFP No. 22 but generally argues that he is entitled to relevant documents and Defendants would have located such documents if they had diligently searched the information available to them.

Defendants argue that they should not be compelled to respond further to this request, because this request seeks documents that arise from staff complaints allegedly filed against Defendants, and Plaintiff did not file a staff complaint arising from the January 24, 2005 incident. To the extent Plaintiff seeks other staff complaints and disciplinary actions filed against Defendants, Defendants object to Plaintiff's request as overbroad and beyond the scope of this litigation. Defendants nonetheless respond that they have made a reasonable and diligent search, and no documents responsive to this request exist.

Defendants cannot be compelled to produce documents that do not exist. Plaintiff has not argued, or presented evidence, that any Defendant has faced disciplinary action or that such documents exist. Therefore, Defendants are not required to make any further response to this request.

> **RFP NO. 23:**

Please produce and relinquish the following document(s): All "employee counseling records" for each defendant named herein. This material may include but is not limited to the following: A written record of counseling, documented on a CDC form 1123, between a supervisor and subordinate which provides formal instructions about laws, rules policies, and employer expectations. Pursuant to E.V. Code(s) §§ 1043, 1045, 1046.

**RESPONSE TO RFP NO. 23:**

Defendants object to this request because it is not relevant, is a violation of their rights to privacy, has been propounded for the pure purpose of harassment or

embarrassment, and is in violation of Rule 26 (b)(2)(C).  Without waiving said objections, after a reasonable and diligent search by Defendants, documents responsive to this request do not exist.

**Discussion**

Plaintiff does not specifically address RFP No. 23 but generally argues that he is entitled to relevant documents and Defendants would have located such documents if they had diligently searched the information available to them.

Defendants argue that they should not be compelled to respond further to this request, because this request seeks documents that arise from staff complaints allegedly filed against Defendants, and Plaintiff did not file a staff complaint arising from the January 24, 2005 incident. To the extent Plaintiff seeks other staff complaints and disciplinary actions filed against Defendants, Defendants object to Plaintiff's request as overbroad and beyond the scope of this litigation. Defendants nonetheless respond that without waiving their objections, they have made a reasonable and diligent search, and no documents responsive to this request exist.

Defendants cannot be compelled to produce documents that do not exist.  Plaintiff has not argued, or presented evidence, that any Defendant has faced disciplinary action or that such documents exist.  Therefore, Defendants are not required to make any further response to this request.


> **RFP NO. 24:**

Please produce and relinquish the following document(s): All "executive review" records regarding the investigative finding, proposed disciplinary penalty, or settlement agreement, for each Defendant named herein.  Pursuant to  E.V. Code(s) §§ 1043, 1045, 1046.

**RESPONSE TO RFP NO. 24:**

Defendants object to this request because it is compound, overbroad, not relevant to this action, and is a violation of the Defendants' privacy rights regarding their personnel files.  Without waiving said objections, after a reasonable and diligent search by Defendants, documents responsive to this request do not exist.

**Discussion**

Plaintiff does not specifically address RFP No. 24 but generally argues that he is entitled to relevant documents and Defendants would have located such documents if they had diligently searched the information available to them.

Defendants argue that they should not be compelled to respond further to this request, because this request seeks documents that arise from staff complaints allegedly filed against Defendants, and Plaintiff did not file a staff complaint arising from the January 24, 2005 incident. To the extent Plaintiff seeks other staff complaints and disciplinary actions filed against Defendants, Defendants object to Plaintiff's request as overbroad and beyond the scope of this litigation. Defendants nonetheless respond that without waiving their objections, they have made a reasonable and diligent search, and no documents responsive to this request exist.

Defendants cannot be compelled to produce documents that do not exist.  Plaintiff has not argued, or presented evidence, that any Defendant has faced disciplinary action or that such documents exist.  Therefore, Defendants are not required to make any further response to this request.


> **RFP NO. 25:**

Please produce and relinquish the following document(s): All notice(s) of "adverse action" for each defendant named herein.  This material may include but is not limited to the following: A notification to the affected employee of the charges against him/her, the adverse action penalty, and the effective date.  Pursuant to E.V. Code(s) §§ 1043, 1045, 1046.

**RESPONSE TO RFP NO. 25:**

Defendants object to this request because it is compound, overbroad, not relevant to this action, and is a violation of the Defendants' privacy rights regarding their personnel files.  Without waiving said objections, after a reasonable and diligent search by Defendants, documents responsive to this request do not exist.

///

///

23

**Discussion**

Plaintiff does not specifically address RFP No. 25 but generally argues that he is entitled to relevant documents and Defendants would have located such documents if they had diligently searched the information available to them.

Defendants argue that they should not be compelled to respond further to this request, because this request seeks documents that arise from staff complaints allegedly filed against Defendants, and Plaintiff did not file a staff complaint arising from the January 24, 2005 incident. To the extent Plaintiff seeks other staff complaints and disciplinary actions filed against Defendants, Defendants object to Plaintiff's request as overbroad and beyond the scope of this litigation. Defendants nonetheless respond that without waiving their objections, they have made a reasonable and diligent search, and no documents responsive to this request exist.

Defendants cannot be compelled to produce documents that do not exist. Plaintiff has not argued, or presented evidence, that any Defendant has faced disciplinary action or that such documents exist. Therefore, Defendants are not required to make any further response to this request.

> **RFP NO. 26:**

Please produce and relinquish the following document(s): All "Office of Internal Affairs (OIA)" filed, for each defendant named herein, including but is not limited to; investigative reports on allegations of employee misconduct. Pursuant to E.V. Code(s) §§ 1043, 1045, 1046.

**RESPONSE TO RFP NO. 26:**

Defendants object to this request because it is compound, overbroad, not relevant to this action, and is a violation of the Defendants' privacy rights regarding their personnel files. Without waiving said objections, after a reasonable and diligent search by Defendants, documents responsive to this request do not exist.

///

///

**Discussion**

Plaintiff does not specifically address RFP No. 26 but generally argues that he is entitled to relevant documents and Defendants would have located such documents if they had diligently searched the information available to them.

Defendants argue that they should not be compelled to respond further to this request, because this request seeks documents that arise from staff complaints allegedly filed against Defendants, and Plaintiff did not file a staff complaint arising from the January 24, 2005 incident. To the extent Plaintiff seeks other staff complaints and disciplinary actions filed against Defendants, Defendants object to Plaintiff's request as overbroad and beyond the scope of this litigation. Defendants nonetheless respond that without waiving their objections, they have made a reasonable and diligent search, and no documents responsive to this request exist.

Defendants cannot be compelled to produce documents that do not exist.  Plaintiff has not argued, or presented evidence, that any Defendant has faced disciplinary action or that such documents exist.   Therefore, Defendants are not required to make any further response to this request.

> **RFP NO. 27:**

Please produce and relinquish the following document(s): All "preliminary notice(s) of adverse action" for each defendant named herein.  This material may include but is not limited to the following: Notification required of some hiring authorities in accordance with the Bodiford Settlement Agreement, to an effected employee regarding charges against him/her and the intent to impose adverse action.  This notification summarizes the specific subsections of the Government code that have been violated, as well as the actions that constituted the violation.  Pursuant to  E.V. Code(s) §§ 1043, 1045, 1046.

**RESPONSE TO RFP NO. 27:**

Defendants object to this request because it is compound, overbroad, not relevant to this action, and is a violation of the Defendants' privacy rights regarding their

///

personnel files.  Without waiving said objections, after a reasonable and diligent search by Defendants, documents responsive to this request do not exist.

**Discussion**

Plaintiff does not specifically address RFP No. 27 but generally argues that he is entitled to relevant documents and Defendants would have located such documents if they had diligently searched the information available to them.

Defendants argue that they should not be compelled to respond further to this request, because this request seeks documents that arise from staff complaints allegedly filed against Defendants, and Plaintiff did not file a staff complaint arising from the January 24, 2005 incident. To the extent Plaintiff seeks other staff complaints and disciplinary actions filed against Defendants, Defendants object to Plaintiff's request as overbroad and beyond the scope of this litigation. Defendants nonetheless respond that without waiving their objections, they have made a reasonable and diligent search, and no documents responsive to this request exist.

Defendants cannot be compelled to produce documents that do not exist.  Plaintiff has not argued, or presented evidence, that any Defendant has faced disciplinary action or that such documents exist.  Therefore, Defendants are not required to make any further response to this request.


> **RFP NO. 28:**

Please produce and relinquish the following document(s): All "skelly hearing" results records for each defendant named herein, this material may include but is not limited to the following: the hiring authorities' final decision regarding the imposition of a disciplinary penalty.  Pursuant to  E.V. Code(s) §§ 1043, 1045, 1046.

**RESPONSE TO RFP NO. 28:**

After a reasonable and diligent search by Defendants, no documents responsive to this request exist.

///

///

**Discussion**

Plaintiff does not specifically address RFP No. 28 but generally argues that he is entitled to relevant documents and Defendants would have located such documents if they had diligently searched the information available to them.

Defendants argue that they should not be compelled to respond further to this request, because this request seeks documents that arise from staff complaints allegedly filed against Defendants, and Plaintiff did not file a staff complaint arising from the January 24, 2005 incident. To the extent Plaintiff seeks other staff complaints and disciplinary actions filed against Defendants, Defendants object to Plaintiff's request as overbroad and beyond the scope of this litigation. Defendants nonetheless respond that without waiving their objections, they have made a reasonable and diligent search, and no documents responsive to this request exist.

Defendants cannot be compelled to produce documents that do not exist. Plaintiff has not argued, or presented evidence, that any Defendant has faced disciplinary action or that such documents exist. Therefore, Defendants are not required to make any further response to this request.

> **RFP NO. 29:**

Please provide and relinquish the following document(s): All "skelly letters" for each defendant named herein, this material may include but is not limited to the following: The hiring authority's final decision regarding the imposition of a disciplinary penalty. Pursuant to E.V. Codes §§ 1043, 1045, 1046.

   **RESPONSE TO RFP NO. 29:**

After a reasonable and diligent search by Defendants, no documents responsive to this request exist.

///
///
///
///

27

**Discussion**

Plaintiff does not specifically address RFP No. 29 but generally argues that he is entitled to relevant documents and Defendants would have located such documents if they had diligently searched the information available to them.

Defendants argue that they should not be compelled to respond further to this request, because this request seeks documents that arise from staff complaints allegedly filed against Defendants, and Plaintiff did not file a staff complaint arising from the January 24, 2005 incident. To the extent Plaintiff seeks other staff complaints and disciplinary actions filed against Defendants, Defendants object to Plaintiff's request as overbroad and beyond the scope of this litigation. Defendants nonetheless respond that without waiving their objections, they have made a reasonable and diligent search, and no documents responsive to this request exist.

Defendants cannot be compelled to produce documents that do not exist.  Plaintiff has not argued, or presented evidence, that any Defendant has faced disciplinary action or that such documents exist.  Therefore, Defendants are not required to make any further response to this request.

> **RFP NO. 30:**

Please produce and relinquish the following document(s): All "(ERO)" Employee Relations Officer-Disciplinary Officer's summary adverse action records for each defendant named herein, this material may include but it not limited to the following: A summary complied by the ERO/Disciplinary Officer of allegations of misconduct, from evidence contained in an investigative report or other documents.  Pursuant to  E.V. Codes §§ 1043, 1045, 1046.

**RESPONSE TO RFP NO. 30:**

After a reasonable and diligent search by Defendants, no documents responsive to this request exist.

///
///
///

28

**Discussion**

Plaintiff does not specifically address RFP No. 30 but generally argues that he is entitled to relevant documents and Defendants would have located such documents if they had diligently searched the information available to them.

Defendants argue that they should not be compelled to respond further to this request, because this request seeks documents that arise from staff complaints allegedly filed against Defendants, and Plaintiff did not file a staff complaint arising from the January 24, 2005 incident. To the extent Plaintiff seeks other staff complaints and disciplinary actions filed against Defendants, Defendants object to Plaintiff's request as overbroad and beyond the scope of this litigation. Defendants nonetheless respond that without waiving their objections, they have made a reasonable and diligent search, and no documents responsive to this request exist.

Defendants cannot be compelled to produce documents that do not exist.  Plaintiff has not argued, or presented evidence, that any Defendant has faced disciplinary action or that such documents exist.  Therefore, Defendants are not required to make any further response to this request.

> **RFP NO. 31:**

Please produce and relinquish the following document(s): All "hiring authority's" investigative and disciplinary records for each defendant named herein.  This material may include but it not limited to the following: CDCR Forms 989 to the OIA including those cases in which direct adverse action is taken without an investigation, CDCR form(s) 402 completed, CDCR form(s) 403 employee disciplinary matrix.  Pursuant to  E.V. Code(s) §§ 1043, 1045, 1046.

**RESPONSE TO RFP NO. 31:**

After a reasonable and diligent search by Defendants, no documents responsive to this request exist.

///

///

**Discussion**

Plaintiff does not specifically address RFP No. 31 but generally argues that he is entitled to relevant documents and Defendants would have located such documents if they had diligently searched the information available to them.

Defendants argue that they should not be compelled to respond further to this request, because this request seeks documents that arise from staff complaints allegedly filed against Defendants, and Plaintiff did not file a staff complaint arising from the January 24, 2005 incident. To the extent Plaintiff seeks other staff complaints and disciplinary actions filed against Defendants, Defendants object to Plaintiff's request as overbroad and beyond the scope of this litigation. Defendants nonetheless respond that without waiving their objections, they have made a reasonable and diligent search, and no documents responsive to this request exist.

Defendants cannot be compelled to produce documents that do not exist. Plaintiff has not argued, or presented evidence, that any Defendant has faced disciplinary action or that such documents exist. Therefore, Defendants are not required to make any further response to this request.

> **RFP NO. 32:**

Please produce and relinquish the following document(s): All "employees supervisory files" for each defendant named herein. This material may include but it not limited to the following: Filing documentation related to Corrective action, performance, behavior, conduct of subordinate staff, imposition of corrective action, corrective action for similar misconduct occurring within one(1) year prior to the imposition of corrective or adverse action, alleged misconducts, requests for investigations or adverse action to hiring authority. Pursuant to E.V. Codes §§ 1043, 1045, 1046.

**RESPONSE TO RFP NO. 32:**

After a reasonable and diligent search by Defendants, no documents responsive to this request exist.

///

**Discussion**

Plaintiff does not specifically address RFP No. 32 but generally argues that he is entitled to relevant documents and Defendants would have located such documents if they had diligently searched the information available to them.

Defendants argue that they should not be compelled to respond further to this request, because this request seeks documents that arise from staff complaints allegedly filed against Defendants, and Plaintiff did not file a staff complaint arising from the January 24, 2005 incident. To the extent Plaintiff seeks other staff complaints and disciplinary actions filed against Defendants, Defendants object to Plaintiff's request as overbroad and beyond the scope of this litigation. Defendants nonetheless respond that without waiving their objections, they have made a reasonable and diligent search, and no documents responsive to this request exist.

Defendants cannot be compelled to produce documents that do not exist. Plaintiff has not argued, or presented evidence, that any Defendant has faced disciplinary action or that such documents exist. Therefore, Defendants are not required to make any further response to this request.

> **RFP NO. 33:**

Please produce and relinquish the following document(s): All "vertical advocate" investigative interviews; notices of adverse action drafts, accurate records of assignments and documenting in the legal database all communications with the hiring authority and SAIG (Senior and Inspectors General) regarding disciplinary penalties: The skelly hearings, the skelly officer's recommendation; the outcome of executive review, settlement agreements, SPB hearings, and any appellate proceedings, documentation in the legal page of the CMS. All communications regarding investigative reports and investigative findings for each defendant named herein. Pursuant to E.V. Codes §§ 1043, 1045, 1046.

**RESPONSE TO RFP NO. 33:**

Defendants object to this request because it is compound, overbroad, not relevant to this action, and is a violation of the Defendants' privacy rights regarding their

personnel files.  Without waiving said objections, after a reasonable and diligent search by Defendants, documents responsive to this request do not exist.

**Discussion**

Plaintiff does not specifically address RFP No. 33 but generally argues that he is entitled to relevant documents and Defendants would have located such documents if they had diligently searched the information available to them.

Defendants argue that they should not be compelled to respond further to this request, because this request seeks documents that arise from staff complaints allegedly filed against Defendants, and Plaintiff did not file a staff complaint arising from the January 24, 2005 incident. To the extent Plaintiff seeks other staff complaints and disciplinary actions filed against Defendants, Defendants object to Plaintiff's request as overbroad and beyond the scope of this litigation. Defendants nonetheless respond that without waiving their objections, they have made a reasonable and diligent search, and no documents responsive to this request exist.

Defendants cannot be compelled to produce documents that do not exist.  Plaintiff has not argued, or presented evidence, that any Defendant has faced disciplinary action or that such documents exist.  Therefore, Defendants are not required to make any further response to this request.

> **RFP NO. 34:**

Please produce and relinquish all "Office of Personnel" services, human resources document/reports that refer or relate to allegations of misconduct or any other improper conduct.  For each defendant named herein, this material may include but is not limited to the following: Processing of adverse actions, filing and retaining final notices of adverse action in employee office personnel files for three (3) years.  Pursuant to  E.V. Codes §§ 1043, 1045, 1046.

**RESPONSE TO RFP NO. 34:**

Defendants object to this request because it is compound, overbroad, not relevant to this action, and is a violation of the Defendants' privacy rights regarding their

personnel files.  Without waiving said objections, after a reasonable and diligent search by Defendants, documents responsive to this request do not exist.

**Discussion**

Plaintiff does not specifically address RFP No. 34 but generally argues that he is entitled to relevant documents and Defendants would have located such documents if they had diligently searched the information available to them.

Defendants argue that they should not be compelled to respond further to this request, because this request seeks documents that arise from staff complaints allegedly filed against Defendants, and Plaintiff did not file a staff complaint arising from the January 24, 2005 incident. To the extent Plaintiff seeks other staff complaints and disciplinary actions filed against Defendants, Defendants object to Plaintiff's request as overbroad and beyond the scope of this litigation. Defendants nonetheless respond that without waiving their objections, they have made a reasonable and diligent search, and no documents responsive to this request exist.

Defendants cannot be compelled to produce documents that do not exist.  Plaintiff has not argued, or presented evidence, that any Defendant has faced disciplinary action or that such documents exist.  Therefore, Defendants are not required to make any further response to this request.

> **RFP NO. 35:**

Please produce and relinquish all "Office of Personnel Services" employee discipline unit" documents/reports that refer or relate to allegations of misconduct or any other improper conduct, for each defendant named herein.  This material may include but is not limited to the following: Collecting and maintaining the official departmental copies of all adverse action documents separate and apart from these held in the official personnel files, statistical information and generating reports on adverse actions using case management system. Pursuant to  E.V. Codes §§ 1043, 1045, 1046.

///

///

**RESPONSE TO RFP NO. 35:**

Defendants object to this request because it is compound, overbroad, not relevant to this action, and is a violation of the Defendants' privacy rights regarding their personnel files. Without waiving said objections, after a reasonable and diligent search by Defendants, documents responsive to this request do not exist.

**Discussion**

Plaintiff does not specifically address RFP No. 35 but generally argues that he is entitled to relevant documents and Defendants would have located such documents if they had diligently searched the information available to them.

Defendants argue that they should not be compelled to respond further to this request, because this request seeks documents that arise from staff complaints allegedly filed against Defendants, and Plaintiff did not file a staff complaint arising from the January 24, 2005 incident. To the extent Plaintiff seeks other staff complaints and disciplinary actions filed against Defendants, Defendants object to Plaintiff's request as overbroad and beyond the scope of this litigation. Defendants nonetheless respond that without waiving their objections, they have made a reasonable and diligent search, and no documents responsive to this request exist.

Defendants cannot be compelled to produce documents that do not exist. Plaintiff has not argued, or presented evidence, that any Defendant has faced disciplinary action or that such documents exist. Therefore, Defendants are not required to make any further response to this request.

> **RFP NO. 36:**

Please produce and relinquish all memorandum forms "order for formal IST and/or documentation of OJT", for each defendant named herein. Pursuant to E.V. Codes §§ 1043, 1045, 1046.

**RESPONSE TO RFP NO. 36:**

Attached are Defendants training records. (Attachment A.)

///

**Discussion**

Plaintiff does not specifically address RFP No. 36 and does not give any explanation why Defendants' response to RFP No. 36 is deficient.  Defendants are not required to provide any further response to this request.

> **RFP NO. 37:**

Please produce and relinquish all "central intake" documents/investigative reports, that refer or relate to allegations of misconduct or any other improper conduct for each defendant named herein.  This material may include but is not limited to the following: The Case Management Systems (CMS) and the pro law database (Legal database) updates of the CMS legal page, cross reference numbers, the ERO/Disciplinary Officer's record of the findings in the CMS database, copies of the CDCR form 402, vertical advocate of all related communications in the legal page of the CMS including, specifically his/her recommendations, regarding the investigative findings.  Pursuant to  E.V. Codes §§ 1043, 1045, 1046.

**RESPONSE TO RFP NO. 37:**

Defendants object to this request because it is compound, overbroad, not relevant to this action, and is a violation of the Defendants' privacy rights regarding their personnel files.  Without waiving said objections, after a reasonable and diligent search by Defendants, documents responsive to this request do not exist.

**Discussion**

Plaintiff does not specifically address RFP No. 37 but generally argues that he is entitled to relevant documents and Defendants would have located such documents if they had diligently searched the information available to them.

Defendants argue that they should not be compelled to respond further to this request, because this request seeks documents that arise from staff complaints allegedly filed against Defendants, and Plaintiff did not file a staff complaint arising from the January 24, 2005 incident.  To the extent Plaintiff seeks other staff complaints and disciplinary actions filed against Defendants,

Defendants object to Plaintiff's request as overbroad and beyond the scope of this litigation. Defendants nonetheless respond that without waiving their objections, they have made a reasonable and diligent search, and no documents responsive to this request exist.

Defendants cannot be compelled to produce documents that do not exist. Plaintiff has not argued, or presented evidence, that any Defendant has faced disciplinary action or that such documents exist. Therefore, Defendants are not required to make any further response to this request.

> **RFP NO. 38:**

Please produce and relinquish all "adverse action penalties" documents that refer or relate to allegations of misconduct or any other improper conduct for each defendant named herein. This material may include but is not limited to the following: Letters or reprimand, salary reductions, suspension without pay, demotion to a lower class dismissal from state service, all communications related to penalty imposition in the legal database. Pursuant to E.V. Codes §§ 1043, 1045, 1046.

**RESPONSE TO RFP NO. 38:**

Defendants object to this request because it is compound, overbroad, not relevant to this action, and is a violation of the Defendants' privacy rights regarding their personnel files. Without waiving said objections, after a reasonable and diligent search by Defendants, documents responsive to this request do not exist.

**Discussion**

Plaintiff does not specifically address RFP No. 38 but generally argues that he is entitled to relevant documents and Defendants would have located such documents if they had diligently searched the information available to them.

Defendants argue that they should not be compelled to respond further to this request, because this request seeks documents that arise from staff complaints allegedly filed against Defendants, and Plaintiff did not file a staff complaint arising from the January 24, 2005 incident. To the extent Plaintiff seeks other staff complaints and disciplinary actions filed against Defendants,

Defendants object to Plaintiff's request as overbroad and beyond the scope of this litigation. Defendants nonetheless respond that without waiving their objections, they have made a reasonable and diligent search, and no documents responsive to this request exist.

Defendants cannot be compelled to produce documents that do not exist. Plaintiff has not argued, or presented evidence, that any Defendant has faced disciplinary action or that such documents exist. Therefore, Defendants are not required to make any further response to this request.

> **RFP NO. 39:**

Please produce and relinquish all "ATO Notices" that refer or relate to allegations of misconduct for each named defendant herein. For the relevant time period. Pursuant to E.V. Codes §§ 1043, 1045, 1046.

**RESPONSE TO RFP NO. 39:**

Defendants object to this request because it is vague as to time, compound, overbroad, not relevant to this action, and is a violation of the Defendants' privacy rights regarding their personnel files. Without waiving said objections, after a reasonable and diligent search by Defendants, documents responsive to this request do not exist.

**Discussion**

Plaintiff does not specifically address RFP No. 39 but generally argues that he is entitled to relevant documents and Defendants would have located such documents if they had diligently searched the information available to them.

Defendants argue that they should not be compelled to respond further to this request, because this request seeks documents that arise from staff complaints allegedly filed against Defendants, and Plaintiff did not file a staff complaint arising from the January 24, 2005 incident. To the extent Plaintiff seeks other staff complaints and disciplinary actions filed against Defendants, Defendants object to Plaintiff's request as overbroad and beyond the scope of this litigation.

///

Defendants nonetheless respond that without waiving their objections, they have made a reasonable and diligent search, and no documents responsive to this request exist.

Defendants cannot be compelled to produce documents that do not exist.  Plaintiff has not argued, or presented evidence, that any Defendant has faced disciplinary action or that such documents exist.  Therefore, Defendants are not required to make any further response to this request.

> **RFP NO. 40:**

Please produce and relinquish all "EAPT records" (Employment Advocacy and Prosecution Team) for Lancaster State prison.  This material may include but is not limited to the following number of adverse actions by types of discipline, number of direct (without an investigation) adverse action by type, number of actions where the discipline was sustained by the skelly officer, number of actions where the skelly officer recommended modification of the discipline, number that the hiring authority rejected the recommendation, number of settlements reached prior to the SPB decision, SPB (State Personnel Board) decisions number of cases where SPB upheld the original discipline.  Pursuant to E.V. Codes §§ 1043, 1045, 1046.

**RESPONSE TO RFP NO. 40:**

After a reasonable and diligent search by Defendants, no documents responsive to this request exist.

**<u>Discussion</u>**

Plaintiff does not specifically address RFP No. 40 but generally argues that he is entitled to relevant documents and Defendants would have located such documents if they had diligently searched the information available to them.

Defendants argue that they should not be compelled to respond further to this request, because this request seeks documents that arise from staff complaints allegedly filed against Defendants, and Plaintiff did not file a staff complaint arising from the January 24, 2005 incident.  To the extent Plaintiff seeks other staff complaints and disciplinary actions filed against Defendants,

Defendants object to Plaintiff's request as overbroad and beyond the scope of this litigation. Defendants nonetheless respond that without waiving their objections, they have made a reasonable and diligent search, and no documents responsive to this request exist.

Defendants cannot be compelled to produce documents that do not exist. Plaintiff has not argued, or presented evidence, that any Defendant has faced disciplinary action or that such documents exist. Therefore, Defendants are not required to make any further response to this request.

> **RFP NO. 41:**

Please produce and relinquish all "disciplinary audits" prepared by the "Office of Legal Affairs, in conjunction with the "OIA", for Lancaster State Prison. This material may include but is not limited to the following: The assessments, adequacy, and monitoring of the statue [*sic*] of limitations, the assessments of training needs, evaluations, of the effectiveness of each vertical advocate, the appropriateness and thoroughness of the investigation, report, penalty, notice of adverse action and settlement; and the policy issues involved and/or at stake. Pursuant to E.V. Codes §§ 1043, 1045, 1046.

**RESPONSE TO RFP NO. 41:**

Defendants object to this request because it is vague as to time, compound, overbroad, not relevant to this action, and is a violation of the Defendants' privacy rights regarding their personnel files. Without waiving said objections, after a reasonable and diligent search by Defendants, documents responsive to this request do not exist.

**Discussion**

Plaintiff does not specifically address RFP No. 41 but generally argues that he is entitled to relevant documents and Defendants would have located such documents if they had diligently searched the information available to them.

Defendants argue that they should not be compelled to respond further to this request, because this request seeks documents that arise from staff complaints allegedly filed against

Defendants, and Plaintiff did not file a staff complaint arising from the January 24, 2005 incident. To the extent Plaintiff seeks other staff complaints and disciplinary actions filed against Defendants, Defendants object to Plaintiff's request as overbroad and beyond the scope of this litigation. Defendants nonetheless respond that without waiving their objections, they have made a reasonable and diligent search, and no documents responsive to this request exist.

Defendants cannot be compelled to produce documents that do not exist.  Plaintiff has not argued, or presented evidence, that any Defendant has faced disciplinary action or that such documents exist.   Therefore, Defendants are not required to make any further response to this request.

> **RFP NO. 42:**

Please produce and relinquish the following document(s): On site prison hospital unit log entry for December 31, 2005 and January 4, 2006.  Pursuant to  E.V. Codes §§ 1043, 1045, 1046.

**RESPONSE TO RFP NO. 42:**

See Attachment B which contains the documents responsive to the request along with additional medical records in possession of the Defendants.

**Discussion**

Plaintiff does not specifically address RFP No. 42 and does not give any explanation why Defendants' response to RFP No. 42 is deficient.  Defendants are not required to provide any further response to this request.

> **RFP NO. 43:**

Please produce and relinquish the following document(s): All (IHUOFC) "Institution head use of force review committees" use of force incidents reports for each defendant named herein, this material may include but is not limited to the following; evaluation of all relevant documents, executive review forms, pursuant to  E.V. Codes §§ 1043, 1045, 1046.

///

**RESPONSE TO RFP NO. 43:**

After a reasonable and diligent search, Defendants are unable to locate any documents that are responsive to this request.

**Discussion**

Plaintiff does not specifically address RFP No. 43 but generally argues that he is entitled to relevant documents and Defendants would have located such documents if they had diligently searched the information available to them.

Defendants argue that they should not be compelled to respond further to this request, because this request seeks documents that arise from staff complaints allegedly filed against Defendants, and Plaintiff did not file a staff complaint arising from the January 24, 2005 incident. To the extent Plaintiff seeks other staff complaints and disciplinary actions filed against Defendants, Defendants object to Plaintiff's request as overbroad and beyond the scope of this litigation. Defendants nonetheless respond that they have made a reasonable and diligent search and were unable to locate any documents responsive to this request.

Defendants cannot be compelled to make more than a reasonable and diligent search for documents in response to this request.  Plaintiff has not argued, or presented evidence, that any Defendant has faced disciplinary action or that such documents exist.  Therefore, Defendants are not required to make any further response to this request.


> **RFP NO. 44:**

Please produce and relinquish the following document(s): All use of force executive review records, files, or reports from the relevant time period, for each defendant named herein. This material may include but is not limited to the following: qualitive [*sic*] evaluation analysis, videos involving calculated use of force for incident(s), administrators' memorandums addressed to the warden of the outcome of the Department executive review committee.  Pursuant to  E.V. Codes §§ 1043, 1045, 1046.

///

///

**RESPONSE TO RFP NO. 44:**

After a reasonable and diligent search, Defendants are unable to locate any documents that are responsive to this request.

**Discussion**

Plaintiff does not specifically address RFP No. 44 but generally argues that he is entitled to relevant documents and Defendants would have located such documents if they had diligently searched the information available to them.

Defendants argue that they should not be compelled to respond further to this request, because this request seeks documents that arise from staff complaints allegedly filed against Defendants, and Plaintiff did not file a staff complaint arising from the January 24, 2005 incident. To the extent Plaintiff seeks other staff complaints and disciplinary actions filed against Defendants, Defendants object to Plaintiff's request as overbroad and beyond the scope of this litigation. Defendants nonetheless respond that they have made a reasonable and diligent search and were unable to locate any documents responsive to this request.

Defendants cannot be compelled to make more than a reasonable and diligent search to locate documents responsive to this request.  Plaintiff has not argued, or presented evidence, that any Defendant has faced disciplinary action or that such documents exist.  Therefore, Defendants are not required to make any further response to this request.


> **RFP NO. 45:**

Please produce and relinquish the following document(s): All "manager's review (second level) review forms" for all Defendants named herein from the relevant time periods.  This material may   include but is not limited to the following; second level analysis, determinations if use of force was within the guidelines of the Department/Institution policy, procedure and training, address violations of policy not identified in the review process, pursuant to  E.V. Codes §§ 1043, 1045, 1046.

///

///

**RESPONSE TO RFP NO. 45:**

After a reasonable and diligent search, Defendants are unable to locate any documents that are responsive to this request.

**Discussion**

Plaintiff does not specifically address RFP No. 45 but generally argues that he is entitled to relevant documents and Defendants would have located such documents if they had diligently searched the information available to them.

Defendants argue that they should not be compelled to respond further to this request, because this request seeks documents that arise from staff complaints allegedly filed against Defendants, and Plaintiff did not file a staff complaint arising from the January 24, 2005 incident. To the extent Plaintiff seeks other staff complaints and disciplinary actions filed against Defendants, Defendants object to Plaintiff's request as overbroad and beyond the scope of this litigation. Defendants nonetheless respond that they have made a reasonable and diligent search and were unable to locate any documents responsive to this request.

Defendants cannot be compelled to make more than a reasonable and diligent search to locate documents responsive to this request. Plaintiff has not argued, or presented evidence, that any Defendant has faced disciplinary action or that such documents exist. Therefore, Defendants are not required to make any further response to this request.


> **RFP NO. 46:**

Please produce and relinquish the following document(s): "Institutional head review of use of force critique and qualitive evaluation analysis records", files, or reports for each Defendant named herein, from the relevant time periods. Pursuant to E.V. §§ 1043, 1045, 1046.

**RESPONSE TO RFP NO. 46:**

After a reasonable and diligent search, Defendants are unable to locate any documents that are responsive to this request.

///

**Discussion**

Plaintiff does not specifically address RFP No. 46 but generally argues that he is entitled to relevant documents and Defendants would have located such documents if they had diligently searched the information available to them.

Defendants argue that they should not be compelled to respond further to this request, because this request seeks documents that arise from staff complaints allegedly filed against Defendants, and Plaintiff did not file a staff complaint arising from the January 24, 2005 incident. To the extent Plaintiff seeks other staff complaints and disciplinary actions filed against Defendants, Defendants object to Plaintiff's request as overbroad and beyond the scope of this litigation. Defendants nonetheless respond that they have made a reasonable and diligent search and were unable to locate any documents responsive to this request.

Defendants cannot be compelled to make more than a reasonable and diligent search to locate documents.   Plaintiff has not argued, or presented evidence, that any Defendant has faced disciplinary action or that such documents exist.  Therefore, Defendants are not required to make any further response to this request.

> **RFP NO. 47:**

Please produce and relinquish al "VCFC" use of force committee electronic data, on the database system established by the "UOFC"  for each Defendant named herein from the relevant time period.  This material may be include but is not limited to the following; information collected from the use of force incident reports, appeals of use of force, the use of force form, and the use of force executive review, the type of force used, reasons for the use of force.  Pursuant to  E.V. §§ 1043, 1045, 1046.

**RESPONSE TO RFP NO. 47:**

After a reasonable and diligent search, Defendants are unable to locate any documents that are responsive to this request.  Defendants do not have custody, possession or control over any such documents requested.

///

**Discussion**

Plaintiff does not specifically address RFP No. 47 but generally argues that he is entitled to relevant documents and Defendants would have located such documents if they had diligently searched the information available to them.  Plaintiff also argues that all documentation and information requested is well within Defendants' reach, kept in the usual course of business of the CDCR.

Defendants argue that they should not be compelled to respond further to this request, because this request seeks documents that arise from staff complaints allegedly filed against Defendants, and Plaintiff did not file a staff complaint arising from the January 24, 2005 incident. To the extent Plaintiff seeks other staff complaints and disciplinary actions filed against Defendants, Defendants object to Plaintiff's request as overbroad and beyond the scope of this litigation. Defendants nonetheless respond that they have made a reasonable and diligent search and were unable to locate any documents responsive to this request.

Defendants cannot be compelled to make more than a reasonable and diligent search to locate documents that are not within their custody, possession or control.  Plaintiff has not argued, or presented evidence, that any Defendant has faced disciplinary action or that such documents exist. Therefore, Defendants are not required to make any further response to this request.


> **RFP NO. 48:**

Please produce and relinquish all document(s), electronic data, from the "management information system", for each Defendant named herein.  Pursuant to E.V. §§ 1043, 1045, 1046.

**RESPONSE TO RFP NO. 48:**

After a reasonable and diligent search, Defendants are unable to locate any documents that are responsive to this request.  Defendants do not have custody, possession or control over any such documents requested.

///

///

**Discussion**

Plaintiff does not specifically address RFP No. 48 but generally argues that he is entitled to relevant documents and Defendants would have located such documents if they had diligently searched the information available to them.  Plaintiff also argues that all documentation and information requested is well within Defendants' reach, kept in the usual course of business of the CDCR.

Defendants argue that they should not be compelled to respond further to this request, because this request seeks documents that arise from staff complaints allegedly filed against Defendants, and Plaintiff did not file a staff complaint arising from the January 24, 2005 incident. To the extent Plaintiff seeks other staff complaints and disciplinary actions filed against Defendants, Defendants object to Plaintiff's request as overbroad and beyond the scope of this litigation. Defendants nonetheless respond that they have made a reasonable and diligent search and were unable to locate any documents responsive to this request.

Defendants cannot be compelled to make more than a reasonable and diligent search to locate documents that are not within their custody, possession or control.  Plaintiff has not argued, or presented evidence, that any Defendant has faced disciplinary action or that such documents exist. Therefore, Defendants are not required to make any further response to this request.


> **RFP NO. 49:**

Please produce and relinquish all videotape-recorded interviews by inmates who sustained blows to the head and/or facial area, serious injury, or made allegations of inappropriate use of force against each Defendant named herein, from the relevant time period.  This material may include, but is not limited to the following, audiotapes.  Pursuant to E.V. Codes §§ 1043, 1045, 1046.

**RESPONSE TO RFP NO. 49:**

Defendants object to this request because it is overbroad, compound, and not relevant to the action.  Defendants further object because the request is over burdensome and in violation of Rule 26(b)(2)(C).  Plaintiff is essentially asking Defendants to

generate a list of inmates that were within the institution at the same time, but Plaintiff has not specified the time period, merely stated "relevant time." Defendants would be required to look into every inmate's central file in order to see if they were ever involved in an incident where force was used to see if a video-taped interview was done for a third party inmate, then decipher whether the force used involved "blows to the head and/or facial area." The task is literally impossible and would be an extreme hardship for the Defendants, and for the employees of CDCR. Defendants further object that the term "serious injury" is vague and subject to several different types of definitions, whether by a layperson, or by a medical professional, therefore the request calls for the premature disclosure of expert opinion. After an inquiry by Defendants, no documents responsive to this request are in Defendants' custody, possession, or control.

**Discussion**

Plaintiff argues that this request is not overbroad, as it only requests records of excessive force by Defendants from a two-month period. Plaintiff argues that it is not burdensome to search Defendants' "elite computerized tracking system of files" containing the names of Defendants, incidents involving excessive force incidents "which resulted in a serious injury to the body or head," and the names of the victims. (Motion, Doc. 85 at 11.) Plaintiff also argues that Defendants' argument that the items are confidential or privileged does not apply in federal court.

Defendants argue that this request invades the privacy rights of third parties because inmates participate in use-of-force interviews with the expectation that their statements will be kept confidential. Defendants also argue that the request is overbroad and irrelevant because Plaintiff did not allege that he sustained any blows to the head of face.

Plaintiff replies that under Rule 26(b), he is entitled to discover video interviews of any allegations made by an inmate of misconduct by prison staff involving Defendants during the relevant time period, because these are the same or similar acts as Plaintiff suffered at the hands of Defendants, claims clearly limited to the subject matter in Plaintiff's complaint.

///

1    While it is true that "[q]uestions of privilege that arise in the course of the adjudication of

2  federal rights are 'governed by the principles of the common law as they may be interpreted by the

3  courts of the United States in the light of reason and experience,' " United States v. Zolin, 491 U.S.

4  554, 562, 109 S.Ct. 2619, 2625 (1989) (quoting Federal Rule of Evidence 501), this Court may give

5  some weight to privacy rights protected by state statutes.   The "ultimate responsibility for deciding

6  how much weight to ascribe to such interests, and how that weight compares with the significance

7  of competing interests, must reside with the federal courts." Kelly v. City of San Jose, 114 F.R.D.

8  653, 656 (N.D.Cal. 1987).   This Court usually allows plaintiffs in prisoner cases to discover records

9  of similar claims, such as excessive force, against officers in the past.   While evidence of misconduct

10  is "not admissible to prove a person's character in order to show that on a particular occasion the

11  person acted in accordance with the character," the evidence may be admissible for other purposes.

12  Fed. R. Evid. 404(b); 608(b), and the scope of discovery encompasses relevant information which

13  "appears reasonably calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P.

14  26(b).   However, privacy concerns must be considered, and the Court often requires confidential or

15  private information requested in discovery to be redacted or submitted for in camera review before

16  it is provided to another party.   Here, Plaintiff requests video tapes of interviews given by other

17  inmates, in which the inmates allege that the Defendants in this action used excessive force against

18  them during a limited time period.   Plaintiff is not entitled to discover confidential information

19  which may include names of third parties or sensitive testimony given under the expectation of

20  confidentiality by third parties not part of this litigation.   Moreover, to the extent that there are

21  numerous video tapes responsive to Plaintiff's request, it could be burdensome and expensive for

22  Defendants to produce copies for Plaintiff.

23    The Court finds that the burden of producing the recordings requested by Plaintiff outweighs

24  its likely benefit, considering that records of use-of-force incidents involving Defendants are

25  available from more convenient, less burdensome, and less expensive sources, such as personnel

26  files.   Garrett v. City and County of San Francisco, 818 F.2d 1515, 1519 n. 6 (9th Cir.1987)

27  (citations omitted) (despite claims of privilege, personnel files are discoverable in federal question

28  cases).   Further, discovery of the information Plaintiff seeks from the video tapes is not essential in

resolving the issue of whether Defendants used excessive force against Plaintiff in the January 24, 2005 incident at issue in this action.  Therefore, Defendants shall not be required to make further responses to this request.

**>**      **RFP NO. 53:**

Please produce and relinquish all document(s) that relate or refer to medical treatment for prisoners who suffer injury, and/or serious injury.  This material may include, but is not limited to the following; medical treatment policies for M.T.A.'s, R.N's, psych techs and LVN's, pursuant to  E.V. Codes §§ 1271, 1280, 1530, 1532, 1550.1, 1600.

**RESPONSE TO RFP NO. 53:**

Defendants object to this request on the grounds that it is compound, vague and ambiguous, overly broad, and is not a request to produce specific identifiable documents.  Defendants further object on the grounds that it requests information not within Defendants' personal knowledge, possession, custody, or control.   It is essentially calling for the entire prison systems' medical records for every prisoner. It is clearly in violation of Rule 26(b)(2)(C).  Defendants do not have medical records that address the injuries of inmates in their possession, custody, or control. Defendants will not produce the medical records of third party inmates.  As to policies or job descriptions, these documents will be produced in other responses.

**Discussion**

Plaintiff argues that if Defendants do not have personal knowledge sufficient to respond to a request, they must make a reasonable and good faith effort to obtain the information in Defendants' business records, personnel files, prison policy files, or some other place available to them.  Plaintiff contends that Defendants have not submitted the required affidavits to prove their lack of personal knowledge.  Plaintiff also argues that Defendants have not made a proper claim that the material is privileged, and he has a right to all discovery matter leading to relevant information.

Defendants' objections are sustained on the grounds that Plaintiff's request for other prisoners' medical records is compound, vague, ambiguous, overly broad, and not a request to

produce specific identifiable documents.  The Court also finds that the burden or expense for Defendants to produce this discovery outweighs the likely benefit of the discovery to Plaintiff in this action, since Plaintiff's medical claim proceeds only against defendants Adams, Alexander, Watson, and Granillo for events occurring during a limited time period.  Fed. R. Civ. P. 26(b)(2)(C).  With respect to Plaintiff's request for medical treatment policies, the Court finds that Defendants' response, that these documents will be produced in other responses, suffices.  Therefore, Defendants shall not be required to make further responses to this request.

> **RFP NO. 54:**

Please produce and relinquish all documents that relate or refer to the serious injury treatment policy for inmates housed in the C.S.P.-Tehachapi main hospital, pursuant to  E.V. Codes §§ 1271, 1280, 1530, 1532, 1550.1, 1600.

**RESPONSE TO RFP NO. 54:**

Defendants object to this request on the grounds that it is compound, vague and ambiguous, not relevant to this action, overly broad, and is not a request to produce specific identifiable documents.  Defendants further object on the grounds that it requests information not within Defendants' personal knowledge, possession, custody, or control.  After a reasonable inquiry, Defendants do not have medical records that address the injuries of inmates in their possession, custody, or control.

**Discussion**

Plaintiff argues that if Defendants do not have personal knowledge sufficient to respond to a request, they must make a reasonable and good faith effort to obtain the information in Defendants' business records, personnel files, prison policy files, or some other place available to them.  Plaintiff contends that Defendants have not submitted the required affidavits to prove their lack of personal knowledge.  Plaintiff also argues that Defendants have not made a proper claim that the material is privileged, and he has a right to all discovery matter leading to relevant information.

Defendants reassert their objections and argue that the term "serious injury treatment" is vague and ambiguous.  They assert that this request is overbroad in time and scope because Plaintiff

1  was not treated at the prison's main hospital, and it is irrelevant because no evidence shows he was
2  denied treatment at the main hospital.

3       Defendants' objections are sustained on the grounds that Plaintiff's request is vague, overly
4  broad, and is not a request to produce specific identifiable documents.  Therefore, Defendants shall
5  not be required to make further responses to this request.

6

7  >  **RFP NO. 57:**

8       Please produce and relinquish the following document(s): Plaintiff's "Unit Health Care
9  Records" all four volumes, this material may include but is not limited to the following:
10  hospital records, 128G chronos documenting all hunger strikes initiated by Plaintiff while
11  housed at Tehachapi Prison, CDCR 7219's from each incidents in question, CDCR 7225, all
12  reports made to the A.W. HCM, LMO, ADD, PCP, warden, division regional
13  administrator(s), deputy director, institutions division; the chief deputy director, pursuant to
14  E.V. Codes §§ 1271, 1280, 1530, 1532, 1550.1, 1600.

15       **RESPONSE TO RFP NO. 57:**

16       Defendants object to this request as overbroad, burdensome, and not relevant to this
17  action.  Defendants do not have possession of the Plaintiff's central file or medical
18  records because defendants are not located at the prison Plaintiff is currently housed.
19  Medical records have been provided in Attachment B to Plaintiff's Request for
20  Production of Documents Set Two.  Plaintiff has access to his medical file and is
21  merely making the request to harass and cause unnecessary work and expense to
22  CDCR, in violation of Rule 26(b)(2)(C).  Plaintiff has four lawsuits where he has
23  made similar requests, and through discovery has obtained this information.
24  Defendants have produced in Attachment B, to Set Two, medical records from
25  Plaintiff's medical files.

26  **Discussion**

27       Plaintiff argues that if Defendants do not have personal knowledge sufficient to respond to
28  a request, they must make a reasonable and good faith effort to obtain the information in Defendants'

business records, personnel files, prison policy files, or some other place available to them.  Plaintiff

contends that Defendants have not submitted the required affidavits to prove their lack of personal

knowledge.  Plaintiff also argues that Defendants have not made a proper claim that the material is

privileged, and he has a right to all discovery matter leading to relevant information.  As for any

argument by Defendants that Plaintiff can find documents in his own files, Plaintiff argues that

Defendants cannot know what documents are in Plaintiff's central file or how those documents

compare to the documents he seeks.

Defendants argue that Plaintiff has not explained the deficiency of their responses to this

request.

Plaintiff has not addressed Defendants' assertion that Defendants have already provided

Plaintiff's medical records to him in response to other discovery requests in this case and other cases.

Moreover, Plaintiff has access to his own files and can obtain these records himself if he does not

already have them.  Therefore, Defendants shall not be required to make further responses to this

request.


>       **RFP NO. 58:**

Please produce and relinquish the following document(s): Plaintiff's entire central file

records, including but not limited to all confidential material, as it will not jeopardize the

safety and security of the institution, pursuant to  E.V. Codes §§ 1271, 1280, 1530, 1532,

1550.1, 1600.

**RESPONSE TO RFP NO. 58:**

Defendants object to this request as overbroad, burdensome, and not relevant to this

action.  Defendants further object because there may be items within the files that are

a security risk, but Plaintiff has failed to identify exactly what he is seeking, merely

stated he is seeking his entire central file.  Without waiving said objections,

Defendants have attached as Exhibit B, the incident report and central file documents

in their possession, custody, or control.

///

**Discussion**

Plaintiff argues that if Defendants do not have personal knowledge sufficient to respond to a request, they must make a reasonable and good faith effort to obtain the information in Defendants' business records, personnel files, prison policy files, or some other place available to them. Plaintiff contends that Defendants have not submitted the required affidavits to prove their lack of personal knowledge. Plaintiff also argues that Defendants have not made a proper claim that the material is privileged, and he has a right to all discovery matter leading to relevant information. As for any argument by Defendants that Plaintiff can find documents in his own files, Plaintiff argues that Defendants cannot know what documents are in Plaintiff's central file or how those documents compare to the documents he seeks.

Defendants argue that Plaintiff has not explained the deficiency of their responses to this request.

Plaintiff has not addressed why the documents Defendants produced in response to this request are deficient. Nonetheless, Plaintiff has access to his own files and can obtain these records himself if he does not already have them, by submitting a request in writing pursuant to prison procedures. Cal. Code Regs., tit. 15 § 3450. With respect to confidential information in Plaintiff's files, Plaintiff fails to identify what he is seeking. Ordinarily, the scope of discovery only includes nonprivileged information relevant to the claims and defenses in this action. Fed. R. Civ. P. 21(b). Defendants' objection to Plaintiff's request for "all confidential material" as overbroad is sustained. Therefore, Defendants shall not be required to make further responses to this request.

> **RFP NO. 60:**

Identify and produce any and all documents of policies and procedures relating to the placement of non-mental health prisoners in a psychiatric ward, suicide watch, and/or psychiatric evaluation unit(s). This material may include, but is not limited to the following: regulations, instructions, notes, memorandums, internal communications and directives. Pursuant to E.V. Codes §§ 1560, 1561, 1562, 1271 et al (ibid).

///

///

53

**RESPONSE TO RFP NO. 60:**

Defendants object to this request because it is an incomplete hypothetical, compound, and vague to the materials being sought.  Defendants are unable to produce any documents responsive to this request because from the request itself, they are unable to identify documents responsive to this request.

**<u>Discussion</u>**

Plaintiff argues that if Defendants do not have personal knowledge sufficient to respond to a request, they must make a reasonable and good faith effort to obtain the information in Defendants' business records, personnel files, prison policy files, or some other place available to them.  Plaintiff contends that Defendants have not submitted the required affidavits to prove their lack of personal knowledge.  Plaintiff also argues that Defendants have not made a proper claim that the material is privileged, and he has a right to all discovery matter leading to relevant information.

Defendants argue that the Court should deny a further response to RFP 60 because it is unintelligible.  Defendants argue that to the extent Plaintiff is requesting suicide-watch policies concerning the psychiatric ward, such policies are not relevant to this suit for excessive force and deliberate indifference.

Defendants' objections are sustained, and the Court finds this request to be irrelevant to the claims and defenses in this action.  Therefore, Defendants shall not be required to make further responses to this request.

> **RFP NO. 61:**

Identify and produce the 4B-yard infirmary and/or psychiatric unit medical isolation log book(s) for the relevant time period of January 24, 2005.  Pursuant to E.V. Codes §§ 1560, 1561, 1562, 1271 et al (ibid).

**RESPONSE TO RFP NO. 61:**

Defendants have made a reasonable inquiry and diligent search but cannot find the log books.  Generally, the log books are kept for five years, but we have searched and they cannot be found.

**Discussion**

Plaintiff argues that if Defendants do not have personal knowledge sufficient to respond to a request, they must make a reasonable and good faith effort to obtain the information in Defendants' business records, personnel files, prison policy files, or some other place available to them.  Plaintiff contends that Defendants have not submitted the required affidavits to prove their lack of personal knowledge.  Plaintiff also argues that Defendants have not made a proper claim that the material is privileged, and he has a right to all discovery matter leading to relevant information.

Defendants cannot be compelled to produce documents that do not exist and cannot be found. Therefore, Defendants shall not be required to make further responses to this request.

> **RFP NO. 64:**

Identify and produce any and all documents, policies, and procedures relating to emergency cell extractions in the security housing units, Tehachapi State Prison.  This material may include, but is not limited to the following: regulations, instructions, notes, memorandums, internal communications and directives.  Pursuant to E.V. Codes §§ 1560, 1561, 1562, 1271 et al (ibid).

**RESPONSE TO RFP NO. 64:**

Defendants object to this request because it is not relevant to the operable complaint, and attempts to divulge information as to how CDCR conducts cell extractions, all of which could be used by inmates to attempt to circumvent institution security.  As such, the Operational Procedure is restricted and will not be produced.

**Discussion**

Plaintiff argues that if Defendants do not have personal knowledge sufficient to respond to a request, they must make a reasonable and good faith effort to obtain the information in Defendants' business records, personnel files, prison policy files, or some other place available to them.  Plaintiff contends that Defendants have not submitted the required affidavits to prove their lack of personal knowledge.  Plaintiff also argues that Defendants have not made a proper claim that the material is privileged, and he has a right to all discovery matter leading to relevant information.  As for any

argument by Defendants that Plaintiff can find documents in his own files, Plaintiff argues that Defendants cannot know what documents are in Plaintiff's central file or how those documents compare to the documents he seeks.

Defendants argue that they have properly asserted a privilege in response to this request, as they did include a complete copy of their responses to the third set of production requests, including the privilege log, in Exhibit 5.

While it is true that "[q]uestions of privilege that arise in the course of the adjudication of federal rights are 'governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience,' " United States v. Zolin, 491 U.S. 554, 562, 109 S.Ct. 2619, 2625 (1989) (quoting Federal Rule of Evidence 501), this Court may give some weight to privacy rights protected by state statutes.  The "ultimate responsibility for deciding how much weight to ascribe to such interests, and how that weight compares with the significance of competing interests, must reside with the federal courts." Kelly v. City of San Jose, 114 F.R.D. 653, 656 (N.D.Cal. 1987).  The Court often requires confidential or private information requested in discovery to be redacted or submitted for in camera review before it is provided to another party. Here, Plaintiff requests official documents, policies, and procedures relating to emergency cell extractions in the security housing units at Tehachapi State Prison, including internal communications and directives to prison officials faced with an emergency extraction of an inmate in which the official must quickly take control and avoid harm to inmates and prison staff.

Plaintiff is not entitled to discover privileged information which may be used to breach prison security. The Court finds that the burden of divulging the prison's policies and procedures for conducting emergency cell extractions outweighs its likely benefit to Plaintiff. Such information provided to inmates would unduly expose the institution, staff, and inmates to a substantial risk of harm, and the information is not essential to support Plaintiff's claim of excessive force during the specific incident at issue in this action.  Therefore, Defendants shall not be required to make further responses to this request.

///

///

**RFP NO. 67:**

Identify and produce any and all documents and records ordering and/or authorizing Plaintiff's transfer to the 4B yard psychiatric evaluation unit.  Pursuant to E.V. Codes §§ 1560, 1561, 1562, 1271 et al (ibid).

     **RESPONSE TO RFP NO. 67:**

    Defendants object to this request on the grounds that it is compound, vague as to time and ambiguous, overly broad, and not likely to lead to the discovery of admissible evidence.  Notwithstanding these objections, if Plaintiff is referring to a classification committee action, those documents are available for Plaintiff's review of his central file, but are also included within prior responses to Plaintiff's request for documents from his central file.

**Discussion**

  Plaintiff argues that if Defendants do not have personal knowledge sufficient to respond to a request, they must make a reasonable and good faith effort to obtain the information in Defendants' business records, personnel files, prison policy files, or some other place available to them.  Plaintiff contends that Defendants have not submitted the required affidavits to prove their lack of personal knowledge.  Plaintiff also argues that Defendants have not made a proper claim that the material is privileged, and he has a right to all discovery matter leading to relevant information.  As for any argument by Defendants that Plaintiff can find documents in his own files, Plaintiff argues that Defendants cannot know what documents are in Plaintiff's central file or how those documents compare to the documents he seeks.

  Defendants argue that Plaintiff has not explained the deficiency of their response to this request.

  Defendants' objections are sustained on the grounds that this request is compound, vague as to time and ambiguous, overly broad, and not likely to lead to the discovery of admissible evidence.  Plaintiff has not addressed why the documents Defendants produced in Defendants' prior responses to Plaintiff's request for documents from his central file are deficient.  Moreover, Plaintiff has access to his own files and can obtain these records himself if he does not already have them, by submitting

a request in writing pursuant to prison procedures.  Cal. Code Regs., tit. 15 § 3450.  Therefore, Defendants shall not be required to make further responses to this request.

## VI.     CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.     Plaintiff's motion to compel further responses to Plaintiff's Requests for Production of Documents Sets One, Two, and Three, filed on February 17, 2012, is GRANTED in part and DENIED in part; and

2.     Within thirty days from the date of service of this order, Defendants are required to produce copies of color photographs in response to Plaintiff's RFP No. 13, as instructed by this order.

IT IS SO ORDERED.

**Dated:     August 27, 2012**                    _____/s/ **Gary S. Austin**_____
                                                           UNITED STATES MAGISTRATE JUDGE