UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS, IV,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>W.J. SULLIVAN, et al.,<br><br>　　　　　Defendant. | 1:05-cv-01625 GSA (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL FOR LIMITED PURPOSE<br><br>(Document# 128) |

On August 8, 2014, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1

Plaintiff requests counsel for the limited purpose of assisting him with a response to the court's order to show cause of July 7, 2014.[1]  Plaintiff argues that he cannot afford to retain an attorney, he is not knowledgeable about bankruptcy law or procedure, and he has absolutely no knowledge of stays in bankruptcy cases or how such a saw affects his § 1983 case.  Plaintiff also argues that he has very limited access to the law library because he is confined in the solitary confinement unit, and he does not have the ability or opportunity to investigate claims, legal theories, or case law.  Plaintiff argues that bankruptcy law and procedure are complex and are not something that pro se prisoner litigants face on a regular basis.

Plaintiff's arguments are not persuasive.  The facts that he is unable to afford counsel and that his imprisonment will greatly limit his ability to litigate do not make Plaintiff's case exceptional.  This court is faced with similar cases daily.

Plaintiff argues that he lacks knowledge about bankruptcy law and procedure.  However, the court's order to show cause only requires Plaintiff to consider Defendants' arguments and assertions in their status report filed on June 30, 2014.  Defendants have argued that this case should proceed to trial without defendant Crotty because further delay will result in fading memories, Defendants retiring and moving out of state, and loss of evidence.  Defendants have asserted that Plaintiff has not filed a claim with the bankruptcy court, and therefore any claims for money damages Plaintiff had against defendant Crotty will be discharged with the bankruptcy.  To respond to the court's order to show cause, Plaintiff needs to decide whether this case should proceed to trial without further delay, and if so, whether his case against defendant Crotty should be stayed or dismissed.  Based on a review of the record in this case, the court does not find that Plaintiff cannot adequately consider these choices.

///

---

[1] On June 23, 2011, the court stayed this action as to defendant Crotty pursuant to 11 U.S.C. § 362(a), pending resolution of defendant Crotty's bankruptcy proceeding.  (Doc. 58.) On June 30, 2014, Defendants filed a status report asserting that defendant Crotty's bankruptcy will continue until at least May 2016.  (Doc. 126.) Defendants argue that it does not appear efficient to wait for trial until after the bankruptcy ends because, and Defendants assert that as a potential creditor, Plaintiff did not file a claim with the bankruptcy court, such that any claim for money damages Plaintiff had against Crotty are or will be discharged. Id. On July 7, 2014, the court issued an order requiring Plaintiff to show cause why this case should not proceed to trial, either continuing to stay the case against defendant Crotty under 11 U.S.C. § 362(a), or dismissing defendant Crotty from this action.  (Doc. 127.)

While the court has found that Plaintiff has stated a cognizable claim against defendant Crotty for the violation of Plaintiff's rights under the Eighth Amendment, this finding is not a determination that Plaintiff is likely to succeed on the merits, and at this juncture the court cannot find that Plaintiff is likely to succeed on the merits against defendant Crotty.  Thus, the court does not find the required exceptional circumstances, and Plaintiff's motion shall be denied.

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel for the limited purpose of responding to the court's order to show cause is DENIED.

IT IS SO ORDERED.

Dated:   **August 13, 2014**                             **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE