UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS IV, | 1:05-cv-01625-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | |
| W. J. SULLIVAN, et al., | (Doc. 138.) |
| Defendants. | |

On January 12, 2015, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1

Here, Plaintiff renews his motion for appointment of counsel following the court's order of August 13, 2014 which denied his previous motion in this case. In this renewed motion, the court finds no evidence of significant change in Plaintiff's circumstances.

Plaintiff again argues that he is incapable of making a reasoned response to the court's order to show cause of July 7, 2014, because bankruptcy law is complex and he is "unable to follow the required procedural and legal requirements called for in a complex bankruptcy suit."[1] (Motion at 8:24-26.) Plaintiff's case is not a complex bankruptcy suit. The court's order to show cause only requires Plaintiff to state reasons, if any, that this case should not proceed to trial, with or without defendant Crotty. If Plaintiff is unable to show cause, the court will schedule this case for trial. Defendants have argued that this case should proceed to trial without defendant Crotty because further delay will result in fading memories, Defendants retiring and moving out of state, and loss of evidence. Defendants have also asserted that Plaintiff has not filed a claim with the bankruptcy court, and therefore any claims for money damages Plaintiff had against defendant Crotty will be discharged with the bankruptcy.

Plaintiff again argues that he is at a disability because of his incarceration, lacks access to legal tools, and is limited in his ability to conduct legal research or pursue factual investigations. The fact that Plaintiff faces challenges because of his imprisonment does not make Plaintiff's case exceptional. The court is faced with similar cases daily.

Plaintiff urges the court to consider law from the Second, Third, Seventh, and Eighth Circuits. However, this court is bound by the law of the Ninth Circuit.

<u>Likelihood of success on the merits</u>. The court cannot find that Plaintiff is likely to succeed on the merits in this case. While the court has found that Plaintiff has stated a cognizable

---

[1] On June 23, 2011, the court stayed this action as to defendant Crotty pursuant to 11 U.S.C. § 362(a), pending resolution of defendant Crotty's bankruptcy proceeding. (Doc. 58.) On June 30, 2014, Defendants filed a status report asserting that defendant Crotty's bankruptcy will continue until at least May 2016. (Doc. 126.) Defendants argue that it does not appear efficient to wait for trial until after the bankruptcy ends, and they assert that as a potential creditor, Plaintiff did not file a claim with the bankruptcy court, such that any claim for money damages Plaintiff had against Crotty are or will be discharged. <u>Id.</u> On July 7, 2014, the court issued an order requiring Plaintiff to show cause why this case should not proceed to trial, either continuing to stay the case against defendant Crotty under 11 U.S.C. § 362(a), or dismissing defendant Crotty from this action. (Doc. 127.)

claim against the defendants for the violation of his rights under the Eighth Amendment, this finding is not a determination that Plaintiff is likely to succeed on the merits.

**Ability of plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.** Based on a review of the court's record in this case, the court finds that Plaintiff is clearly able to articulate his claims *pro se*. Plaintiff's claims in this case, that defendants used excessive force against him, are not complex. The core judicial inquiry in an excessive force claim is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). In light of the nature of Plaintiff's claims, the court finds that Plaintiff is able to adequately express his claims *pro se*.

Thus, the court does not find the required exceptional circumstances, and Plaintiff's motion shall be denied.

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel, filed on January 12, 2015, is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **January 16, 2015**             /s/ Gary S. Austin
                                        UNITED STATES MAGISTRATE JUDGE