UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS IV,<br><br>        Plaintiff,<br><br>    vs.<br><br>W. J. SULLIVAN, et al.,<br><br>        Defendants. | 1:05-cv-01625-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO ORDER TO SHOW CAUSE<br>(Doc. 140.)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br>(Doc. 127.)<br><br>ORDER LIFTING STAY OF TRIAL-SETTING PROCEEDINGS<br>(Doc. 118.)<br><br>NOTICE OF TELEPHONIC STATUS HEARING BEFORE MAGISTRATE JUDGE GARY S. AUSTIN<br><br>**February 5, 2015 at 10:00 a.m.**<br>**in Courtroom 10 (GSA)** |

Plaintiff George E. Jacobs IV ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case was filed on December 22, 2005. (Doc. 1.) The case now proceeds on the Third Amended Complaint filed by Plaintiff on May 5, 2010, against defendants Crotty, Nelson, Watson, Chan, McGregor, Alexander, Carrasco, Blankenship, Jobb, Granillo, Johnson, and Salazar aka Adams, for violation of Plaintiff's rights under the Eighth Amendment. (Doc. 29.) All parties to this

action have consented to the jurisdiction of Magistrate Judge Gary S. Austin under 28 U.S.C. § 636(c), and on June 5, 2013, this case was reassigned to Magistrate Judge Gary S. Austin for all further proceedings, including trial and final judgment.[1]  (Doc. 120.)

Defendant Crotty has filed bankruptcy, and on June 23, 2011, the Court stayed the case against defendant Crotty pursuant to 11 U.S.C. § 362(a), pending resolution of the bankruptcy proceedings.  (Doc. 58.)  On April 24, 2013, the court stayed trial-setting proceedings in this action pending resolution of defendant Crotty's bankruptcy proceedings.  (Doc. 118.)

On June 30, 2014, Defendants filed a status report, notifying the court that defendant Crotty's bankruptcy is expected to last another two years.  (Doc. 126.)  Defendants argued that if the case is stayed for another two years, this case will not be tried until more than ten years after the events giving rise to this lawsuit, resulting in fading memories, Defendants retiring and moving out of state, and loss of evidence.  Defendants also argued that it does not appear efficient to wait until defendant Crotty's bankruptcy proceeding ends, because Plaintiff did not file a claim with the bankruptcy court, any claims for money damages Plaintiff had against defendant Crotty are or will be discharged, and Plaintiff will not be able to pursue his suit against defendant Crotty.

On July 7, 2014, the court issued an order requiring Plaintiff to show cause, within thirty days, why this case should not proceed to trial, either continuing to stay the case against defendant Crotty under 11 U.S.C. § 362(a), or dismissing defendant Crotty from this action.  (Doc. 127.)  Plaintiff requested and was granted four extensions of time to respond to the court's order.  (Docs. 129, 131, 132, 133, 134, 135, 136, 137.)  On January 20, 2015, Plaintiff filed another motion for extension of time.  (Doc. 140.)  Plaintiff argues that he is incapable of making a reasoned response to the court's order because he is not knowledgeable about bankruptcy law and has been unable to gain access to the prison's law library to conduct

---

[1] On January 17, 2006, Plaintiff consented to the jurisdiction of a Magistrate Judge under 28 U.S.C. §636(c). (Doc. 3.)  On June 4, 2013, Defendants consented to the jurisdiction of Magistrate Judge Gary S. Austin under 28 U.S.C. §636(c). (Doc. 120.)  Defendants state that their "consent to Magistrate Judge Austin shall not be construed as consent to any other magistrate judge to whom the case may be reassigned [and] [i]n the event the case is reassigned to a magistrate judge other than Magistrate Judge Austin, Defendants reserve the right to consent or decline to consent to any subsequently assigned magistrate judge."  (Id. at 2.)

Case 1:05-cv-01625-SAB   Document 141   Filed 01/23/15   Page 3 of 3

research.  It appears to the court that Plaintiff is unable to show cause why this case should not proceed to trial.  Therefore, Plaintiff's motion for extension of time shall be denied, the court's order to show cause shall be discharged, and the stay of trial-setting proceedings shall be lifted.

**PLEASE TAKE NOTICE**

On **February 5, 2015, at 10:00 a.m. in Courtroom 10**, a telephonic status hearing shall be held in this case before Magistrate Judge Gary S. Austin.  Defense counsel shall arrange for Plaintiff to participate in the hearing and initiate the telephonic hearing at **(559) 499-5960**.

Accordingly, based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for extension of time, filed on January 20, 2015, is DENIED;
2. The court's order to show cause, issued on July 7, 2014, is DISCHARGED;
3. The stay of trial-setting proceedings in this case, imposed on April 24, 2013, is LIFTED;
4. The stay of proceedings in this case against defendant Crotty pursuant to 11 U.S.C. § 362(a), imposed on June 23, 2011, remains in place;
5. On **February 5, 2015, at 10:00 a.m. in Courtroom 10**, a telephonic status hearing shall be held in this case before Magistrate Judge Gary S. Austin; and
6. Defense counsel shall arrange for Plaintiff to participate in the status hearing and initiate the telephonic hearing at **(559) 499-5960**.

IT IS SO ORDERED.

Dated:   **January 23, 2015**                    **/s/ Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE

3