UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS IV,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALEXANDER, et al.,<br><br>　　　　　Defendants. | Case No.: 1:05-cv-01625-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION<br><br>[ECF Nos. 149, 150] |

　　　　Plaintiff George Jacobs is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of the United States magistrate judge.  Local Rule 302.

　　　　On February 26, 2015, Plaintiff filed two separate, but similar, motions for reconsideration of the Court's January 23, 2015, order lifting the stay of trial-setting proceedings.

　　　　Because Defendant Crotty filed bankruptcy, on June 23, 2011, the Court stayed the case against Defendant Crotty pursuant to 11 U.S.C. § 362(a), pending resolution of the bankruptcy proceedings.  (ECF No. 58.)  On April 24, 2013, the Court stayed trial-setting proceedings in this action pending resolution of Defendant Crotty's bankruptcy proceedings.  (ECF No. 118.)

　　　　On January 23, 2015, the Court lifted the stay of the trial-setting proceedings, but left in place the stay of proceedings as to Defendant Crotty pursuant to 11 U.S.C. § 362(a).

1    Rule 60(b) provides for reconsideration where one or more of the following is shown: (1)
2 mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due
3 diligence could not have been discovered before the court's decision; (3) fraud by the adverse party;
4 (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief.
5 Fed. R. Civ. P. 60(b); <u>School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc</u>, 5 F.3d 1255, 1263
6 (9th Cir. 1993).

7    Motions for reconsideration should not be frequently or freely granted; they are not a substitute
8 for appeal or a means of attacking some perceived error of the court.  <u>See</u> <u>Twentieth Century-Fox Film</u>
9 <u>Corp. v. Dunnahoo</u>, 637 F.2d 1338, 1341 (9th Cir. 1981).  "'[T]he major grounds that justify
10 reconsideration involve an intervening change of controlling law, the availability of new evidence, or
11 the need to correct a clear error or prevent manifest injustice.'"  <u>Pyramid Lake Paiute Tribe of Indians</u>
12 <u>v. Hodel</u>, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting <u>United States v. Desert Gold Mining Co.</u>, 433
13 F.2d 713, 715 (9th Cir. 1970)).

14    In his motion for reconsideration, Plaintiff argues that the Court erred by "prejudicially
15 dismissing Defendant Crotty from this action."  Plaintiff is mistaken.  The Court did not dismiss
16 Defendant Crotty from the action; rather, the Court lifted the stay of the entire proceedings and
17 allowed the action to proceed to trial against Defendants Nelson, Watson, Chan, McGregor,
18 Alexander, Carrasco, Blankenship, Jobb, Granillo, Johnson, and Salazar aka Adams for violation of
19 Plaintiff's rights under the Eighth Amendment.  The Court specifically stated  "[t]he stay of
20 proceedings in this case against Defendant Crotty pursuant to 11 U.S.C. § 362(a), imposed on June 23,
21 2011, remains in place[.]"  (ECF No. 141, Order at 3:14-15.)  Furthermore, there is no merit to
22 Plaintiff's claim that the automatic stay of the proceedings applies with equal force to all other
23 Defendants in this action, and Defendants are entitled to proceed to trial on the claims.  <u>See, e.g.</u>, <u>In re</u>
24 <u>Miller</u>, 262 B.R. 499, 503, n.6 (9th Cir. 2001) (citing <u>Seiko v. Epson Corp. v. Nu-Kote International,</u>
25 <u>Inc.</u>, 190 F.3d 1360, 1364 (Fed. Cir. 1999) ("It is clearly established that the automatic stay does not
26 apply to non-bankrupt co-defendants of a debtor 'even if they are in a similar legal or factual nexus
27 with the debtor.'"); <u>Teachers Ins. & Annuity Ass'n v. Butler</u>, 803 F.2d 61, 65 (2d Cir. 1986) ("It is
28 well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-

bankrupt co-defendants."); Marcus, Stowell & Beye Government Securities, Inc. v. Jefferson Investment Corp., 797 F.2d 227, 230 n. 4 (5th Cir. 1986) ("The well-established rule is that an automatic stay of judicial proceedings against one defendant does not apply to proceedings against co-defendants.").

Having reviewed and considered Plaintiff's motions for reconsideration, Plaintiff provides no grounds for reconsideration beyond asserting that the Court erred. For the reasons explained above, reconsideration is not warranted, and Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **March 2, 2015**

UNITED STATES MAGISTRATE JUDGE