UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS IV,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALEXANDER, et al.,<br><br>　　　　Defendants. | Case No.: 1:05-cv-01625-SAB (PC)<br><br>ORDER REGARDING PARTIES' MOTIONS IN LIMINE<br><br>[ECF Nos. 155, 167, 168] |

　　　　Plaintiff George Jacobs is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　This case is set for jury trial before the undersigned on December 14, 2015, on Plaintiff's claims against Defendants Blankenship, Carrasco, Chan, Granillo, Jobb, Johnson, McGregor, Nelson, and Watson for excessive force and against Defendants Adams, Alexander, Granillo, and Watson for deliberate indifference to Plaintiff's serious medical needs, arising from a cell extraction on January 24, 2005, at the California Correctional Institution (CCI).

　　　　On August 4, 2015, Defendants filed motions in limine and, on October 30, 2015, Defendants filed amended motions in limine superseding the prior motions in limine. (ECF Nos. 155, 167.)

　　　　On November 4, 2015, Plaintiff filed an opposition to Defendants' motions in limine, along with a separate motion in limine. (ECF Nos. 168, 169.)

On November 16, 2015, Defendants filed an opposition to Plaintiff's motion in limine. (ECF No. 172.)

## II.
## LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436,440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

## III.
## MOTIONS IN LIMINE

**A.     Defendants' Motions in Limine**

1.     Exclusion Of Testimony By Plaintiff Regarding Medical Opinion

Defendants move to preclude Plaintiff from introducing any opinion evidence regarding medical opinions or inferences as to the nature and extent of his alleged injuries.

"If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. As a non-expert witness, Plaintiff may testify as to what he saw or felt relating to his medical needs or condition, but may not testify as to any medical matter which requires scientific, technical or other specialized knowledge. Plaintiff also may not testify regarding his medical records.

1 **Ruling:** Defendants' motion in limine is GRANTED, Plaintiff may testify as to what he 2 experienced as a result of the January 24, 2005 incident; however, Plaintiff may not testify regarding a 3 diagnosis, opinions, inferences or causation, and may not offer any opinions or inferences from any 4 medical records.

5     2.    <u>Reference To Defendants, Claims, Or Events That Were Dismissed</u>

6 Defendants move to exclude Plaintiff from making any reference to Defendants, claims, or 7 events that were dismissed or are irrelevant to his claims for excessive force and deliberate 8 indifference.

9 Defendants submit that during discovery, Plaintiff propounded numerous written requests 10 directed at matters and claims that are no longer at issue in this case, such as discovery related to 11 retaliation and conspiracy claims. Defendants also anticipate that Plaintiff will seek to elicit testimony 12 from Defendant Crotty (who is expected to testify as a percipient witness) about his bankruptcy 13 proceedings and related stay in this action. Defendants argue that testimony or evidence about claims 14 or events the Court has dismissed will confuse the jury and waste time. Further, the evidence of 15 Crotty's bankruptcy is not relevant to any issue the jury must decide, and any attempt to elicit such 16 information will be solely for the purpose of embarrassing Crotty or placing him in a bad light.

17 Federal Rule of Evidence 402 provides that all relevant evidence is admissible and evidence 18 that is not relevant is inadmissible. Rule 401 defines relevant evidence as "evidence having any 19 tendency to make the existence of any fact that is of consequence to the determination of the action 20 more probable or less probable than it would be without the evidence." Rule 403 provides that 21 relevant evidence may be excluded if it will cause prejudice, undue delay, a waste of time, or a 22 needless presentation of cumulative evidence in the discretion of the Court. <u>Obrey v. Johnson</u>, 440 23 F.3d 691, 698 (9th Cir. 2005).

24 **Ruling:** Defendants' motion in limine is GRANTED. Plaintiff may not provide testimony or 25 reference any Defendants, claims, or events that were previously dismissed from this action as such 26 evidence is not relevant and is subject to exclusion under Rule 403. However, Plaintiff may discuss 27 persons, claims, or events that are relevant to the claims that remain.

28

3. <u>Evidence That Any Defendant Is A Party In Another Lawsuit Or Involved In Other Incidents Alleging Misconduct</u>

Defendants move to exclude evidence that any Defendant is a party in another lawsuit or was involved in other incidents alleging misconduct is inadmissible, irrelevant, and highly prejudicial.

Defendants specifically seek to preclude Plaintiff from introducing evidence or eliciting testimony about other allegations of misconduct made against Defendants, their litigation history, including other civil-rights lawsuits, and other prison grievances (appeals) that have been filed against them for alleged misconduct. Defendants submit that during discovery, Plaintiff propounded written requests seeking information about other inmate appeals and lawsuits filed against Defendants for excessive force, deliberate indifference, and other misconduct. Defendants anticipate that Plaintiff will seek to use their responses to this discovery at trial or elicit testimony of their involvement in other lawsuits or inmate appeals.

In response, Plaintiff argues that evidence of other acts may be offered to prove matters other than the person's character and subsequent conduct. Further, evidence of bad character for truthfulness may be used to attack a Defendant's credibility as a witness.

Federal Rule of Evidence 404(b) makes evidence of other wrongs or acts inadmissible to provide "the character of a person in order to show action in conformity therewith," but may be admissible for other purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b); <u>see also</u> Fed. R. Evid. 405(b) (character evidence may be admissible if it is an essential element of the claim).

**Ruling:** Defendants' motion in limine is DENIED, without prejudice, to renewal during trial by way of appropriate objection. The Court cannot determine, at this juncture, whether such evidence may be relevant and admissible. Evidence of other litigation that is not relevant is not admissible. Without placement of such evidence in the proper context, the Court cannot make a broad ruling at this time.

4. <u>Evidence Regarding "Code of Silence" And Other Conspiracy Theories</u>

Defendants seek to preclude Plaintiff from offering or eliciting testimony about the "Code of Silence" and other conspiracy theories because such evidence is irrelevant and prejudicial.

4

1    Defendants submit that during written discovery and at his deposition, Plaintiff expressed his
2    intention to testify about, introduce evidence of, or elicit testimony concerning the "Code of Silence"
3    Defendants fabrication or planting of evidence, and their conspiracy with mental-health staff to place
4    him on suicide watch and to transfer him to another prison. Defendants seek to preclude such
5    evidence because Plaintiff did not disclose any facts or evidence to support his contention of a
6    purported conspiracy. "His "belief" that Defendants "planted" the weapons found in his cell following
7    his emergency extraction or that they convinced mental-health staff to place him on suicide watch is
8    not evidence. During discovery, Plaintiff did not disclose any facts, witnesses, or documents to
9    support these contentions. Without some evidentiary foundation, Plaintiff's "belief" of a conspiracy
10   or fabrication of evidence is speculation.

11   Federal Rule of Evidence 402 provides that all relevant evidence is admissible and evidence
12   that is not relevant is inadmissible. Rule 401 defines relevant evidence as "evidence having any
13   tendency to make the existence of any fact that is of consequence to the determination of the action
14   more probable or less probable than it would be without the evidence." Rule 403 provides that
15   relevant evidence may be excluded if it will cause prejudice, undue delay, a waste of time, or a
16   needless presentation of cumulative evidence in the discretion of the Court. Obrey v. Johnson, 440
17   F.3d 691, 698 (9th Cir. 2005).

18   **Ruling:** Defendants' motion is limine in GRANTED in part and DENIED in part. Plaintiff
19   may not elicit testimony regarding a "code of silence" because such term is unfairly prejudicial to
20   Defendants. See Fed. R. Evid. 403. Plaintiff may argue that Defendants' version of the facts is not
21   credible, but the Court will not allow Plaintiff to use derogatory terminology regarding police
22   practices.

23   5.   Exclusion Of Testimony By Plaintiff Regarding Prison Policies and Regulations
24        Relating to Cell Extraction

25   Defendants move to exclude testimony by Plaintiff about prison policies and regulations or the
26   proper procedure for conducting a cell extraction.

27   Defendants submit that during discovery and in Plaintiff's pretrial statement, he referenced
28   various California Department of Corrections and Rehabilitation and California Correctional

5

1  Institution policies, regulations, and procedures related to cell extractions, inmate movement,
2  decontamination following the use of chemical agents, medical response after the use of force, and
3  other protocols.  Defendants anticipate that Plaintiff intends to testify about his interpretation of prison
4  policies and regulations governing these matters, including opining that Defendants violated or failed
5  to follow prison policy or procedures with respect to these matters.  Plaintiff has not expertise in
6  prison management, and he is not trained in the law.
7       Defendants are not entitled at this juncture to a broad preclusion of evidence on the basis that it
8  relates to prison policies, procedures, rules, or standards.  Plaintiff can testify about his own
9  observations and experiences during the incident from personal knowledge.
10      Federal Rules of Evidence, Rule 701 allows a lay witness to offer opinions that are (a)
11 rationally based on the witness's perception, (b) helpful to the jury, and (c) not based on scientific,
12 technical, or other specialized knowledge within the scope of expert testimony.
13      **Ruling:** Defendants' motion in limine is DENIED, without prejudice, to renewal during trial
14 by way of an appropriate and specific objection.
15      6.     <u>Evidence Or Testimony Of Offers To Compromise Is Inadmissible</u>
16      Defendants seek to exclude Plaintiff from offering evidence or testimony of any offers to settle
17 this case.
18      Defendants submit that the parties engaged in formal and informal settlement discussions and
19 exchanged correspondence to that effect.  During the course of their negotiations, Defendants offered
20 to settle this case (which Plaintiff rejected) and their counsel made statements about the merits of the
21 case or her belief about the value of the case.  The only reason Plaintiff would have to mention any
22 settlement offer or negotiations is to argue that Defendants are liable because they expressed a
23 willingness to settle this case.
24      Federal Rule of Evidence 408 provides that evidence of offers to compromise and conduct or
25 statements made during settlement negotiations are inadmissible to prove liability or amount of a
26 claim, or to impeach a prior inconsistent statement.
27      **Ruling:** Defendants' motion in limine is GRANTED to the extent Plaintiff may attempt to
28 present evidence or testimony of any offer by Defendants to settle the case or any statements made by

counsel regarding the merits and/or value of the case. To the extent such evidence may be admissible under the exceptions to Rule 408(b), the Court will allow such evidence subject to objection by Defendants.

7. Evidence The State May Pay The Judgement Or Reimburse Defendants

Defendants move to exclude evidence that the State may pay the judgment or reimburse Defendants in the event a judgment is rendered against them as irrelevant and prejudicial.

Under Federal Rule of Evidence 411, evidence that a person was insured at the time the harm was suffered by another is inadmissible to prove liability. The reason for this evidentiary rule is that the evidence is both irrelevant and prejudicial to the defendant. Jamison v. A.M. Byers Co., 330 F.2d 657, 661-662 (3d Cir. 1964). The evidence is prejudicial because a jury is more inclined to deliver a verdict against a defendant if it believes that he is indemnified as opposed to the defendant alone being required to satisfy the judgment. Langley v. Turner's Express, Inc., 375 F.2d 296, 297 (4th Cir. 1967).

**Ruling:** Defendants motion in limine is GRANTED. Any argument or evidence with regard to payment or reimbursement by the State of California is both irrelevant and more prejudicial than probative and shall be excluded.

8. Evidence Of Plaintiff's Prior Convictions And Prison-Disciplinary History

Defendants seek to elicit testimony about the date and length of Plaintiff's incarceration and that and that of any inmate witness he may call at trial. Defendants do not seek to introduce evidence of facts of Plaintiff's specific crimes. Defendants submit that Plaintiff and any inmate witness have no incentive to tell the truth, and they will suffer little or no consequence if they perjure themselves at trial since they are already in prison. On the other hand, Defendants will suffer severe civil or criminal penalties if they commit perjury. Defendants argue that witness credibility will be the central issue for the jury to decide at trial based on the parties' different accounts of the events on January 24, 2005.

In opposition, Plaintiff argues that his convictions are 21, 10 and 7 years old, and there is no probative value to be obtained through the introduction of these convictions.

Plaintiff has also filed a separate motion in limine to preclude Defendants from introducing evidence or eliciting testimony regarding his conviction and prison-disciplinary history.

1  Defendants submit that although Plaintiff correctly asserts in his motion in limine that his
2  initial incarceration arose from his 1994 conviction for murder, he has since been convicted on at least
3  two occasions of various felonies arising from his assaults on correctional staff.  (ECF No. 172, Ex. A,
4  Abstracts of Judgment.)  In 2005, Plaintiff was convicted of assaulting a peace officer on November 9,
5  2004, resulting in a life sentence without the possibility of parole.  (Ex. A at 4; Ex. D at 3.)  In 2008,
6  Plaintiff was convicted of multiple counts of assault on a non-prisoner and assault with a deadly
7  weapon.  (Ex. A at 2.)  Plaintiff's 2005 and 2008 convictions fall within the ten-year period under
8  Rule 609(b).

9  Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a conviction for a crime
10 punishable for more than one year is admissible, subject to Rule 403, in a civil case to attack a
11 witness's character for truthfulness.  Fed. R. Evid. 609(a)(1)(A).  Evidence of a conviction under this
12 rule is not admissible if a period of more than ten years has elapsed since the date of the conviction.
13 Fed. R. Evid. 609(b).

14 **Ruling:**  Defendants' motion is GRANTED.  If Plaintiff testifies at trial, pursuant to Rule
15 609(a)(1)(A) of the Federal Rules of Evidence, Defendants are entitled to impeach Plaintiff's
16 testimony.  However, Defendants are limited to referencing only the fact that Plaintiff has suffered
17 prior felony convictions and the length of his sentences.  Defendants may elicit testimony about the
18 length of Plaintiff's incarceration to contend that Plaintiff has no incentive to tell the truth.  The jury is
19 entitled to hear such evidence to determine Plaintiff's trustworthiness and veracity.  Fed. R. Evid. 403,
20 609(b).

21       **B.**      **Plaintiff's Motion in Limine**
22       1.      <u>Prior Convictions And Prison-Disciplinary History</u>
23 As previously stated, Plaintiff sought to preclude the admission of his prior convictions and
24 prison-disciplinary history, which was addressed above.
25       2.      <u>Prior Assaults On Staff</u>
26 Plaintiff seeks to preclude the admission of bad character evidence and requests that his entire
27 disciplinary history be excluded.
28

In opposition, Defendants argue such a broad exclusion is not warranted because certain prior acts may be relevant and admissible depending on the testimony that arises at trial. Defendants anticipate that the following five other incidents in which Plaintiff was involved may become relevant at trial:

1.   On August 3, 2003, Plaintiff rushed at and punched an officer in the left eye, resulting in an altercation between Plaintiff and the officer, at California State Prison ("CSP")-Los Angeles. The incident resulted in the officer being transported to a hospital for a cut on the left side of his nose, swollen left eye, and other injuries. (Ex. B.)

2.   On January 28, 2004, Plaintiff punched an escorting officer on the right side of the face as Plaintiff was being placed in a holding cell at the law library at CSP-Los Angeles. The officer required stitches for the laceration he sustained under his right eye. (Ex. C.)

3.   On November 9, 2004, Plaintiff laid in wait for the officer to open the cell door, and then attacked him by grabbing the officer in a choke hold and repeatedly punched him in the face and head areas. This occurred at CSP-Los Angeles. Plaintiff was convicted of assaulting the officer and sentenced to life without the possibility of parole. (Ex. D.)

4.   On July 30, 2007, prison staff were required to forcibly extract Plaintiff from his cell after he refused to exit to allow staff to search his cell for contraband at CSP-Corcoran. Staff found an inmate manufactured weapon in his cell. (Ex. E.)

5.   On September 12, 2007, Plaintiff gassed and stabbed an officer with a spear-like weapon at CSP-Corcoran. He also stabbed a responding Sergeant with a weapon. Plaintiff was convicted of multiple counts of assault. (Ex. A at 2-4; Ex. F.)

Defendants submit that evidence of Plaintiff's past conduct may be relevant and admissible if any officer was aware of Plaintiff's past history of assaulting staff at the time of the January 24, 2005 incident. Defendants also argue that evidence of these five incidents may be relevant if Plaintiff opens the door at trial. For instance, if Plaintiff testifies that he has never assaulted prison staff, never manufactured or been in possession of a weapon, or that he suffered emotional distress or developed a mental-health condition because of the January 24, 2005, incident, Defendants are entitled to challenge that testimony with evidence of his other altercations with staff or discipline for having a weapon in

9

his cell.  Further, Defendants argue such evidence may be relevant to show motive and to shed light on the reason for Plaintiff's conduct on January 24, 2005.  At his deposition and throughout this litigation, Plaintiff has maintained that he did not cover up his cell window or refuse to verbally engage staff to warrant an emergency cell extraction on January 24, 2005.  Instead, Plaintiff contends that Defendants, without reason, assembled a tactical team and forcibly removed him from his cell. On the other hand, Defendants contend that the status of Plaintiff's well-being was unknown because he boarded up his windows and door and refused to respond to staff.  When staff opened the door, Plaintiff charged at them with his mattress, battered several of officers, and slashed Defendant Blankenship with a weapon on the back of the head.  Defendants may show, through Plaintiff's other acts, that he is an opportunist and unexpectedly assaults staff as they approach his cell.

    The other acts listed above all occurred within a three-year period before and after the January 24, 2005 incident at issue. Thus, the incidents are not too remote in time.  The disciplinary actions and abstract of judgments submitted with this opposition support a finding that Plaintiff committed these other acts.  Lastly, any prejudicial effect from introducing evidence of these other acts can be cured or minimized by a limiting instruction or limiting the information disclosed about the other incident, such as questioning Plaintiff if he assaulted an officer on a specific date and location, without disclosing the extent of the staff's injuries.

    **Ruling:** The Court cannot make broad Rule 401 or 404 rulings as to entire categories of potential evidence and, at this time, without presentation of such evidence in the proper context, any probative value is substantially outweighed by unfair prejudice.  Thus, Plaintiff's motion in limine is GRANTED; however, the issue is subject to renewal at trial outside the presence of the jury.

IT IS SO ORDERED.

Dated:   **December 7, 2015**

UNITED STATES MAGISTRATE JUDGE