UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS IV,<br><br>   Plaintiff,<br><br>  v.<br><br>ALEXANDER, et al.,<br><br>   Defendants. | Case No.: 1:05-cv-01625-SAB (PC)<br><br>**TRIAL SCHEDULING ORDER**<br><br><u>Telephonic Trial Confirmation Hearing</u>:<br>August 5, 2016, at 10:30 a.m.<br><br><u>Telephonic Motions in Limine Hearing</u>:<br>August 19, 2016, at 11:00 a.m.<br><br><u>Jury Trial</u>: September 26, 2016, at 8:30 a.m. in<br>Courtroom 9 (SAB); 5 Days |

  Plaintiff George Jacobs is appearing in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), the parties consented to the jurisdiction of the United States magistrate judge.

  This action is proceeding against Defendants Nelson, Watson, Chan, McGregor, Alexander, Carrasco, Blankenship, Jobb, Granillo, Johnson, and Salazar for excessive force in violation of the Eighth Amendment.[1]

  A telephonic status hearing was conducted on March 1, 2016, for purposes of trial scheduling. Christina Avedissian and Kenneth Lee appeared on behalf of Plaintiff George E. Jacobs, IV, and Diana Esquivel appeared on behalf of Defendants.

---

[1] The action is stayed as to Defendant Crotty due to the ongoing bankruptcy proceedings.

1

The matter is set for a telephonic trial confirmation hearing on **August 5, 2016, at 10:30 a.m.** The matter is set for a five day jury trial beginning on **September 26, 2016, at 8:30 a.m.**

In preparation of trial, the parties are required to file Pretrial Statements in accordance with the schedule set forth herein. In addition to the matters already required to be addressed in the pretrial statement in accordance with Local Rule 281, Plaintiff will be required to make a particularized showing in order to obtain the attendance of witnesses. The procedures and requirements for making such a showing are outlined in detail below.

**1.     Pretrial Statement (Local Rule 281)**

Pursuant to Local Rule 281, the parties shall file a Pretrial Statement. Plaintiff shall file his Pretrial Statement no later than **July 15, 2016**. Defendants shall file their Pretrial Statement no later than **July 22, 2016**. The Telephonic Trial Confirmation hearing will be held **August 5, 2016**, before the United States Magistrate Judge Stanley A. Boone in Courtroom Nine.

The form and content of the Pretrial Statement must comply with Local Rule 281. Pursuant to Local Rule 281(b), the Pretrial Statement shall including the following matters, under the following captions, and in the following order:

**(1)     Jurisdiction – Venue.** The factual and statutory basis of federal jurisdiction and venue and whether there is any dispute concerning jurisdiction or venue;

**(2)     Jury – Non-Jury.** Whether the party has demanded a jury trial of all or any of the issues or, if not, whether a demand for jury trial made by any other party is conceded or contested;

**(3)     Undisputed Facts.** A plain, concise statement of the facts that are undisputed;

**(4)     Disputed Factual Issues.** A plain, concise statement of each fact (and any related essential facts) that the party claims or concedes to be in dispute;

**(5)     Disputed Evidentiary Issues.** A plain, concise summary of any reasonably anticipated disputes concerning admissibility of live and deposition testimony, physical and demonstrative evidence and the use of special technology at trial, including computer animation, video discs, and other high technology, and a statement whether each such dispute should be resolved by motion in limine, briefed in the trial, brief, or addressed in some other manner;

**(6)** **Special Factual Information in Certain Actions.** In addition to the facts and issues described in (3) through (5), the following special information with respect to the following types of actions shall be specified within either the disputed or undisputed facts sections as appropriate:

*\*\*\**

**(iv)** **In tort actions for personal injury, wrongful death or property damage:**

(A) The date, place, and general nature of the incident; the particular acts, omissions, or conditions constituting the basis for liability; the particular acts, omissions or conditions constituting the basis of any defense; any statute, ordinance, or regulation violated by either party; the applicability of the doctrine of strict liability or res ipsa loquitur.

(B) Each plaintiff's age; injuries sustained; any prior injury or condition worsened; periods of hospitalization; medical expenses and estimated future medical expenses; the period of total and/or partial disability; annual, monthly, or weekly earnings before the incident; earnings loss to date and estimated diminution of future earnings power; property damage; general damages; punitive damages;

**(7)** **Relief Sought.** The elements of monetary damage, if any, and the specific nature of any other relief sought;

**(8)** **Points of Law.** A statement of the legal theory or theories of recovery or of defense and of any points of law (substantive or procedural) that are or may reasonably be expected to be in controversy, citing the pertinent statues, ordinances, regulations, cases, and other authorities relied upon. Extended legal argument is not required in the pretrial statement;

**(9)** **Abandoned Issues.** A statement of all issues raised by the pleadings that have been abandoned, including, for example, claims for relief and affirmative defenses;

**(10)** **Witnesses.** A list (names and addresses) of all prospective witnesses, whether offered in person or by deposition or interrogatory, designating those who are expert witnesses. Only witnesses so listed will be permitted to testify at the trial, except as may be otherwise provided in the pretrial order;

**(11) Exhibits – Schedules and Summaries.** A list of documents or other exhibits that the party expects to offer at trial. Only exhibits so listed will be permitted to be offered at trial except as may be otherwise provided in the pretrial order.

**(12) Discovery Documents.** A list of all portions of depositions, answers to interrogatories, and responses to requests for admission that the party expects to offer at trial;

**(13) Further Discovery or Motions.** Any requests for further discovery or pretrial motions. Whether discovery and/or law and motion has been terminated by a Court order, counsel shall set forth the grounds for relief from that order and why a motion to be relieved was not made before the date ordered in the status conference for termination. Motions for relief at pretrial are not favored and will ordinarily be denied unless the moving party makes a strong showing;

**(14) Stipulations.** Any stipulations requested or offered for pretrial or trial purposes;

**(15) Amendments – Dismissals.** Any requested amendments to pleadings, dismissals, additions or subtractions of parties, or dispositions as to defaulting parties;

**(16) Settlement Negotiations.** A statement whether settlement negotiations between parties and/or a court settlement conference under L.R. 270 would be helpful;

**(17) Agreed Statements.** A statement whether presentation of all or part of the action upon an Agreed Statement of Facts is feasible and advisable;

**(18) Separate Trial of Issues.** A statement whether separate trial of any of the issues is feasible and advisable;

**(19) Impartial Experts – Limitation of Experts.** A statement whether appointment by the Court of impartial expert witnesses or limitation of the number of experts witnesses is advisable;

**(20) Attorneys' Fees.** A statement whether attorney's fees are sought and the time and manner in which they are to be ascertained. See L.R. 293;

**(21) Trial Exhibits.** Any special handling of trial exhibits and a statement of advisability of court retention of exhibits pending appeal decision. See L.R. 138(e);

**(22) Trial Protective Order.** Whether a trial protective order will be sought pursuant to L.R. 141.1(b)(2); and

4

**(23)    Miscellaneous.**  Any other appropriate comments, suggestions, or information that might aid in the disposition of the action, including references to any matters set forth in Fed. R. Civ. P. 16(c).

**A party's failure to comply with any of these pretrial statement requirements may result in the Court's excluding witnesses, evidence and/or legal issues related to the case at trial.**

**2.    Plaintiff's Witness Procedures:**

The plaintiff must comply with certain procedures associated with introducing evidence and bringing witnesses to trial.  **A failure to comply with these requirements will result in exclusion of witnesses and/or trial evidence and will not be just cause for continuance of the trial date.**

Plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit.  In general, there are two kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses.  It is Plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony.  If Plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.  Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in his pretrial statement.  Notwithstanding the requirements set forth herein, a motion for the attendance of incarcerated witnesses will only be granted by the Court if the moving party has shown the witnesses have relevant information and the Court determines the witnesses' presence will substantially further the resolution of the case.  <u>Wiggins v. Cnty. Of Alameda</u>, 717 F.2d 466, 468 n.1 (9th Cir. 1983).  The decision to grant or deny the motion is within the discretion of the trial judge.

The following procedures are required to ensure the attendance of Plaintiff's witnesses at trial.  The witnesses may be incarcerated or unincarcerated and willing or unwilling to testify voluntarily.  <u>Plaintiff should carefully review the procedures set forth below for filing motions based on the different circumstances of each individual witness</u>.

///

///

///

**a.    Procedures for Obtaining Attendance of *Incarcerated Witnesses Who Agree* to Testify Voluntarily**

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless the Court orders the warden or other custodian to permit the witness to be transported to court. The Court will not issue such an order unless it is satisfied that the prospective witness has actual knowledge of relevant facts.

A party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial. The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts. The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

The willingness of the prospective witness can be shown in one of two ways: (1) the party himself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (e.g., if an incident occurred in Plaintiff's cell and, at the time, Plaintiff saw that a cellmate was present and observed the incident, Plaintiff may swear to the cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye or ear witness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what

occurred at the time it occurred.

The Court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the Court will issue the order necessary to cause the witness's custodian to bring the witness to court.

**Plaintiff shall file any motions for the attendance of incarcerated witnesses who are willing to testify, on or before June 6, 2016. Oppositions, if any, must be filed on or before June 20, 2016.**

      **b.**    **Procedures for Obtaining Attendance of *Incarcerated Witnesses Who Refuse* to Testify Voluntarily**

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party must submit a motion for the attendance of such witnesses. An incarcerated witness cannot come to come unless the Court orders the warden or other custodian to permit the witness to be transported to court. The Court will not issue an order unless it is satisfied that the prospective witness has actual knowledge of relevant facts. In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by a showing that each witness has actual knowledge of relevant facts. The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (e.g., if an incident occurred in Plaintiff's cell and, at the time, Plaintiff saw that a cellmate was present and observed the incident, Plaintiff may swear to the cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye or ear witness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what

occurred at the time it occurred.

The Court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the Court will issue the order necessary to cause the witness's custodian to bring the witness to court.

**Plaintiff shall file any motions for the attendance of incarcerated witnesses who are willing to testify, on or before June 6, 2016. Oppositions, if any, must be filed on or before June 20, 2016.**

    **c.**   **Procedures for Obtaining Attendance of *Unincarcerated Witnesses Who Agree* to Testify Voluntarily**

It is the responsibility of the party who has secured an unincarcerated witness's voluntary attendance to notify the witness of the time and date of trial. No action need be sought or obtained from the Court. However, the parties are advised that if a witness subsequently refuses to testify prior to trial, the Court will not continue the trial date to allow the party to compel the attendance of the witness at trial, absent a showing of extraordinary circumstances.

    **d.**   **Procedures for Obtaining Attendance of *Unincarcerated Witnesses Who Refuse* to Testify Voluntarily**

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness. Id. In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 <u>plus the witness's travel expenses</u>. 28 U.S.C. § 1821.

If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unincarcerated witness. The Court will calculate the travel expense for each unincarcerated witness and notify Plaintiff of the amount(s). Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00. <u>The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the Court</u>. Because no statute authorizes the use of

1  public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is
2  required even if the party was granted leave to proceed in forma pauperis.

3  **If Plaintiff wishes to have the United States Marshal serve any unincarcerated witnesses**
4  **who refuse to testify voluntarily, Plaintiff must submit the money orders to the Court no later**
5  **than June 6, 2016.  In order to ensure timely submission of the money orders, Plaintiff must**
6  **notify the Court of the names and locations of his witnesses, on or before May 23, 2016.**

7  **3.    Motions In Limine Hearing and Briefing Schedule**

8  Any party may file a motion in limine, which is a procedural mechanism to limit in advance
9  testimony or evidence in a particular area.  United States v. Heller, 551 F.3d 1108, 1111 (9th Cir.
10 2009).  In the case of a jury trial, the Court's ruling gives Plaintiff and Defendants' counsel advance
11 notice of the scope of certain evidence so that admissibility is settled before attempted use of the
12 evidence before the jury.  Id. at 1111-1112.  Although the Federal Rules do not explicitly provide for
13 the filing of motions in limine, the Court has the inherent power to hear and decide such motions as a
14 function of its duty to expeditiously manage trials by eliminating evidence that is clearly inadmissible
15 for any purpose.  Luce v. United States, 469 U.S. 38, 41 n.4 (1984).

16 This Court further orders the parties to file motions in limine only with respect to important,
17 critical issues.  Motions in limine on abstract evidentiary issues or issues more appropriately addressed
18 by the Court on a case-by-case basis (such as a motion in limine to exclude all irrelevant evidence)
19 will be looked upon with disfavor.  After satisfying the forgoing, if a motion in limine still seeks to
20 address the admissibility of a particular trial exhibit, the exhibit in question must be referenced by the
21 trial exhibit number so that the court can review the actual exhibit for admissibility.  If the exhibit
22 sought to be admitted would not be in the court's possession one week prior to the motion in limine
23 hearing, then the exhibit in question must be included in the motion.   Failure to properly reference or
24 attach an exhibit in the motion will result in the request being denied.

25 The parties shall not file separate motions in limine for every issue presented to the Court.
26 Rather, each party may file one consolidated motion in limine which is subdivided into separate
27 sections for each issue setting for the legal authority and analysis.  The responding party shall file one
28 opposition in response addressing each motion in limine issue in a separate section.

The deadline for service and filing of motions in limine is **July 29, 2016.** The deadline for service and filing of an opposition, if any, is due **August 12, 2016.** A telephonic motions in limine hearing will be held on **August 19, 2016, at 11:00 a.m.**, in Courtroom Nine, before the undersigned. Counsel are directed to arrange for participation in the telephonic conference and to contact the Courtroom Deputy, Mamie Hernandez, at (559) 499-5672, prior to the hearing date, to receive instructions regarding the conference call.

**4.      Pre-Marked and Exchange of Exhibits**

As noted below, no later than **August 5, 2016**, the parties shall exchange their final exhibit list and pre-marked exhibits, to be addressed at the **August 19, 2016**, motion in limine hearing.

All exhibits must be pre-marked with an exhibit sticker or other legible numbering/lettering. This requirement that exhibits be pre-marked applies both to evidence that will be formally admitted into evidence as well as any other exhibits that will be presented in any manner during trial, such as "demonstrative" evidence. Each individual "original" exhibit that will be submitted to the jury must be stapled/fastened so that the exhibit does not become separated. Further, exhibits submitted to the jury must be pre-marked on the front page only in the manner described above. Impeachment or rebuttal evidence need not be pre-marked. However, evidence of bias, extrinsically introduced, must be pre-marked.

    a.     **Joint Exhibits**: Joint exhibits are those exhibits which all parties agree may be admitted into evidence without the need for laying a proper foundation under the Federal Rules of Evidence. Joint exhibits must be pre-marked with the designation "J-[Number]" (e.g., J-1, J-2). Those exhibits may be introduced at any time during the course of the trial. However, joint exhibits are not "automatically" admitted into evidence: at least one of the parties must admit a joint exhibit into evidence. If an exhibit is not admitted by any party, the exhibit will not be given to the jury despite its "joint" designation as an exhibit.

    b.     **Plaintiff's Exhibits**: Plaintiff's exhibits must be pre-marked using **numbers** beginning with 1 (e.g., 1, 2, etc.).

    c.     **Defendant's Exhibits**: Defendant's exhibits must be pre-marked using **letters**

beginning with A (e.g., A, B, C...AA, BB, CC...AAA, BBB, CCC, etc.).

No later than **August 5, 2016**, the parties shall exchange their proposed exhibits to allow for the parties to file objections to be addressed at the motion in limine hearing on **August 19, 2016.** Further instructions on the submission and use of exhibits during trial will be provided in the pretrial order in this matter.

Defendants are required to submit trial exhibits for both parties in binders. Counsel shall submit **three (3) complete, legible and identical sets of exhibits in binders** on or about **September 19, 2016**. Within the binders, the pre-marked exhibits must be separately tabbed and assembled in sequential order. All of Plaintiff's exhibits shall be marked sequentially beginning with 1 (e.g., 1, 2, etc.). All of Defendants' exhibits shall be marked sequentially beginning with A (e.g., A, B, C…AA, BB, CC…AAA, BBB, CCC, etc.). The binders shall be delivered to Courtroom Deputy Clerk Mamie Hernandez prior to trial at a date set forth in the pretrial order.

## CONCLUSION AND ORDER

IT IS HEREBY ORDERED that:

1. This matter is set for telephonic pretrial confirmation hearing before the Honorable Stanley A. Boone on **August 5, 2016, at 10:30 a.m.** in Courtroom Nine;

2. Motions in limine are due on or before **July 29, 2016.** Oppositions to the motions in limine are due on or before **August 12, 2016**. This matter is set for motion in limine hearing before the Honorable Stanley A. Boone on **August 19, 2016**, **at 11:00 a.m.**, in Courtroom Nine;

3. This matter is set for jury trial before the Honorable Stanley A. Boone on **September 26, 2016, at 8:30 a.m.** in Courtroom Nine;

4. Both counsel are required to arrange for participation in the telephonic trial confirmation hearing and motion in limine hearing and to contact Courtroom Deputy, Mamie Hernandez, at (559) 499-5672, prior to the hearing date, to receive instructions regarding the conference call;

5. Plaintiff shall serve and file a pretrial statement as described in this order on or before **July 15, 2016**;

6. Defendants shall serve and file a pretrial statement as described in this order on or

before **July 22, 2016;**

      7.    In addition to electronically filing their pretrial statement, the parties shall e-mail their pretrial statement to: **saborders@caed.uscourts.gov**;

      8.    If Plaintiff intends to call incarcerated witnesses at time of trial, Plaintiff shall serve and file a motion for attendance of incarcerated witnesses as described in this order on or before **June 6, 2016**;

      9.    The opposition to the motion for the attendance of incarcerated witnesses, if any, shall be filed on or before **June 20, 2016**; and

      10.    If Plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must notify the Court of their names and locations on or before **May 23, 2016**, and Plaintiff must submit the money orders, as described in subsection 4 of this order, to the Court on or before **June 6, 2016.**

IT IS SO ORDERED.

Dated:   **March 2, 2016**

                                              UNITED STATES MAGISTRATE JUDGE