# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS IV, | ) Case No.: 1:05-cv-01625-SAB (PC) |
| Plaintiff, | ) |
| v. | ) ORDER GRANTING THE PARTIES' JOINT MOTION TO VACATE THE JURY VERDICT IN ACCORDANCE WITH THE GLOBAL SETTLEMENT AGREEMENT, AND GRANTING STIPULATION TO EXTEND THE TIME TO SUBMIT DISPOSITIONAL DOCUMENTS |
| ALEXANDER, et al., | ) |
| Defendants. | ) |
| | ) [ECF Nos. 273, 274] |

Currently before the Court is the parties' joint request for the Court to vacate the October 3, 2016, jury verdict under Federal Rule of Civil Procedure 60(b), filed April 7, 2017.

## I.

## RELEVANT BACKGROUND

This action proceeded on Plaintiff's claim that Defendants used excessive amounts of pepper spray and physical force to extract him from his cell on January 25, 2015, at the California Correctional Institution (CCI). Plaintiff contended that after the extraction, he was improperly decontaminated, that he was pepper sprayed without justification, and that he was denied medical care for his injuries and from the effects of the pepper spray.

A jury trial commenced on September 27, 2016, on Plaintiff's Eighth Amendment claims for excessive force, failure to intervene, and medical deliberate indifference. On October 3, 2016, the jury found the following: (1) in favor of Defendants Alexander, Blankenship, Granillo, McGregor, and Nelson; (2) Defendant Watson liable for excessive force, failure to intervene, and deliberate indifference in the amount of $10,000; (3) Defendants Chan, Carrasco, and Johnson liable for failing to intervene in the amount of $1,000 and $2,000, respectively; and (4) Defendant Adams liable for

1

deliberate indifference in the amount of $1,000. The jury also awarded Plaintiff $25,000 in punitive damages against Defendant Watson. The total amount of damages awarded was $41,000.

Defendants moved under Federal Rule of Civil Procedure 50 to set aside the failure to intervene claims against Defendant Watson, the deliberate indifference claim against Defendant Adams, and the failure to intervene claim against Defendant Chan.

The parties' joint motion is presented under Federal Rule of Civil Procedure 60(b), on the grounds that the proposed settlement avoids the hardship of costly post-trial motions and an appeal, litigation costs and attorney's fees in four other lawsuits that were resolved as part of a global agreement, and satisfies other equities and the interests of justice. The Court deferred ruling on the motions and set a briefing schedule for the filing of post-trial motions.

On November 17, 2016, the Court approved the parties' stipulation to vacate and continue the post-trial motion schedule to engage in a settlement conference.

On March 28, 2017, a settlement conference was held with Magistrate Judge Kendall J. Newman. The parties submit that they reached a global settlement that included this action and four other of Plaintiff's pending cases: Jacobs v. Scriber, No. 1:06-cv-01280 AWI-EPG (E.D. Cal.); Jacobs v. Quinones, 9th Circuit No. 16-16145 (E.D. Cal. No. 1:10-cv-02349 AWI-JLT); Jacobs v. CSR Reps, No. 16-cv-00791 DAD-MJS (E.D. Cal.); Jacobs v. Hernandez, No. 1:16-cv-000595 AWI-GSA (E.D. Cal.). The parties agreed to a global settlement sum of $85,000, contingent on this Court vacating the October 3, 2016, verdict.

## II.
## DISCUSSION

Federal Rule of Civil Procedure 60(b) provides that a "court may relieve a party or its legal representative form a final judgment, order, or proceeding" where "the judgment has been satisfied, released or discharged," where "applying it prospectively is no longer equitable," or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5)-(6). Rule 60 "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." Klapprott v. United States, 335 U.S. 601, 615 (1949). In U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18, 29 (1994), the Supreme Court held that appellate court vacatur of district

2

court judgments should only be granted in exceptional circumstances when mootness results from a negotiated settlement, and such circumstance, does not in itself, warrant vacatur. However, the Ninth Circuit has distinguished Bonner Mall in situations where, as here, the district court is asked to vacate its own judgment because such court is enjoys "greater equitable discretion when reviewing [its] own judgments than do appellate courts operating at a distance." Am. Games, Inc. v. Trade Products, Inc., 142 F.3d 1164, 1170 (9th Cir. 1998).

The Ninth Circuit applies a case-by-case balancing determination to assess whether vacatur is appropriate. See Nat'l Union Fire Ins. Co. v. Seafirst Corp., 891 F.2d 762, 765, 767 (9th Cir. 1989). To determine whether to vacate a judgment, the Court must balance "the competing values of finality of judgment and right to relitigation of unreviewed disputes" and consider "the consequences and attendance hardships of dismissal or refusal to dismiss." Bates v. Union Oil Co. of Calif., 944 F.2d 647, 650 (9th Cir. 1991) (internal citation omitted); Am. Games, Inc. v. Trade Prods., Inc., 142 F.3d at 1168 (internal citations omitted); see also Ringsby Truck Lines, Inc. v. Western Conference of Teamsters, 686 F.2d 720, 722 (9th Cir. 1982)). The Court should also consider and weigh a settlement negotiated between the parties when balancing the equities. Nat'l Union Fire Ins. Co. v. Seafirst Corp., 891 F.2d at 768; see also In re: TFT-LCD (Flat Panel) Antitrust Litig., No. M 07-1827 SI, 2012 WL 12369590, at *4 (N.D. Cal. October 15, 2012) (finding judicial economy supported preliminary approval of a settlement agreement calling for vacatur of a jury verdict because "the Settlement obviates the need for ruling on an outstanding motion seeking to set aside the verdict, any appeal and potential remand, and any new trial that this Court or an appellate court potentially could require," and stating that "the judicial resources that resulted in the jury verdict were not wasted, as the verdict surely had a significant effect on the Settlement's outcome") (quoting In re Vitamins Antitrust Litig., Docket No. 4572, Case No. 1:99-cv-0197-TFH, slip op. at 5-9 (D.D.C. Nov. 30, 2004). Thus, if vacatur does not undermine judicial precedent or unduly impinge on judicial resources, vacatur may be appropriate. In re: TFT-LCD (Flat Panel) Antitrust Litig., 2012 WL 12369590, at *4; Mayes v. City of Hammond, Ind., 631 F.Supp.2d 1082, 1089 (N.D. Ind. 2008) (noting the different effects and consequences of vacating judicial opinion or orders containing substantive rulings versus a jury verdict that makes a decision on the merits without explanation of its reasoning).

At first glance, it appears unjust to vacate a jury verdict that was fully rendered, not based on any error, but rather on the parties' subsequent settlement, as the interests of the public are implicated. Indeed, the Supreme Court has noted that judicial decisions "are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." U.S. Bancorp Mortgage v. Bonner Mall Partner, 513 U.S. at 26 (quoting Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Phillips Corp., 510 U.S. 27, 40 (1993)). In most situations, the sanctity of the jury trial would be compromised if parties are allowed to weigh the cost benefits by proceeding to trial only to receive an unfavorable decision that can be vacated by a way of subsequent settlement. See, e.g., U.S. Bancorp Mortgage v. Bonner Mall Partner, 513 U.S. at 28 (Some litigants, at least, may think it worthwhile to roll the dice rather than settle in the district court, or in the court of appeals, if, but only if, an unfavorable outcome can be washed away by a settlement-related vacatur.") The Court must protect the sanctity of jury verdicts and should not allow parties to subsequently "hedge their bets" by taking a risk at trial, only to "pay away" the verdict if that risk does not pay off for one party.[1] It is with this vigilance that the Court approaches any request to vacate a jury verdict when there is no plausible allegation of trial error or infirmary.

Nonetheless, after consideration of the record in this case, the Court finds the equitable considerations weigh in favor of accepting the parties' settlement and vacatur is appropriate in this action and is unique only to the specific facts of this case. By way of settlement and the joint filing of a motion to vacate the jury verdict, the parties have waived their ability to have the judgment reviewed on appeal, as well as filing post-trial motions and potential appeal of those orders; thus, elevating the need for further litigation and continuance of this action. All parties involved played a role in arriving at a settlement award that is double of that awarded by the jury. Both sides submit that they have limited resources and seek to avoid the substantial hardships imposed by costly and uncertain post-trial

---

[1] Our jury system is one of the quintessential pillars of our American democracy. It is a process whereby peers within in our community—not government officials—hold discussion and render a verdict about a party's legal rights and possible remedies. Once the parties exercise that right to a trial by jury, and the community renders a verdict, that verdict should be maintained, absent a legal basis for disturbing that decision. That is the risk one takes in going to trial- that a jury may not rule in one's favor.

motions and an appeal.  However, if this were merely the record, the equities would not justify vacatur of the jury verdict.  What makes the equities sway to granting the requested relief is the considerations present in this case: the settlement of four other federal cases and the resources freed both to the parties and the Court in settling those cases.   Therefore, of significant importance to the Court is that the parties' settlement terms call for the resolution of three other cases pending in this Court and an appeal in the Ninth Circuit Court of Appeals.  The parties submit that without vacatur, <u>Jacobs v. Scribner</u>, No. 1:06-cv-01280 AWI-EPG (E.D. Cal.), will proceed to trial, where Defendants' attorneys and Plaintiff's appointed pro bono counsel will expend substantial resources and costs.  Although <u>Jacobs v. CSR Reps</u>, No. 16-cv-00791 DAD-MJS (E.D. Cal.) and <u>Jacobs v. Hernandez</u>, No. 1:16-cv-000595 AWI-GSA (E.D. Cal.), are still in the screening process under 28 U.S.C. § 1915A, the district court will expend additional time and resources screening the complaint, and all parties will be affected if the cases survive the screening process.  Further, without vacatur, the parties in <u>Jacobs v. Quinones</u>, 9th Circuit No. 16-16145 (E.D. Cal. No. 1:10-cv-02349 AWI-JLT), the parties will expend substantial time on appellate briefs, and if Plaintiff's appeal is successful, the matter will be remanded to this Court, resulting in further expenditure of scarce resources to litigate this case that will likely go to trial.

Based on the foregoing, the Court finds that the equities, along with the joint agreement of the parties, weigh in favor of vacating the verdict to facilitate implementation of the parties' global settlement.  Accordingly, it is HEREBY ORDERED that the jury verdict rendered on October 3, 2016, is vacated.  The parties' stipulation for a thirty day extension of time to file the dispositional documents is GRANTED, and the dispositional documents in all relevant cases shall be filed within thirty days from the date of service of this order.

IT IS SO ORDERED.

Dated:   **May 12, 2017**

UNITED STATES MAGISTRATE JUDGE